# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

D-1 CONOR FREEMAN
D-2 RICKY HANDSCHUMACHER
D-3 COLTON JURISIC
D-4 REYAD GAFAR ABBAS
D-5 GARRETT ENDICOTT
D-6 RYAN STEVENSON

Defendants.
_______________________________________/

Case:2:19-cr-20246
Judge: Hood, Denise Page
MJ: Patti, Anthony P.
Filed: 04-18-2019 At 04:44 PM
SEALED MATTER (dat)

Vio: 18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

# INDICTMENT

## THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. "The Community" was a loosely organized group of individuals dedicated to online identity theft. A subset of The Community focused on the theft of cryptocurrencies such as Bitcoin, LiteCoin, and Ethereum.

2. Members of The Community planned and organized their activities on various online forums and over diverse channels of communication. Broader discussions—such as discussing the manner and means of attacks generally, and networking among The Community's members—typically took place on forums such as "OGUsers" and "Hackforums." Planning and execution of specific attacks, as well as victim selection and recruiting, usually took place via platforms such as Discord, Skype, Signal, Wickr, and Telegram.

3. The Community engaged in "SIM Hijacking," or "SIM Swapping." This tactic enabled The Community to gain control of a victim's mobile phone number by linking that number to a subscriber identity module ("SIM") card controlled by The Community—resulting in the victim's phone calls and short message service ("SMS") messages being routed to a device controlled by a member of The Community.

4. Once The Community had control of a victim's phone number, it was leveraged as a gateway to gain control of online accounts such as the victim's email, cloud storage, and cryptocurrency exchange accounts. Sometimes this was achieved by requesting a password-reset link be sent via SMS to the device controlled by The Community. Sometimes passwords were compromised by other means, and The Community's device was used to receive two-factor authentication ("2FA") messages sent via SMS intended for the victim.

5. Specific members of The Community endeavored to gain control of a victim's cryptocurrency wallet or online cryptocurrency exchange account and steal the victim's funds. Stolen funds from a successful attack were divided among members of The Community that participated in that attack.

6. During these attacks, one or more members of The Community would appropriate the online identity of the victim, using means of identification including the victim's name, email, and mobile phone number.

7. SIM Hijacking was often facilitated by bribing an employee of a mobile phone provider.

8. Other times, SIM Hijacking was facilitated by "social engineering": a member of The Community would contact a mobile phone provider's customer service—posing as the victim—and request that the victim's phone number be swapped to a SIM card (and thus a mobile device) controlled by The Community.

9. CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), COLTON JURISIC (D-3), REYAD GAFAR ABBAS (D-4), GARRETT ENDICOTT (D-5), and RYAN STEVENSON (D-6) were members of The Community specializing in the theft of cryptocurrency.

## THE SCHEME TO DEFRAUD AND ITS PURPOSE

10. Beginning in approximately December of 2017 and continuing through approximately May of 2018, CONOR FREEMAN (D-1), RICKY

HANDSCHUMACHER (D-2), COLTON JURISIC (D-3), REYAD GAFAR ABBAS (D-4), and GARRETT ENDICOTT (D-5), and RYAN STEVENSON (D-6) defendants herein, in the Eastern District of Michigan and elsewhere did—with the intent to defraud—knowingly participate in a scheme to defraud. The goal of this scheme was to obtain cryptocurrency by means of materially false and fraudulent pretenses and representations.

**COUNT ONE**

**(18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)**

D-1 CONOR FREEMAN
D-2 RICKY HANDSCHUMACHER
D-3 COLTON JURISIC
D-4 REYAD GAFAR ABBAS
D-5 GARRETT ENDICOTT
D-6 RYAN STEVENSON

11. The allegations of paragraphs 1 through 10 are incorporated herein.

12. Beginning in approximately December of 2017 and continuing through approximately May of 2018, in the Eastern District of Michigan and elsewhere, defendants, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), COLTON JURISIC (D-3), REYAD GAFAR ABBAS (D-4), GARRETT ENDICOTT (D-5), and RYAN STEVENSON (D-6)—along with others known and unknown to the grand jury—did knowingly, intentionally, and willfully combine, conspire, confederate and agree to commit wire fraud. They

knowingly, willfully, and with the intent to defraud—having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made—transmitted and caused to be transmitted (by means of wire communication) writings, signals, pictures, and sounds in interstate and foreign commerce for the purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

**OBJECT OF THE CONSPIRACY**

13. The object of the conspiracy was the same as the purpose of the scheme to defraud set forth in paragraph 10 of this Indictment, which is incorporated by reference.

**MANNER AND MEANS OF THE CONSPIRACY**

14. In furtherance of the conspiracy, and to accomplish its object, the methods, manner, and means that were used are described in paragraphs 1-9 of this Indictment and are incorporated by reference.

All in violation of Title 18, United States Code, Sections 1349

**COUNT TWO**

**(18 U.S.C. §§ 1343 and 2 – Wire Fraud, Aiding and Abetting)**

D-4 REYAD GAFAR ABBAS

15. The allegations of paragraphs 1 through 14 are incorporated herein.

16. On or about February 15, 2018, members of The Community collaborated to activate a SIM card and fraudulently link it to the mobile phone number of GP, permitting them to pose as GP.

17. GP's mobile provider was deceived by social engineering into transferring his mobile phone number to a device controlled by The Community.

18. Using GP's mobile phone number as a starting point, one or more members of The Community proceeded to use GP's identity to seize control of multiple online accounts—including an email address, a DropBox account, a cryptocurrency exchange account, and a cryptocurrency wallet.

19. One or more members of The Community transferred cryptocurrency owned by GP, valued at approximately $114,705, to one or more cryptocurrency wallets controlled by The Community.

20. On or about February 15, 2018, REYAD GAFAR ABBAS (D-4) participated in in an online chat furthering the scheme to defraud GP that was transmitted in interstate commerce—including to and from the Eastern District of Michigan.

21. REYAD GAFAR ABBAS (D-4) accessed GP's cryptocurrency exchange account and transferred funds stolen from GP.

22. On or about February 15, 2018, in the Eastern District of Michigan and elsewhere, REYAD GAFAR ABBAS (D-4) and other members of The

Community did—with the intent to defraud—knowingly participate in a scheme to defraud GP by means of false or fraudulent pretenses, representations, or promises.

23. On or about February 15, 2018, in the Eastern District of Michigan and elsewhere, REYAD GAFAR ABBAS (D-4) and other members of The Community used transmission of writings, signs, signals, and sounds sent in interstate commerce in furtherance of the scheme to defraud GP.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

**(18 U.S.C. §§ 1028A(a)(1) and 2 – Aggravated Identity Theft, Aiding and Abetting)**

D-4 REYAD GAFAR ABBAS

24. The allegations of paragraphs 1 through 23 are incorporated herein.

25. On or about February 15, 2018, in the Eastern District of Michigan and elsewhere, REYAD GAFAR ABBAS (D-4) and other members of The Community knowingly used identifiers of GP for the purpose of executing the above described scheme to fraudulently obtain cryptocurrency during and in relation to violation of 18 U.S.C. Sections 1343 and 2.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT FOUR**

**(18 U.S.C. §§ 1343 and 2 – Wire Fraud, Aiding and Abetting)**

D-5 GARRETT ENDICOTT

26. The allegations of paragraphs 1 through 14 are incorporated herein.

27. On or about March 6, 2018, members of The Community collaborated to activate a SIM card and fraudulently link it to the mobile phone number of TH, permitting them to pose as TH.

28. Using TH's mobile phone number as a starting point, one or more members of The Community proceeded to use TH's identity to seize control of multiple online accounts—including an email account, a Twitter account, cryptocurrency exchange accounts, and a cryptocurrency wallet.

29. One or more members of The Community transferred cryptocurrency owned by TH, valued at approximately $4,929.37, to one or more cryptocurrency wallets controlled by The Community.

30. On or about March 6, 2018, GARRETT ENDICOTT (D-5) participated in an online chat and voice call furthering the scheme to defraud TH that was transmitted in interstate commerce—including to and from the Eastern District of Michigan.

31. GARRETT ENDICOTT (D-5)'s role in The Community was to research victims and to provide personally identifiable information (PII) associated with victims to facilitate the theft of their identities.

32. On or about March 6, 2018, in the Eastern District of Michigan and elsewhere, GARRETT ENDICOTT (D-5) and other members of The Community did—with the intent to defraud—knowingly participate in a scheme to defraud TH by means of false or fraudulent pretenses, representations, or promises.

33. On or about March 6, 2018, in the Eastern District of Michigan and elsewhere, GARRETT ENDICOTT (D-5) and other members of The Community used transmission of writings, signs, signals, and sounds sent in interstate commerce in furtherance of the scheme to defraud TH.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

**(18 U.S.C. §§ 1028A(a)(1) and 2 – Aggravated Identity Theft, Aiding and Abetting)**

D-5 GARRETT ENDICOTT

34. The allegations of paragraphs 1 through 14 and 26 through 33 are incorporated herein.

35. On or about March 6, 2018, in the Eastern District of Michigan and elsewhere, GARRETT ENDICOTT (D-4) and other members of The Community,

knowingly used identifiers of TH for the purpose of executing the above described scheme to fraudulently obtain cryptocurrency during and in relation to violation of 18 U.S.C. Sections 1343 and 2.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT SIX**

**(18 U.S.C. §§ 1343 and 2 – Wire Fraud, Aiding and Abetting)**

D-1 CONOR FREEMAN
D-2 RICKY HANDSCHUMACHER
D-3 COLTON JURISIC

36. The allegations of paragraphs 1 through 14 are incorporated herein.

37. On or about May 7, 2018, members of The Community collaborated to activate a SIM card and fraudulently link it to the mobile phone number of JP, permitting them to pose as JP.

38. An employee of a mobile phone provider was bribed by JD, a member of The Community, to transfer the mobile phone number of JP to a SIM card controlled by The Community.

39. In or about May of 2018, JD paid the bribe via LocalBitcoins.com and PayPal, using wire transmissions sent in interstate commerce originating within the Eastern District of Michigan.

40. Using JP's mobile phone number as a starting point, one or more members of the The Community proceeded to use JP's identity to seize control of multiple

online accounts—including an email account, a Twitter account, a cryptocurrency exchange account, and a cryptocurrency wallet.

41. One or more members of The Community transferred cryptocurrency owned by JP, valued at approximately $1,669.56, to one or more cryptocurrency wallets controlled by The Community.

42. On or about May 7, 2018, CONOR FREEMAN (D-1) participated in online chats furthering the scheme to defraud JP that were transmitted in international commerce.

43. CONOR FREEMAN (D-1) provided one or more members of The Community PII of JP that was used to facilitate the attack.

44. On or about May 7, 2018, RICKY HANDSCHUMACHER (D-2) participated in an online chat furthering the scheme to defraud JP that was transmitted in international commerce.

45. RICKY HANDSCHMACHER (D-2) coordinated with JD to further the scheme by prompting JD to bribe an employee of a mobile phone provider to swap the phone number of JP to a device controlled by the Community.

46. The coordination between HANDSHUMACHER and JD was done via an encrypted messaging application that transmitted signals in interstate commerce—including to and from the Eastern District of Michigan—on or about May 7, 2018.

Case 4:19-cv-06669-JST Document 1-1 Filed 10/17/19 Page 13 of 28

47. On or about May 5, 2018, COLTON JURISIC (D-3) participated in an online chat furthering the scheme to defraud JP that was transmitted in international commerce.

48. COLTON JURISIC (D-3) provided one or more members of The Community with PII of JP that was used to facilitate the attack.

49. In or about May of 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), COLTON JURISIC (D-3), and other members of The Community did—with the intent to defraud—knowingly participate in a scheme to defraud JP by means of false or fraudulent pretenses, representations, or promises.

50. In or about May of 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), COLTON JURISIC (D-3), and other members of The Community did use or cause the use of transmission of writings, signs, signals, and sounds sent in international and interstate commerce in furtherance of the scheme to defraud JP.

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT SEVEN**

**(18 U.S.C. §§ 1028A(a)(1) and 2 – Aggravated Identity Theft, Aiding and Abetting)**

D-1 CONOR FREEMAN
D-2 RICKY HANDSCHUMACHER
D-3 COLTON JURISIC

51. The allegations of paragraphs 1 through 14 and 36 through 50 are incorporated herein.

52. In or about May of 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), COLTON JURISIC (D-3), and other members of The Community knowingly used identifiers of JP for the purpose of executing the above described scheme to fraudulently obtain cryptocurrency during and in relation to violation of 18 U.S.C. Sections 1343 and 2.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT EIGHT**

**(18 U.S.C. §§ 1343 and 2 – Wire Fraud, Aiding and Abetting)**

D-4 REYAD GAFAR ABBAS

53. The allegations of paragraphs 1 through 14 are incorporated herein.

54. On or about May 9, 2018, members of The Community collaborated to activate a SIM card and fraudulently link it to the mobile phone number of AL, permitting them to pose as AL.

55. An employee of a mobile phone provider was bribed by JD, a member of The Community, to transfer the mobile phone number of AL to a SIM card controlled by The Community.

56. In or about May of 2018, JD paid the bribe via LocalBitcoins.com and PayPal, using wire transmissions sent in interstate commerce originating within the Eastern District of Michigan.

57. Using AL's mobile phone number as a starting point, one or more members of The Community proceeded to use AL's identity to seize control of multiple online accounts—including an email account, a Skype account, and a cryptocurrency exchange account.

58. One or more members of The Community transferred cryptocurrency owned by AL, valued at approximately $55,493.76, to one or more cryptocurrency wallets controlled by The Community.

59. On or about dates between May 9, 2018 and May 13, 2018, REYAD GAFAR ABBAS (D-4) participated in online chats furthering the scheme to defraud AL that were transmitted in interstate commerce—including to and from the Eastern District of Michigan.

60. REYAD GAFAR ABBAS (D-4) accessed AL's email account to facilitate the attack and transferred funds stolen from AL.

61. In or about May of 2018, in the Eastern District of Michigan and elsewhere, REYAD GAFAR ABBAS (D-4) and other members of The Community did—with the intent to defraud—knowingly participate in a scheme to defraud AL by means of false or fraudulent pretenses, representations, or promises.

62. In or about May of 2018, in the Eastern District of Michigan and elsewhere, REYAD GAFAR ABBAS (D-4) and other members of The Community used or caused the use of transmission of writings, signs, signals, and sounds sent in interstate commerce in furtherance of the scheme to defraud AL.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT NINE

**(18 U.S.C. §§ 1028A(a)(1) and 2 – Aggravated Identity Theft, Aiding and Abetting)**

D-4 REYAD GAFAR ABBAS

63. The allegations of paragraphs 1 through 14 and 53 through 62 are incorporated herein.

64. In or about May of 2018, in the Eastern District of Michigan and elsewhere, REYAD GAFAR ABBAS (D-4) and other members of The Community knowingly used identifiers of AL for the purpose of executing the above

described scheme to fraudulently obtain cryptocurrency during and in relation to violation of 18 U.S.C. Section 1343 and 2.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT TEN**

**(18 U.S.C. §§ 1343 and 2 – Wire Fraud, Aiding and Abetting)**

D-1 CONOR FREEMAN
D-2 RICKY HANDSCHUMACHER
D-3 COLTON JURISIC

65. The allegations of paragraphs 1 through 14 are incorporated herein.

66. On or about May 15, 2018, members of The Community collaborated to activate a SIM card and fraudulently link it to the mobile phone number of DM, permitting them to pose as DM.

67. An employee of a mobile phone provider was bribed by JD, a member of The Community, to provide PII of DM that enabled a member of The Community to impersonate DM and convince a customer service representative to transfer the mobile phone number of DM to a SIM card controlled by The Community.

68. In or about May of 2018, JD paid the bribe via LocalBitcoins.com and PayPal, using wire transmissions sent in interstate commerce originating within the Eastern District of Michigan.

69. Using DM's mobile phone number as a starting point, members of The Community proceeded to use DM's identity to seize control of multiple online

accounts—including an email account, cloud storage accounts, and a cryptocurrency wallet.

70. One or more members of The Community transferred cryptocurrency owned by DM, valued at approximately $100,000, to cryptocurrency wallets controlled by members of The Community, including CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2) and COLTON JURISIC (D-3).

71. On or about May 15, 2018, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), and COLTON JURISIC (D-3) participated in an online chat furthering the scheme to defraud DM that was transmitted in international and interstate commerce—including to and from the Eastern District of Michigan.

72. CONOR FREEMAN (D-1) provided one or more members of The Community with PII of DM that was used to facilitate the attack.

73. CONOR FREEMAN (D-1) transferred funds stolen from DM.

74. COLTON JURISIC (D-3), provided one or more members of The Community with PII of DM that was used to facilitate the attack.

75. On or about May 15, 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), COLTON JURISIC (D-3), and other members of The Community did—with the intent to

Case 4:19-cv-06669-JST Document 1-1 Filed 10/17/19 Page 19 of 28

defraud—knowingly participate in a scheme to defraud DM by means of false or fraudulent pretenses, representations, or promises.

76. On or about May 15, 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), COLTON JURISIC (D-3) and other members of The Community did use or cause the use of transmission of writings, signs, signals, and sounds sent in international and interstate commerce in furtherance of the scheme to defraud DM.

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT ELEVEN**

**(18 U.S.C. §§ 1028A(a)(1) and 2 – Aggravated Identity Theft, Aiding and Abetting)**

D-1 CONOR FREEMAN
D-2 RICKY HANDSCHUMACHER
D-3 COLTON JURISIC

77. The allegations of paragraphs 1 through 14 and 65 through 76 are incorporated herein.

78. On or about May 15, 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), COLTON JURISIC (D-3), and other members of The Community knowingly used identifiers of DM for the purpose of executing the above described scheme to

fraudulently obtain cryptocurrency during and in relation to violation of 18 U.S.C. Section 1343 and 2.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT TWELVE**

**(18 U.S.C. §§ 1343 and 2 – Wire Fraud, Aiding and Abetting)**

D-1 CONOR FREEMAN
D-2 RICKY HANDSCHUMACHER

79. The allegations of paragraphs 1 through 14 are incorporated herein.

80. On or about May 16, 2018, members of The Community collaborated to activate a SIM card and fraudulently link it to the mobile phone number of SS, permitting them to pose as SS.

81. An employee of a mobile phone provider was bribed by JD, a member of The Community, to facilitate the transfer of the mobile phone number of SS to a SIM card controlled by The Community.

82. In or about May of 2018, JD paid the bribe via LocalBitcoins.com and PayPal, using wire transmissions sent in interstate commerce originating within the Eastern District of Michigan.

83. Using SS's mobile phone number as a starting point, members of The Community proceeded to use SS's identity to seize control of multiple online

accounts—including an email account, an Evernote account, cryptocurrency exchange accounts, and cryptocurrency wallets.

84. One or more members of The Community transferred cryptocurrency controlled and possessed by SS, valued at approximately $1,921,335.80, to one or more cryptocurrency wallets controlled by The Community.

85. On or about May 16, 2018, CONOR FREEMAN (D-1) and RICKY HANDSCHUMACHER (D-2) participated in an online chat furthering the scheme to defraud SS that was transmitted in international and interstate commerce—including to and from the Eastern District of Michigan.

86. CONOR FREEMAN (D-1) transferred funds that were stolen from SS.

87. On or about May 16, 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), and other members of The Community did—with the intent to defraud—knowingly participate in a scheme to defraud SS by means of false or fraudulent pretenses, representations, or promises.

88. On or about May 16, 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), and other members of The Community did use or cause the use of transmission of writings, signs, signals, and sounds sent in international and interstate commerce in furtherance of the scheme to defraud SS.

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT THIRTEEN**

**(18 U.S.C. §§ 1028A(a)(1) and 2 – Aggravated Identity Theft, Aiding and Abetting)**

D-1 CONOR FREEMAN
D-2 RICKY HANDSCHUMACHER

89. The allegations of paragraphs 1 through 14 and 79 through 88 are incorporated herein.

90. On or about May 16, 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), RICKY HANDSCHUMACHER (D-2), and other members of The Community knowingly used identifiers of SS for the purpose of executing the above described scheme to fraudulently obtain cryptocurrency during and in relation to violation of 18 U.S.C. Section 1343 and 2.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT FOURTEEN**

**(18 U.S.C. §§ 1343 and 2 – Wire Fraud, Aiding and Abetting)**

D-1 CONOR FREEMAN
D-3 COLTON JURISIC

91. The allegations of paragraphs 1 through 14 are incorporated herein.

92. On or about May 18, 2018, members of The Community collaborated to activate a SIM card and fraudulently link it to the mobile phone number of MT, permitting them to pose as MT.

93. An employee of a mobile phone provider was bribed by JD, a member of The Community, to transfer the mobile phone number of MT to a SIM card controlled by The Community.

94. In or about May of 2018, JD paid the bribe via LocalBitcoins.com and PayPal, using wire transmissions sent in interstate commerce originating within the Eastern District of Michigan.

95. Using MT's mobile phone number as a starting point, one or more members of The Community proceeded to use MT's identity to seize control of multiple online accounts—including email and cryptocurrency exchange accounts.

96. One or more members of The Community transferred cryptocurrency owned by MT, valued at approximately $164,972.47, to one or more cryptocurrency wallets controlled by The Community.

97. On or about May 18, 2018, CONOR FREEMAN (D-1) and COLTON JURISIC (D-3) participated in an online chat furthering the scheme to defraud MT that was transmitted in international and interstate commerce—including to and from the Eastern District of Michigan.

98. CONOR FREEMAN (D-1) accessed MT's email and cryptocurrency exchange accounts, and transferred funds stolen from MT.

99. COLTON JURISIC (D-3) provided one or more members of The Community with PII of MT that was used to facilitate the attack.

100. On or about May 18, 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), COLTON JURISIC (D-3), and other members of The Community did—with the intent to defraud—knowingly participate in a scheme to defraud MT by means of false or fraudulent pretenses, representations, or promises.

101. On or about May 18, 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), COLTON JURISIC (D-3), other members of The Community did use or cause the use of transmission of writings, signs, signals, and sounds sent in international and interstate commerce in furtherance of the scheme to defraud MT.

All in violation of Title 18, United States Code, Section 1343 and 2.

**COUNT FIFTEEN**

**(18 U.S.C. §§ 1028A(a)(1) and 2 – Aggravated Identity Theft, Aiding and Abetting)**

D-1 CONOR FREEMAN
D-3 COLTON JURISIC

Case 2:19-cr-20246-DPH-APP ECF No. 1 filed 04/18/19 PageID.24 Page 24 of 27

102. The allegations of paragraphs 1 through 14 and 91 through 101 are incorporated herein.

103. On or about May 17, 2018, in the Eastern District of Michigan and elsewhere, CONOR FREEMAN (D-1), COLTON JURISIC (D-3), and other members of The Community knowingly used identifiers of MT for the purpose of executing the above described scheme to fraudulently obtain cryptocurrency during and in relation to violation of 18 U.S.C. Section 1343 and 2.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**FORFEITURE ALLEGATIONS**

104. Upon conviction of Wire Fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Counts 2, 4, 6, 8, 10, 12, and 14, of this Indictment, and Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), their right, title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

105. Upon conviction of Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028(a)(1), as alleged in Counts 3, 5, 7, 9, 11, 13, and 15, of this Indictment, defendants shall forfeit to the United States, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1028(b), their right, title, and interest in: (i) any

property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of the offense(s), and (ii) any personal property used or intended to be used to commit the offense(s).

106. Forfeiture Money Judgment: Upon conviction of Wire Fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Counts 1, 3, 5, 7, 9, 11, and 13, of this Indictment, and/or Aggravated Identity Theft, a violation of Title 18, United States Code, Section 1028(a)(1), as alleged in Counts 2, 4, 6, 8, 10, 12, and 14, of this Indictment, defendants shall be ordered to pay a sum of money equal to the amount of proceeds obtained as a result of their offense(s).

107. Substitute Assets: Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), Defendants shall forfeit substitute property, up to the value of the property subject to forfeiture as set forth above, if, by any act or omission of the defendant, property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

*/s/ Grand Jury Foreperson*
GRAND JURY FOREPERSON

MATTHEW SCHNEIDER
UNITED STATES ATTORNEY

*/s/ John K. Neal*
John K. Neal
Assistant United States Attorney
Chief, White Collar Crime Unit

*/s/ Timothy J. Wyse*
Timothy J. Wyse
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Timothy.Wyse@usdoj.gov
(313) 226-9144

Dated: April 18, 2018

ORIGINAL

| United States District Court Eastern District of Michigan | Criminal Case | Case:2:19-cr-20246 Judge: Hood, Denise Page MJ: Patti, Anthony P. Filed: 04-18-2019 At 04:44 PM SEALED MATTER (dat) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form t

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes ☒ No | AUSA's Initials: TW |

**Case Title:** USA v. D-1 Conor Freeman, et al.

**County where offense occurred :** Wayne

**Check One:** ☒ **Felony** ☐ **Misdemeanor** ☐ **Petty**

____Indictment/ ✓ Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [**Case number:** ]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** ***[Complete Superseding section below]***.

## Superseding Case Information

**Superseding to Case No:** ____________________ **Judge:** ____________________

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

April 18, 2019
Date

Timothy J. Wyse
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9144
Fax: (313) 226-2873
E-Mail address: Timothy.Wyse@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.