1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 OAKLAND DIVISION

| | |
|---|---|
| ROBERT ROSS,<br><br>        Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY, LLC,<br><br>        Defendant. | CASE NO. 4:19-CV-06669 (JST)<br><br>**[PROPOSED] ORDER GRANTING AT&T MOBILITY LLC'S MOTION TO DISMISS THE COMPLAINT**<br><br>*[Notice of Motion and Motion and Memorandum of Points and Authorities filed concurrently herewith]*<br><br>Action Filed: October 17, 2019<br><br>Date:    February 5, 2020<br>Time:   2:00 p.m.<br>Place:  1301 Clay Street, 2nd Floor<br>         Courtroom 6<br>         Oakland, CA 94612<br>Judge:  Hon. Jon S. Tigar |

Gibson, Dunn &
Crutcher LLP

This matter is before the Court on Defendant AT&T Mobility LLC's ("AT&T") Motion to Dismiss Plaintiff Robert Ross's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Good cause appearing, IT IS HEREBY ORDERED that:

1. AT&T's Motion is **GRANTED** in its entirety on the grounds that Mr. Ross has not sufficiently alleged proximate causation for any of his claims. Any causal connection between AT&T's conduct and Mr. Ross's alleged harm is broken by the independent and intervening criminal acts of others. *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557, 1565 (1990).

2. In addition, Mr. Ross's claims are dismissed on the following grounds:

   a. Mr. Ross fails to state a claim for relief as to Count III (Right to Privacy under the California Constitution) because (1) he did not plead a serious invasion of a protected privacy interest, and (2) he did not provide enough factual allegations to conclude that he had a protected privacy interest in the allegedly disclosed information. *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1024–25 (N.D. Cal. 2012); *In re Yahoo Mail Litigation*, 7 F. Supp. 3d 1016, 1039 (N.D. Cal. 2014).

   b. Mr. Ross fails to state a claim for relief as to Counts IV and V (Negligence and Negligent Entrustment and Supervision) because the economic loss doctrine bars those claims. *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1091–94 (C.D. Cal. 2017).

   c. Mr. Ross fails to state a claim for relief as to Count VI (Violation of the California Consumer Legal Remedies Act [Cal. Civ. Code § 1750, *et seq*.]) because (1) he did not plead actual reliance on any representation by AT&T; and (2) all the alleged misrepresentations occurred after Mr. Ross's transaction with AT&T. *See, e.g., Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1047–48 (N.D. Cal. 2014); *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1201 (N.D. Cal. 2014).

   d. Mr. Ross fails to state a claim for relief as to Count VII (Violation of the Computer Fraud and Abuse Act) because he did not plead that he suffered a qualifying loss. *See* 18 U.S.C. § 1030(c)(4)(A)(i)(I); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1150 (N.D. Cal. 2010).

3. This Court also dismisses Mr. Ross's request for punitive damages because the complaint includes no factual allegations suggesting that (1) AT&T acted with fraud, malice, or oppression or (2) any officer director, or agent of AT&T committed, ratified, or authorized the alleged conduct. *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000); *Brousseau v. Jarrett*, 73 Cal. App. 3d 864, 872 (1977).

**IT IS SO ORDERED.**

DATED: _____, 2020

_____
The Honorable Jon S. Tigar
UNITED STATES DISTRICT JUDGE

103597654.1