MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ASHLEY E. JOHNSON, admitted *pro hac vice*
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2949

Attorneys for Defendant AT&T MOBILITY, LLC

CHRISTOPHER GRIVAKES
  cg@agzlaw.com
DAMION ROBINSON
  dr@agzlaw.com
AFFELD GRIVAKES LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310.979.8700
Facsimile: 310.979.8701

Attorneys for Plaintiff ROBERT ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT ROSS,<br><br>            Plaintiff,<br><br>     v.<br><br>AT&T MOBILITY LLC,<br><br>            Defendant. | CASE NO. 4:19-CV-06669 (JST)<br><br>**JOINT SUBMISSION REGARDING MEDIATION AND PRE-MEDIATION DISCOVERY** |

**JOINT SUBMISSION REGARDING MEDIATION AND PRE-MEDIATION DISCOVERY**

Pursuant to this Court's May 19, 2020 order, Plaintiff Robert Ross ("Mr. Ross") and Defendant AT&T Mobility LLC ("AT&T") (collectively, "the Parties") hereby submit this Joint Submission Regarding Mediation and Pre-Mediation Discovery.

### I. Information to Be Disclosed

The Parties do not, by jointly filing this submission, waive any objections to the relevance, discoverability, or admissibility of any evidence described herein.

**A.     Defendant's Statement**

AT&T believes that it would be useful for the parties to begin discussing possible resolution of the suit even before commencing substantial discovery, as such discussion can sharpen focus on the issues that warrant discovery before a settlement could be reached.  However, before any settlement other than a walkaway could be consummated, AT&T would need information from Mr. Ross sufficient to assess the extent to which he suffered any loss and the effect of the actions of other parties (including Mr. Ross) on the ability of criminal hackers to steal his funds.  Accordingly, AT&T believes that the following written discovery would be useful for AT&T to evaluate the strength of Mr. Ross's case:

1.     Documentation demonstrating Mr. Ross's entitlement to or ownership of approximately $500,000 in his Gemini account, $500,000 in his Coinbase account, and $3,000 in his Binance account.

2.     Documentation showing that exact storage method for the approximately $500,000 in his Gemini account, $500,000 in his Coinbase account, and $3,000 in his Binance account.  For example, whether the funds were stored in a wallet or directly on an exchange.

3.     Documentation showing the precise cryptocurrency purchases and subsequent transfers that Mr. Ross alleges were thefts or otherwise unauthorized, which should include the dates, times, origin and destination, full transaction IDs, and amounts of each purchase and transfer.

4.     Documentation of the types of currency held in Mr. Ross's Gemini, Coinbase, and Binance accounts, whether cryptocurrency or otherwise.

5.     Documentation of the devices, websites, apps that Mr. Ross used to access his Gemini, Coinbase, and Binance accounts.

6. Documentation showing the information criminals were required to have to access Mr. Ross's Gemini, Coinbase, and Binance accounts.

7. Documentation of how and from where criminals obtained any of the information identified in response to Request No. 6.

8. Documentation of the types of security used for Mr. Ross's Gemini, Coinbase, and Binance accounts, and any differences in the type of security based on the device, website, or app he used to access these accounts. For example, evidence of whether Mr. Ross used Google Authenticator for 2-factor (aka 2-step) verification or an alternative security measure.

9. Documentation of the processes associated with accessing and transferring the cryptocurrency in the accounts to which Mr. Ross claims others gained unauthorized access.

10. Copies of any emails to Mr. Ross's Google, Yahoo!, or any other email account confirming password changes to Mr. Ross's Gemini, Coinbase, and Binance accounts.

11. Documentation of all Mr. Ross's dealings to restore access to his Gemini, Coinbase, Binance, and relevant email accounts.

12. Copies of the notifications Mr. Ross alleged he received showing that someone was attempting to withdraw funds from his accounts.

13. Documentation of any wireless activity in October 2018 on all wireless carriers used by Mr. Ross.

14. Documentation of any prior hacks or compromises of Mr. Ross's mobile devices.

15. Documentation of any prior hacks or compromises of any online account where Mr. Ross stored a record of any password or security credential for other accounts.

16. Identification of any lawsuits that Mr. Ross has filed against other entities or persons arising out of or relating to the claims and/or losses he is asserting here, as well as any judgments or amounts recovered from those entities or persons.

17. Information regarding any requests Mr. Ross has made to any insurer for the amounts stolen from his accounts as a result of or in connection with the facts alleged in his Complaint and any amounts recovered from those insurers.

18. All documentation and information that Mr. Ross has provided to the FBI, the Secret Service, and/or any other governmental agency or branch investigating the alleged theft of his funds, unless such information cannot be provided under applicable law or is otherwise prohibited.

Notably, AT&T may need further discovery as its investigation continues, including, without limitation, a possible deposition of Mr. Ross.

**B.     Plaintiff's Statement**

Plaintiff believes that a meaningful mediation requires, at a minimum, the production of documents and deposition(s). Plaintiff anticipates seeking, without limitation, documents relating to the following topics:

1. Documents relating to ATT's policies, practices, and procedures (a) for safeguarding customer information; (b) obtaining customer authorizations for in-person and remote SIM swaps of ATT phones and for non-ATT phones (i.e. customer owned and maintained phones); (c) training and supervising its employees about safeguarding of customer information, including SIM swaps; (d) disciplining its employees for policy violations relating to customer privacy; (e) preventing unauthorized SIM swaps; and (f) changes to policies, practices and procedures for preventing unauthorized SIM swaps since the time of plaintiff's SIM swap.

2. Documents relating to the unauthorized SIM swap on plaintiff's phone on October 26, 2018, including (a) the customer data about plaintiff available to the ATT representative who implemented the unauthorized SIM swap; (b) the procedures used to implement the unauthorized SIM swap; (d) notes taken by the ATT customer service representative about the unauthorized SIM swap; (e) recordings of the call(s) made by the hackers who requested the unauthorized SIM swap; (f) the data available about the mobile device used by the hackers; (g) communications with the ATT employee(s) involved in the unauthorized SIM swap; (h) communications with the hacker(s) who requested the unauthorized SIM swap; (i) communications with plaintiff; (i) communications with Apple representative(s); (j) communications with law enforcement, including the REACT team; (k) ATT's internal investigation.

3. Documents relating to discipline of the particular ATT customer service representative who implemented the unauthorized SIM swap.

4. Documents relating to ATT's reporting of unauthorized SIM swaps to the FCC from 2013 to the present.

5. Documents authored by ATT relating to combating unauthorized SIM swaps.

6. Documents relating to any cost-benefit analysis conducted by ATT relating to implementing measures to prevent unauthorized SIM swaps.

7. Board minutes and committee minutes relating to unauthorized SIM swaps.

## II. Mediation Specifics

The Parties agree that an initial mediation session should occur by September 30, 2020, either in-person if possible or, if not, via telephone and/or videoconference, subject to the availability of the selected mediator. Based on that timing, the Parties agree that the case management report and conference scheduled for September would be more useful in October, and will submit a joint motion on that issue. The Parties have discussed the selection of an appropriate mediator and believe they can reach agreement regarding a mediator or a process for mediator selection. However, the Parties believe additional time is necessary to reach agreement on a mediator and/or mediator selection process.

Dated: May 29, 2020

        MARCELLUS A. MCRAE
        ASHLEY E. JOHNSON
        GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Ashley E. Johnson*
    Ashley E. Johnson

Attorneys for Defendant AT&T MOBILITY, LLC

Dated: May 29, 2020

        CHRISTOPHER GRIVAKES
        DAMION ROBINSON
        AFFELD GRIVAKES LLP

By: /s/ *Damion Robinson*
    Damion Robinson

Attorneys for Plaintiff ROBERT ROSS

Local Rule 5-1(i) attestation:

Pursuant to Local Rule 5-1(i), I, Ashley E. Johnson, attest that concurrence in the filing of this document was obtained from the other signatory to this document.