MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:     213.229.7000
Facsimile:     213.229.7520

ASHLEY E. JOHNSON, admitted *pro hac vice*
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX  75201
Telephone:  214.698.3100
Facsimile:  214.571.2949

Attorneys for Defendant AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT ROSS,<br><br>              Plaintiff,<br><br>      v.<br><br>AT&T MOBILITY LLC,<br><br>              Defendant. | CASE NO. 4:19-CV-06669 (JST)<br><br>**DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Gibson, Dunn &
Crutcher LLP

Defendant AT&T Mobility LLC ("AT&T") hereby answers Robert Ross's ("Mr. Ross" or "Plaintiff") Complaint.  Any allegation not explicitly admitted is denied.  AT&T does not, by noting or admitting that the Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document.  Moreover, headings and footnotes contained within the Complaint are not substantive allegations to which an answer is required.  To the extent headings are substantive allegations to which an answer is required, AT&T denies the allegations.  To the extent footnotes in the Complaint are deemed to be substantive allegations, then the response to the paragraph in which the footnote is found is AT&T's response to the footnote as well.  In answer to the Complaint, AT&T states as follows:

### I. Response to Allegations Styled "Nature of the Action"

1.       AT&T denies the allegations in Paragraph 1 of the Complaint.

2.       AT&T admits that it is a leading telecommunications provider in the United States. Except as expressly admitted, AT&T denies the allegations in Paragraph 2 of the Complaint.

3.       AT&T admits that federal and state laws and regulations govern its conduct.  Those laws and regulations speak for themselves.  Except as expressly admitted, AT&T denies the allegations in Paragraph 3 of the Complaint.

4.       AT&T admits that it has a Privacy Policy and that Paragraph 4 of the Complaint purports to quote and characterize that policy.  That policy speaks for itself.  AT&T denies the remaining allegations in Paragraph 4 of the Complaint.

5.       AT&T denies the allegations in Paragraph 5 of the Complaint.

6.       AT&T denies the allegations in Paragraph 6 of the Complaint.

7.       AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 7 of the Complaint regarding Mr. Ross's motivations for bringing this action, and on that basis denies the same.  AT&T denies the remaining allegations in Paragraph 7 of the Complaint.

### II. Response to Allegations Styled "The Parties"

8.       AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies the same.

9.     AT&T admits that Mr. Ross has been an AT&T mobile customer since at least 2007. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 9 of the Complaint, and on that basis denies the same.

10.     AT&T admits that it is a Delaware limited liability corporation with its principal office or place of business in Brookhaven, Georgia.  AT&T denies that the web address in footnote 1 contains the information alleged in Paragraph 10 of the Complaint.  AT&T admits that AT&T Inc.'s Form 10-K for the fiscal year ended December 2018, which is available at https://www.sec.gov/Archives/edgar/data/732717/000119312519045608/d705958d10k.htm,  includes the language quoted in Paragraph 10.  AT&T admits that page 4 of this Form 10-K also states that "At December 31, 2018, we served 153 million Mobility subscribers."  This document speaks for itself. AT&T further admits that AT&T Inc. reported segment operating revenues for Mobility in 2017 and 2018 that were above $71 billion.  AT&T admits that it is a leading telecommunications provider in the United States.  Except as expressly admitted, AT&T denies the allegations in Paragraph 10 of the Complaint.

11.     AT&T admits that it provides wireless service to subscribers in the United States.  The remaining allegations of Paragraph 11 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, AT&T denies the allegations in Paragraph 11 of the Complaint.

12.     AT&T notes that Paragraph 12 of the Complaint purports to characterize and quote from AT&T Inc.'s 2018 Annual Report. That Annual Report speaks for itself. AT&T admits that it is an indirect wholly-owned subsidiary of AT&T Inc.   AT&T denies any remaining allegations in Paragraph 12 of the Complaint.

### III. Response to Allegations Styled "Jurisdiction and Venue"

13.     The allegations in Paragraph 13 of the Complaint contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T admits for purposes of this action only that the Court has subject matter jurisdiction over this action.  Except as expressly admitted, AT&T denies the allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T admits for purposes of this action only that the Court has personal jurisdiction over AT&T.  Except as expressly admitted, AT&T denies the allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T admits for purposes of this action only that venue is appropriate in this district.  Except as expressly admitted, AT&T denies the allegations in Paragraph 15 of the Complaint.

### IV. Response to Allegations Styled "Allegations Applicable to All Counts"

16.     The allegations in Paragraph 16 of the Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

17.     AT&T lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of the third sentence of Paragraph 17 regarding the actions of criminal hackers and on that basis denies the same.  AT&T denies the remaining allegations in Paragraph 17 of the Complaint.

18.     AT&T admits that effecting a SIM change without authorization can be referred to as SIM swapping.  AT&T denies the remaining allegations in Paragraph 18 of the Complaint.

**A.     Response to Allegations Styled "SIM Swapping is a Type of Identity Theft Involving the Transfer of a Mobile Phone Number"**

19.     AT&T admits that a SIM change took place on Mr. Ross's account on October 26, 2018.  AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 19 of the Complaint, and on that basis denies the same.

20.     AT&T admits that effecting a SIM change without authorization can be referred to as "SIM swapping."  Except as expressly admitted, AT&T denies the allegations in Paragraph 20 of the Complaint.

21.     AT&T admits that most newer model cell phones do contain a SIM card.  AT&T further admits that cell phones that require a SIM card, and that do not have a SIM card, will likely not allow for calls or text messages over a carrier network.  AT&T further admits that an international

mobile equipment identity number ("IMEI") can be used to identify a specific mobile device.   Except as expressly admitted, AT&T denies the allegations in Paragraph 21 of the Complaint.

22.   AT&T admits that SIM changes occur in the regular course of business pursuant to its subscribers' requests, and allow a subscriber to transfer their service to a new or different mobile device.  AT&T further admits that a subscriber may visit a retail store or call AT&T customer support to request a SIM change. Except as expressly admitted, AT&T denies the allegations in Paragraph 22 of the Complaint.

23.   AT&T admits that effecting a SIM change without authorization can be referred to as a SIM swap.  AT&T lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 23, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same. Except as expressly admitted, AT&T denies the allegations in Paragraph 23 of the Complaint.

24.   AT&T admits that two-factor authentication requires a person to verify their identification through two means, and that one method to authenticate may occur at a person's request through text messaging. AT&T lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 24, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same. Except as expressly admitted, AT&T denies the allegations in Paragraph 24 of the Complaint.

25.   AT&T denies the allegations in Paragraph 25 of the Complaint.

26.   AT&T denies the allegations in Paragraph 26 of the Complaint.

27.   AT&T denies the allegations in Paragraph 27 of the Complaint.

**B.   Response to Allegations Styled "AT&T Allowed Unauthorized Access to Mr. Ross' AT&T Account"**

28.   AT&T denies the allegations in Paragraph 28 of the Complaint.

29.   AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies the same.

30.   AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 30 of the Complaint, and on that basis denies the same.

31. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 31 of the Complaint, and on that basis denies the same.

32. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 32 of the Complaint, and on that basis denies the same.

33. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 33 of the Complaint, and on that basis denies the same.

34. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 34 of the Complaint, and on that basis denies the same.

35. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 35 of the Complaint, and on that basis denies the same.

36. The allegations in Paragraph 36 of the Complaint are too vague for AT&T to form a belief as to the truth of the allegations, and, on that basis, AT&T denies them.

37. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies the same.

38. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the first, third, and fourth sentences of Paragraph 38 of the Complaint, and on that basis denies the same. AT&T denies the remaining allegations in Paragraph 38 of the Complaint.

39. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 39 of the Complaint, and on that basis denies the same.

40. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 40 of the Complaint, and on that basis denies the same.

41. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the first sentence of Paragraph 41 of the Complaint, and on that basis denies the same. AT&T notes that Paragraph 41 of the Complaint purports to characterize an investigation report. To the extent such investigation report can be identified, it speaks for itself. AT&T denies the remaining allegations in Paragraph 41 of the Complaint.

42. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 42 of the Complaint, and on that basis denies the same.

Gibson, Dunn &
Crutcher LLP

43.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 43 of the Complaint, and on that basis denies the same.

44.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 44 of the Complaint, and on that basis denies the same.

45.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 45 of the Complaint, and on that basis denies the same.

**C.     Response to Allegations Styled "AT&T's Failure to Protect Mr. Ross's Account from Unauthorized Access Violates Federal Law"**

46.     The allegations in Paragraph 46 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA and related orders and regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 46 of the Complaint.

47.     The allegations in Paragraph 47 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 47 of the Complaint.

48.     The allegations in Paragraph 48 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith.  AT&T further notes that Paragraph 49 purports to characterize an FCC order.  That order speaks for itself.  AT&T denies any remaining allegations in Paragraph 49 of the Complaint.

50.     The allegations in Paragraph 50 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith.  AT&T further notes that Paragraph 50

Gibson, Dunn & Crutcher LLP

purports to characterize and quote from the document cited in footnote 16.  That document speaks for itself.  AT&T denies any remaining allegations in Paragraph 50 of the Complaint.

51.     The allegations in Paragraph 51 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 51 of the Complaint.

52.     AT&T denies the allegations in Paragraph 52 of the Complaint.

53.     AT&T denies the allegations in Paragraph 53 of the Complaint.

54.     AT&T denies the allegations in the first sentence of Paragraph 54 of the Complaint. The allegations in the second sentence of Paragraph 54 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in the second sentence of Paragraph 54 of the Complaint.  AT&T denies any remaining allegations of Paragraph 54 of the Complaint.

55.     The allegations in Paragraph 55 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith.  AT&T further notes that Paragraph 55 purports to characterize and quote from the document cited in footnote 20. That document speaks for itself.  AT&T denies any remaining allegations in Paragraph 55 of the Complaint.

56.     AT&T denies the allegations in Paragraph 56 of the Complaint.

57.     The allegations in Paragraph 57 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that Paragraph 57 purports to characterize and quote from the documents cited in footnotes 21–25.  Those documents speak for themselves.  AT&T denies any remaining allegations in Paragraph 57 of the Complaint.

58.     The allegations in Paragraph 58 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 58 purports to characterize and quote from the FCC order cited in footnotes 26–

28.   That order speaks for itself.   AT&T denies any remaining allegations in Paragraph 58 of the Complaint.

59.   AT&T denies the allegations in Paragraph 59 of the Complaint.

60.   The allegations in Paragraph 60 contain legal conclusions that require no answer.   To the extent that an answer is required, AT&T notes that the FCA and related orders and regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 60 of the Complaint.

61.   AT&T denies the allegations in Paragraph 61 of the Complaint.

62.   AT&T denies the allegations in Paragraph 62 of the Complaint.

63.   The allegations in Paragraph 63 contain legal conclusions that require no answer.   To the extent that an answer is required, AT&T notes that Paragraph 63 purports to characterize and quote from an FCC order.  That order speaks for itself.  AT&T denies any remaining allegations in Paragraph 63 of the Complaint.

64.   AT&T denies the allegations in Paragraph 64 of the Complaint.

65.   The allegations in Paragraph 65 contain legal conclusions that require no answer.   To the extent that an answer is required, AT&T notes that Paragraph 65 purports to characterize and quote from an FCC order.  That order speaks for itself. AT&T denies any remaining allegations in Paragraph 65 of the Complaint.

66.   The allegations in Paragraph 66 contain legal conclusions that require no answer.   To the extent that an answer is required, AT&T notes that Paragraph 66 purports to characterize and quote from an FCC order.  That order speaks for itself.  AT&T denies any remaining allegations in Paragraph 66 of the Complaint.

67.   The allegations in Paragraph 67 contain legal conclusions that require no answer.   To the extent that an answer is required, AT&T notes that Paragraph 67 purports to characterize and quote from an FCC order.  That order speaks for itself.  AT&T denies any remaining allegations in Paragraph 67 of the Complaint.

68.   AT&T denies the allegations in Paragraph 68 of the Complaint.

69.     The allegations in the first sentence of Paragraph 69 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in the first sentence of Paragraph 69 of the Complaint.  AT&T denies the remaining allegations in Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 70 of the Complaint.

**D.     Response to Allegations Styled "Mr. Ross' Harm Was Caused by AT&T's Negligence"**

71.     AT&T denies the allegations in Paragraph 71 of the Complaint.

72.     AT&T denies the allegations in Paragraph 72 of the Complaint.

73.     AT&T denies the allegations in Paragraph 73 of the Complaint.

74.     The allegations in Paragraph 74 of the Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

75.     The allegations in Paragraph 75 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that Paragraph 75 purports to characterize and quote from an FCC order.  That order speaks for itself.  AT&T denies any remaining allegations in Paragraph 75 of the Complaint.

76.     AT&T denies the allegations in the first sentence of Paragraph 76 of the Complaint.  The allegations in the second sentence of Paragraph 76 of the Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.  The remaining allegations in Paragraph 76 purport to characterize a document associated with the FTC Chief Technologist of the Federal Trade Commission, which is cited in footnotes 38–42.  That document speaks for itself.  AT&T denies that the document cited in footnotes 38–42 is a report from the FTC.  AT&T denies any remaining allegations in Paragraph 76 of the Complaint.

77.     AT&T denies the allegations in the first sentence of Paragraph 77 of the Complaint.  The remaining allegations in Paragraph 77 purport to characterize a document associated with the FTC Chief Technologist of the Federal Trade Commission, which is cited in footnotes 38–42.  That document speaks for itself.  AT&T denies that the document cited in footnotes 38–42 is designated as

a 2017 Report from the FTC.  AT&T denies any remaining allegations in Paragraph 77 of the Complaint.

78.     AT&T notes that the cited article, Brian Rexroad, "Secure Your Number to Reduce SIM Swap Scams," AT&T's Cyber Aware (Sep. 2017), speaks for itself.  AT&T denies the remaining allegations of Paragraph 78 of the Complaint.

79.     AT&T denies the allegations in Paragraph 79 of the Complaint.

80.     AT&T denies the allegations in the first sentence in Paragraph 80 of the Complaint. AT&T admits that "AT&T Tech Channel," which appears at https://www.youtube.com/user/ATTTechChannel, includes multiple videos carrying the label "AT&T ThreatTraq."  Those videos speak for themselves.    AT&T denies the remaining allegations in Paragraph 80 of the Complaint.

81.     AT&T notes that Paragraph 81 of the Complaint purports to quote from two videos: "Mobile Security," on YouTube (Feb. 12, 2019), *available at* https://www.youtube.com/watch?v=KSPHS89VnX0, and "AT&T Mobile Movement Campaign — Ads," on Vimeo, *available at* https://vimeo.com/224936108.   The referenced videos speak for themselves.  AT&T denies any remaining allegations in Paragraph 81 of the Complaint.

82.     AT&T notes that Paragraph 82 of the Complaint purports to quote from AT&T Tech Channel, "The Huntin' and Phishin' Episode" on YouTube (Apr. 21, 2017), *available at* https://www.youtube.com/watch?v=3g9cPCiFosk. That video speaks for itself.  AT&T denies any remaining allegations in Paragraph 82 of the Complaint.

83.     AT&T notes that the allegations in Paragraph 83 purport to characterize content of the YouTube video cited in Paragraph 82.  That video speaks for itself.  AT&T denies any remaining allegations in Paragraph 83 of the Complaint.

84.     AT&T notes that Paragraph 84 of the Complaint purports to quote from AT&T ThreatTraq, "The Real Threat of Insider Threats" on YouTube (May 5, 2017), *available at* https://www.youtube.com/watch?v=ZM5tuNiVsjs.  That video speaks for itself.  AT&T denies the remaining allegations in Paragraph 84 of the Complaint.

85.     AT&T denies the allegations in the first sentence of Paragraph 85.  AT&T notes that Paragraph 85 of the Complaint purports to quote from AT&T ThreatTraq, "The Real Threat of Insider Threats" on YouTube (May 5, 2017), *available at* https://www.youtube.com/watch?v=ZM5tuNiVsjs. That video speaks for itself.  AT&T denies the remaining allegations in Paragraph 85 of the Complaint.

86.     AT&T notes that Paragraph 86 of the Complaint purports to quote from AT&T ThreatTraq, "5/31/19 Account-hacking Forum OGusers Hacked" on YouTube (May 31, 2019), *available at* https://www.youtube.com/watch?time continue=234&v=cS4xV3cej3A.   That video speaks for itself.  AT&T denies any remaining allegations in Paragraph 86 of the Complaint.

87.     AT&T denies the allegations in Paragraph 87 of the Complaint.

88.     AT&T denies the allegations in Paragraph 88 of the Complaint.

89.     AT&T notes that Paragraph 89 of the Complaint purports to characterize an order from the FCC.  That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 89 of the Complaint.

90.     AT&T notes that Paragraph 90 of the Complaint quotes from, and purports to characterize, an order from the FCC.  That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 90 of the Complaint.

91.     AT&T notes that Paragraph 91 of the Complaint quotes from, and purports to characterize, an order from the FCC.  That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 91 of the Complaint.

92.     AT&T notes that Paragraph 92 of the Complaint quotes from, and purports to characterize, an order from the FCC.  That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 92 of the Complaint.

93.     AT&T denies the allegations in Paragraph 93 of the Complaint.

94.     AT&T denies the allegations in Paragraph 94 of the Complaint.

**E.     Response to Allegations Styled "AT&T is Liable for the Acts of its Employees"**

95.     AT&T denies the allegations in Paragraph 95 of the Complaint.

96.     AT&T denies the allegations in Paragraph 96 of the Complaint.

97.     AT&T denies the allegations in Paragraph 97 of the Complaint.

98.     AT&T denies the allegations in Paragraph 98 of the Complaint.

99.     The allegations in Paragraph 99 of the Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

100.     AT&T notes that Paragraph 100 of the Complaint purports to characterize an order from the FCC.  That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 100 of the Complaint.

**F.     Response to Allegations Styled "AT&T's Misrepresentations and Omissions"**

101.     AT&T denies the allegations in Paragraph 101 of the Complaint.

102.     AT&T notes that Paragraph 102 of the Complaint purports to characterize AT&T's Privacy Policy.  AT&T's Privacy Policy speaks for itself.  AT&T denies any remaining allegations in Paragraph 102 of the Complaint.

103.     AT&T notes that Paragraph 103 of the Complaint contains an excerpt from AT&T's Privacy Policy; that Privacy Policy speaks for itself.  AT&T lacks information or knowledge sufficient to form a belief about the truth of the allegation in the first sentence of Paragraph 103, and on that basis denies the same.  AT&T denies any remaining allegations in Paragraph 103 of the Complaint.

104.     AT&T denies the allegations in Paragraph 104 of the Complaint.

105.     AT&T denies the allegations in Paragraph 105 of the Complaint.

106.     AT&T denies the allegations in Paragraph 106 of the Complaint.

107.     AT&T admits that Paragraph 107 purports to quote from an article appearing on the internet.  That article speaks for itself.  AT&T denies any remaining allegations in Paragraph 107 of the Complaint.

108.     AT&T denies the allegations in the first sentence in Paragraph 108 of the Complaint. AT&T admits that Exhibit B to the Complaint is a document entitled "Regional Enforcement Allied

Computer Team Investigation Report."  The document speaks for itself.  AT&T denies the remaining allegations in Paragraph 108 of the Complaint.

109.    AT&T admits that Exhibit B to the Complaint is a document entitled "Regional Enforcement Allied Computer Team Investigation Report."  The document speaks for itself.  AT&T denies the remaining allegations in Paragraph 109 of the Complaint.

110.    AT&T denies the allegations in Paragraph 110 of the Complaint.

111.    AT&T denies the allegations in Paragraph 111 of the Complaint.

112.    AT&T denies the allegations in Paragraph 112 of the Complaint.

113.    AT&T denies the allegations in Paragraph 113 of the Complaint.

114.    AT&T notes that Paragraph 114 of the Complaint purports to quote from AT&T's Privacy Policy; that Privacy Policy speaks for itself.  AT&T denies the remaining allegations in Paragraph 114 of the Complaint.

115.    AT&T denies the allegations in Paragraph 115 of the Complaint.

116.    AT&T notes that Paragraph 116 of the Complaint purports to quote from AT&T's Privacy Policy; that Privacy Policy speaks for itself.  AT&T denies any remaining allegations in Paragraph 116 of the Complaint.

117.    AT&T denies the allegations in Paragraph 117 of the Complaint.

118.    AT&T denies the allegations in Paragraph 118 of the Complaint.

119.    AT&T denies the allegations in Paragraph 119 of the Complaint.

120.    AT&T denies the allegations in Paragraph 120 of the Complaint.

121.    AT&T denies the allegations in Paragraph 121 of the Complaint.

122.    AT&T denies the allegations in Paragraph 122 of the Complaint.

123.    AT&T denies the allegations in Paragraph 123 of the Complaint.

### V. Response to Allegations Styled "Claims for Relief"

**A.    Count I – Violations of the Federal Communications Act, 47 U.S.C. § 201 *et seq.***

124.    AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 123 above as though fully set forth herein.

125.    AT&T denies the allegations in Paragraph 125 of the Complaint.

1    126.    AT&T denies the allegations in Paragraph 126 of the Complaint.

2    127.    AT&T denies the allegations in Paragraph 127 of the Complaint.

3    128.    AT&T admits that Plaintiff purports to seek the relief described in Paragraph 128 of

4    the Complaint.  AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations

5    in Paragraph 128 of the Complaint.

6    **B.    Count II – Violations of the California Unfair Competition Law ("UCL") under the
     Unlawful, Unfair and Fraudulent Prongs, California Business & Professions Code §**
7    **17200 *et seq.***

8    129.    AT&T repeats and incorporates by reference each and every denial, admission, and

9    averment set forth in Paragraphs 1 through 128 above as though fully set forth herein.

10   130.    AT&T notes that Paragraph 130 of the Complaint purports to quote from California's

11   Unfair Competition Law (UCL).  That law speaks for itself, and AT&T denies any characterization or

12   description that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 130 of

13   the Complaint.

14   131.    AT&T denies the allegations in Paragraph 131 of the Complaint.

15   132.    AT&T denies the allegations in Paragraph 132 of the Complaint.

16   133.    AT&T denies the allegations in Paragraph 133 of the Complaint.

17   134.    AT&T denies the allegations in Paragraph 134 of the Complaint.

18   135.    AT&T denies the allegations in Paragraph 135 of the Complaint.

19   136.    AT&T denies the allegations in Paragraph 136 of the Complaint.

20   137.    AT&T denies the allegations in Paragraph 137 of the Complaint.

21   138.    AT&T denies the allegations in Paragraph 138 of the Complaint.

22   139.    AT&T denies the allegations in Paragraph 139 of the Complaint.

23   140.    AT&T notes that Paragraph 140 of the Complaint purports to characterize the FCA.

24   The FCA speaks for itself, and AT&T denies any characterization or description that is inconsistent

25   therewith.  AT&T denies the remaining allegations in Paragraph 140 of the Complaint.

26   141.    AT&T denies the allegations in Paragraph 141 of the Complaint.

27   142.    AT&T denies the allegations in Paragraph 142 of the Complaint.

28

143.     AT&T admits that Plaintiff purports to seek the relief described in Paragraph 143 of the Complaint.  AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 143 of the Complaint.

**C.     Count III – Violations of the California Constitutional Right to Privacy**

144.     AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 143 above as though fully set forth herein.

145.     AT&T notes that Paragraph 145 of the Complaint purports to quote from the California Constitution.  The California Constitution speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 145 of the Complaint.

146.     AT&T denies the allegations in Paragraph 146 of the Complaint.

147.     AT&T denies the allegations in Paragraph 147 of the Complaint.

148.     AT&T denies the allegations in Paragraph 148 of the Complaint.

149.     AT&T denies the allegations in Paragraph 149 of the Complaint.

150.     AT&T denies the allegations in Paragraph 150 of the Complaint.

151.     AT&T denies the allegations in Paragraph 151 of the Complaint.

152.     AT&T denies the allegations in Paragraph 152 of the Complaint.

153.     AT&T admits that Plaintiff purports to seek the relief described in Paragraph 153 of the Complaint.  AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 153 of the Complaint.

**D.     Count IV – Negligence**

154.     AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 153 above as though fully set forth herein.

155.     Paragraph 155 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 155 of the Complaint.

156.     The allegations in Paragraph 156 of the Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

157.     Paragraph 157 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 157 of the Complaint.

158.     Paragraph 158 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 158 of the Complaint.

159.     Paragraph 159 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 159 of the Complaint.

160.     AT&T denies the allegations in Paragraph 160 of the Complaint.

161.     AT&T lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Complaint, and on that basis denies them.

162.     AT&T denies the allegations in Paragraph 162 of the Complaint.

163.     AT&T denies the allegations in Paragraph 163 of the Complaint.

164.     AT&T denies the allegations in Paragraph 164 of the Complaint.

165.     AT&T denies the allegations in Paragraph 165 of the Complaint.

166.     AT&T denies the allegations in Paragraph 166 of the Complaint.

167.     AT&T denies the allegations in Paragraph 167 of the Complaint.

168.     AT&T denies the allegations in Paragraph 168 of the Complaint.

169.     AT&T denies the allegations in Paragraph 169 of the Complaint.

**E.     Count V – Negligent Supervision and Entrustment**

170.     AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 169 above as though fully set forth herein.

171.     AT&T admits that it conducts business activities through, among other means, its employees.  The remaining allegations in Paragraph 171 of the Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

172.     AT&T denies the allegations in Paragraph 172 of the Complaint.

173.     AT&T denies the allegations in Paragraph 173 of the Complaint.

174.    AT&T denies the allegations in Paragraph 174 of the Complaint.

175.    AT&T denies the allegations in Paragraph 175 of the Complaint.

176.    AT&T denies the allegations in Paragraph 176 of the Complaint.

177.    AT&T denies the allegations in Paragraph 177 of the Complaint.

178.    AT&T denies the allegations in Paragraph 178 of the Complaint.

179.    AT&T denies the allegations in Paragraph 179 of the Complaint.

180.    AT&T denies the allegations in Paragraph 180 of the Complaint.

181.    AT&T denies the allegations in Paragraph 181 of the Complaint.

182.    AT&T denies the allegations in Paragraph 182 of the Complaint.

**F.    Count VI – Violations of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.***

183.    Because the Court dismissed Count VI, no response is required to Paragraph 183 of the Complaint.  To the extent a response is required, AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 182 above as though fully set forth herein.

184.    Because the Court dismissed Count VI, no response is required to Paragraph 184 of the Complaint.  To the extent a response is required, AT&T admits that Mr. Ross's prior counsel sent letters via certified mail dated August 9, 2019, and September 13, 2019, relating to his claims.  AT&T denies the remaining allegations in Paragraph 184 of the Complaint.

185.    Because the Court dismissed Count VI, no response is required to Paragraph 185 of the Complaint.  To the extent a response is required, AT&T admits that it had a customer relationship with Mr. Ross.  AT&T lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 185 regarding Mr. Ross's purposes in acquiring services from AT&T, and on that basis denies the same.  AT&T denies the remaining allegations in Paragraph 185 of the Complaint.

186.    Because the Court dismissed Count VI, no response is required to Paragraph 186 of the Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 186 of the Complaint.

187.     Because the Court dismissed Count VI, no response is required to Paragraph 187 of the Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 187 of the Complaint.

188.     Because the Court dismissed Count VI, no response is required to Paragraph 188 of the Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 188 of the Complaint.

189.     Because the Court dismissed Count VI, no response is required to Paragraph 189 of the Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 189 of the Complaint.

190.     Because the Court dismissed Count VI, no response is required to Paragraph 190 of the Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 190 of the Complaint.

191.     Because the Court dismissed Count VI, no response is required to Paragraph 191 of the Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 191 of the Complaint.

192.     Because the Court dismissed Count VI, no response is required to Paragraph 192 of the Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 192 of the Complaint.

193.     Because the Court dismissed Count VI, no response is required to Paragraph 193 of the Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 193 of the Complaint.

194.     Because the Court dismissed Count VI, no response is required to Paragraph 194 of the Complaint.  To the extent a response is required, AT&T admits that Plaintiff purports to seek the relief described in Paragraph 194 of the Complaint.  AT&T denies that Plaintiff is entitled to any relief whatsoever and denies any remaining allegations in Paragraph 194 of the Complaint.

**G.     Count VII – Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030**

195.     AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 194 above as though fully set forth herein.

196.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 196 of the Complaint, and on that basis denies the same.

197.     AT&T denies the allegations in Paragraph 197 of the Complaint.

198.     AT&T denies the allegations in Paragraph 198 of the Complaint.

199.     AT&T denies the allegations in Paragraph 199 of the Complaint.

200.     AT&T denies the allegations in Paragraph 200 of the Complaint.

201.     AT&T denies the allegations in Paragraph 201 of the Complaint.

202.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 202 of the Complaint, and on that basis denies the same.

### VI. Response to Allegations Styled "Prayer for Relief"

203.     AT&T denies that Plaintiff is entitled to any relief, legal or equitable, from AT&T or this Court, as requested in the Complaint or otherwise.

### VII. Response to Allegations Styled "Demand for Jury Trial"

Answering the unnumbered Demand for Jury Trial, AT&T admits that Plaintiff purports to demand a jury trial in this action of all issues so triable.

### VIII. SEPARATE AND ADDITIONAL DEFENSES

By alleging the Separate and Additional Defenses set forth below, AT&T does not assume any burden of proof that would otherwise rest with Plaintiff.  Nor does AT&T intend any alteration of the burden of proof and/or burden of going forward with evidence that exists with respect to any of Plaintiff's claims.  Further, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever.  Finally, all defenses pleaded below are based on AT&T's limited understanding of the claims being asserted by Plaintiff and AT&T's limited investigation to date.  AT&T reserves the right to assert additional affirmative defenses after they are ascertained.

Gibson, Dunn &
Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action asserted against AT&T, is barred to the extent it fails to allege facts sufficient to state a claim against AT&T.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

The Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff is seeking relief occurring outside any applicable statutes of limitation.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (No Breach)

The Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part because AT&T did not breach any agreement.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Care)

The Complaint, and each purported cause of action asserted against AT&T, is barred because AT&T exercised reasonable care to prevent and correct any alleged unlawful conduct.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Contract Limitations)

The Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages or Plaintiff's requested remedies are precluded or, alternatively, limited by the terms of the contract between AT&T and Plaintiff.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Proximate Causation)

The harm alleged by Plaintiff, if any, was not proximately caused by any unlawful policy, custom, practice, act, omission, and/or procedure promulgated and/or tolerated by AT&T.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Cause in Fact)**

The Complaint, and each purported cause of action asserted against AT&T, is barred because the harms alleged by Plaintiff, if any, were not caused in fact by AT&T.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Proximate Causation)**

The Complaint, and each purported cause of action asserted against AT&T, is barred because Plaintiff has not plausibly alleged, and cannot prove, that AT&T proximately caused any of Plaintiff's alleged injuries.  The harm Plaintiff allegedly suffered, if any, was caused by superseding and intervening causes including factors, persons, or entities other than AT&T.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Laches)**

The Complaint, and each purported cause of action asserted against AT&T, is barred by the doctrine of laches.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unclean Hands)**

The Complaint, and each purported cause of action asserted against AT&T, is barred by the doctrine of unclean hands.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Estoppel)**

The Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff is estopped by his own conduct from recovering any relief.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Waiver)**

The Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff waived or released any right to recover any relief.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Damages)

The Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff suffered no damages.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate Damages)

The Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff failed to mitigate his own damages or reasonably try to mitigate his own damages, if any.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Standing)

The Complaint, and each purported cause of action asserted against AT&T, is barred to the extent that Plaintiff lacks standing to bring some or all of the alleged causes of action against AT&T set forth in the Complaint.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Assumption of Risk)

The Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff had actual knowledge of the risk involved with his security and investment practices and voluntarily assumed that risk.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Comparative Fault)

The Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part by Plaintiff's own negligence, carelessness, recklessness, or willful misconduct, or the intervening negligence, recklessness, or willful misconduct of third parties, for which AT&T is not liable.  By reason thereof, Plaintiff's damages, if any, as against AT&T, must be reduced by the proportion of fault attributable to such other parties.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Economic Loss Doctrine)

The Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent that it is precluded or limited by the economic loss doctrine.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Offset)

The damages sought by the Complaint are barred, in whole or in part, to the extent that Plaintiff has received any credits, payments, or benefits arising out of or related to the claims asserted in the Complaint.  Alternatively, Plaintiff's recovery, if any, should be offset by any credits, payments, or benefits, of any type or character, received by Plaintiff.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Internal and/or Administrative Remedies)

The Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff failed to properly exhaust all of his internal, contractual, administrative, and/or statutorily required remedies, and such failure bars this suit in whole or in part and/or limits Plaintiff's claims.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Conduct Not Willful)

The Complaint, and each purported cause of action asserted against AT&T, is barred because, at all material times, AT&T and its agents acted without malice and acted reasonably and with a good faith belief in the lawfulness of their conduct based on all relevant facts and circumstances known by them at the time they so acted.  The Complaint, and each purported cause of action asserted against AT&T, is further barred because Plaintiff cannot establish "willful or knowing" conduct, as required under some or all of Plaintiff's causes of action.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Accord and Satisfaction)

The Complaint, and each purported cause of action asserted against AT&T, is barred by the doctrine of accord and satisfaction.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Compliance with Law)

The Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part, on the grounds that AT&T complied or substantially complied with all applicable laws underlying the Complaint, or took reasonable efforts to comply with all applicable laws.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Adequate Remedy at Law)

The Complaint, and each purported cause of action asserted against AT&T, is barred because Plaintiff has adequate remedies at law and is not entitled to any relief with respect to any and all alleged violations of California Business & Professions Code Section 17200 *et seq.* that have discontinued, ceased, and are not likely to recur.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

The Complaint, and each purported cause of action asserted against AT&T, is barred to the extent it constitutes unjust enrichment or duplicative relief of amounts seeking more than a single recovery.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Taking)

Plaintiff's claims for restitution under California Business & Professions Code Section 17200 *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

1

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

2

**(Legitimate Business Purposes)**

3

Plaintiffs' California Business & Professions Code Section 17200 *et seq.* claim is barred

4

because AT&T cannot be liable for any alleged violation of the Unfair Competition Law because its

5

actions were not unfair, fraudulent, or likely to mislead, and its conduct and dealings were lawful, as

6

authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct,

7

and dealings were carried out in good faith and for legitimate business purposes.

8

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

9

**(Not Entitled to Equitable Relief)**

10

The Complaint, and each purported cause of action asserted against AT&T, is barred because

11

Plaintiff has adequate remedies at law and will not suffer imminent and irreparable injury or harm as a

12

result of any action or conduct by AT&T.

13

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

14

**(Damages Speculative)**

15

Plaintiff is barred from relief because the Complaint, and each purported cause of action

16

asserted therein, is barred in whole or in part because, even if Plaintiff's allegations were true, which

17

AT&T denies, the damages alleged by Plaintiff in the Complaint are too speculative to give rise to any

18

of the causes of action alleged, or to permit any recovery sought, by Plaintiff in the Complaint.

19

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

20

**(No CPNI)**

21

The Complaint, and each purported cause of action asserted against AT&T, is barred in whole

22

or in part to the extent Plaintiff failed to identify that AT&T disclosed, or failed to safeguard, customer

23

proprietary network information (CPNI) or any other statutorily defined confidential information.

24

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

25

**(No Misrepresentation or Reliance)**

26

The Complaint, and each purported cause of action asserted against AT&T, is barred in whole

27

or in part to the extent Plaintiff has not plausibly alleged any false or negligent misrepresentations by

28

AT&T, or justifiable reliance by Plaintiff.

1

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

2

**(Ratification)**

3        The Complaint, and each purported cause of action asserted against AT&T, is barred to the

4   extent Plaintiff ratified AT&T's actions.

5

**THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

6

**(Avoidable Consequences)**

7        The Complaint, and each purported cause of action asserted against AT&T, is barred pursuant

8   to the avoidable consequences doctrine.  If the avoidable consequences doctrine does not completely

9   bar the Complaint, and each purported cause of action asserted against AT&T, then any recovery for

10   allegedly stolen funds must be offset or reduced.

11

**THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

12

**(Consent)**

13        The Complaint, and each purported cause of action asserted against AT&T, is barred to the

14   extent Plaintiff consented to or voluntarily participated in any alleged activity or conduct.

15

**THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

16

**(Acting Outside the Scope of Employment)**

17        The Complaint, and each purported cause of action asserted against AT&T, is barred insofar

18   as, if any manager, supervisor, agent, employee, or independent contractor of AT&T authorized,

19   required, or requested that a SIM swap occur illegally, or took any other impermissible action (which

20   AT&T denies), such manager, supervisor, agent, employee, or independent contractor acted outside

21   the scope of his or her employment with AT&T and/or AT&T lacked sufficient authority to control the

22   actions of such manager, supervisor, agent, employee, or independent contractor.

23

**THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

24

**(Preemption)**

25        Plaintiff is barred from litigating his claims, in whole or in part, in this court to the extent that

26   any federal legislation preempts conflicting state law.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Release)

The Complaint, and each purported cause of action asserted against AT&T, is barred to the extent it has been released.

## THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Unauthorized Access)

The Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, is barred because AT&T did not access any computer without authorization or exceed authorized access to any computer.

## THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (No Attorneys' Fees)

Plaintiff's request for attorneys' fees is barred because the Complaint fails to allege facts sufficient to support an award of attorneys' fees.

## FORTIETH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages)

Plaintiff is barred from relief because the Complaint, and each purported cause of action against AT&T, fails to allege facts sufficient to allow recovery of punitive or exemplary damages from AT&T. Punitive damages are also barred to the extent they are unconstitutional.

## FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because, as applied to this case, the standards of liability for punitive damages in California are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

1

2

**FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(No Punitive Damages - Due Process)**

3      The imposition of punitive damages in this case would violate the Due Process Clause of the

4  Fifth and Fourteenth Amendments to the United States Constitution because, as applied to this case,

5  the California standards for determining the amount of the award are unduly vague and subjective, lack

6  sufficient procedural safeguards, and permit arbitrary, capricious, excessive, and disproportionate

7  punishment that serves no legitimate governmental interest.

8

**FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

9

**(No Punitive and Exemplary Damages)**

10      The penalties, fines, and punitive and exemplary damages sought are unconstitutional and

11  excessive under California law and the United States Constitution, including without limitation under

12  the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, and the Due

13  Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

14

**FORTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

15

**(No Punitive Damages - Due Process)**

16      The imposition of punitive damages in this case would violate the Due Process Clause of the

17  Fifth and Fourteenth Amendments to the United States Constitution because California post-verdict

18  standards for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the

19  discretion of juries to impose punishment.

20

**FORTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

21

**(No Punitive Damages - Due Process)**

22      The imposition of punitive damages in this case based on the out-of-state conduct, profits,

23  aggregate wealth or financial status of AT&T would violate the Commerce Clause, the Due Process

24  clause of the Fifth Amendment to the United States Constitution, and the Equal Protection and Due

25  Process Clauses of the Fourteenth Amendment to the United States Constitution.

26

27

28

Gibson, Dunn &
Crutcher LLP

## FORTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiff would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## RESERVATION OF RIGHTS

AT&T has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. AT&T has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter. AT&T further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

WHEREFORE, AT&T prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed in its entirety and with prejudice;

3. For judgment to be entered favor of AT&T and against Plaintiff on all claims contained in the Complaint;

4. For costs of suit herein and attorneys' fees as permitted by law; and

5. For such other and further relief as the Court may deem proper and just.

Dated: June 10, 2020

MARCELLUS MCRAE
ASHLEY E. JOHNSON
GIBSON, DUNN & CRUTCHER LLP


By:   /s/ *Ashley E. Johnson*
      Marcellus McRae
      Ashley E. Johnson

Attorneys for Defendant AT&T MOBILITY, LLC

103944730.9

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

Gibson, Dunn &
Crutcher LLP