CHRISTOPHER GRIVAKES
  cg@agzlaw.com
DAMION ROBINSON
  dr@agzlaw.com
AFFELD GRIVAKES LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone:  310.979.8700
Facsimile: 310.979.8701

Attorneys for Plaintiff ROBERT ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT ROSS,<br><br>    Plaintiff,<br><br> v.<br><br>AT&T MOBILITY LLC,<br><br>    Defendant. | CASE NO. 4:19-CV-06669 (JST)<br><br>**DECLARATION OF CHRISTOPHER GRUVAKES IN SUPPORT OF PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:  September 30, 2020<br>Time:  2;00 p.m.<br>Place:  Courtroom 6 |

I, Christopher Grivakes, declare as follows:

1. I am counsel of record for Plaintiff ROBERT ROSS ("Ross"). I have personal knowledge of the matters set forth herein, am competent to testify about them, and such matters are true and correct.

2. On May 19, 2020, the Court issued its Scheduling Order (Docket No. 42). The Order provides that new parties and claims must be added by June 4, 2020, unless good cause is shown.

3. On June 5, 2020, Defendant AT&T Mobility LLC ("AT&T") served its Initial Disclosures. AT&T's Disclosures refer to "One Touch Direct" without disclosing the legal name, address, or role of any specific One Touch entity.

4. AT&T's Disclosures were the first time I learned that AT&T had contracted with a third-party call center that effected the SIM swap on Ross' phone.

5. After learning that "One Touch Direct" was involved, I conducted an investigation and learned that One Touch Direct LLC ("One Touch") had contracted with AT&T to provide call center services, that One Touch Direct- San Antonio, LLC ("One Touch-SA," and together with One Touch, the "One Touch Entities ) was a subsidiary of One Touch which employed the customer service representative who effected the unauthorized SIM swap on Ross's phone, and that the One Touch Entities maintain an insurance policy which apparently covers some portion of the claims asserted in the Complaint.

6. On July 29, 2020, I sent AT&T's counsel Marcellus McRae a proposed First Amended Complaint ("FAC") which added the One Touch Entities, along with a proposed Stipulation and Order to add them as parties.

7. On August 5, 2020, AT&T's counsel Ashley Johnson informed me that AT&T agreed to the proposed Stipulation and Order, but that it reserved the right to challenge the proposed pleading, and requested revisions to the proposed Order to reflect that intention.

8. AT&T's intention to challenge the pleadings caused me to conduct further

research and investigation into the possible grounds for AT&T's intended pleading challenges and to revise the proposed FAC to address the anticipated pleading challenges.

9. During my investigation, I learned of the following for the first time, which I am informed and believe are true: (i) AT&T has been accused of mismanaging its call centers; (ii) there are readily available technology solutions that AT&T could have implemented to prevent Ross's unauthorized SIM swap; and (iii) since before Ross's SIM swap, AT&T was developing a technology solution to financial institutions to prevent theft *after* unauthorized SIM swap has occurred, instead of implementing the low-cost and readily available solutions which would have prevented Ross's unauthorized SIM swap in the first instance, and has been marketing the solution without success to this day. As a result of this new information, I added a claim for punitive damages in the existing negligence count, and a new count for fraudulent concealment.

10. On August 17, 2020, I sent a revised proposed FAC and Stipulation and Order to Mr. McRae and Ms. Johnson.

11. On August 25, 2020, I was informed by Ms. Johnson that AT&T would not enter into a Stipulation to file a FAC which added new claims against AT&T because the new claims "are based on allegations that could have been included in the initial complaint." A true and correct copy of Ms. Johnson's email is attached hereto as Exhibit 1.

12. A true and correct copy of a red-lined version of the proposed FAC is attached hereto as Exhibit 2.

13. A true and correct copy of a clean version of the proposed FAC is attached hereto as Exhibit 3.

1  I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 24, 2020.

          /s/ *Christopher Grivakes*
          Christopher Grivakes

## **PROOF OF SERVICE**

I hereby certify that on 8/25/2020, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ Christopher Grivakes<br>
Christopher Grivakes