1  MARCELLUS MCRAE, SBN 140308
    mmcrae@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA 90071-3197
   Telephone:    213.229.7000
4  Facsimile:    213.229.7520

5  ASHLEY E. JOHNSON, admitted *pro hac vice*
    ajohnson@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   2001 Ross Avenue
7  Dallas, TX 75201
   Telephone: 214.698.3100
8  Facsimile: 214.571.2949

9  Attorneys for Defendant AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT ROSS,<br><br>                    Plaintiff,<br><br>        v.<br><br>AT&T MOBILITY LLC, ONE TOUCH DIRECT, LLC, and ONE TOUCH DIRECT-SAN ANTONIO, LLC,<br><br>                    Defendants. | CASE NO. 4:19-CV-06669 (JST)<br><br>**DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

**TABLE OF CONTENTS**

Page

I. Introduction ................................................................................................................. 1

II. AT&T Does Not Object To Amending the Complaint To Add One Touch Direct .................. 1

III. Plaintiff Has Failed To Demonstrate "Good Cause" To Add New Substantive Allegations Against AT&T to the Amended Complaint .............................................. 2

IV. Plaintiff's Motion for Leave To Add a Concealment Claim and a New Basis for Punitive Damages Should Be Denied as Futile ............................................................ 6

V. Conclusion ................................................................................................................. 7

i

DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

Gibson, Dunn &
Crutcher LLP

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beggins v. Carpenter*,
 2020 WL 4676514 (E.D. Cal. Aug. 12, 2020) ..................................................................................2

*Doe v. Superior Court (First Baptist Church)*,
 237 Cal. App. 4th 239 (2019) ..........................................................................................................6

*Evans v. Home Depot U.S.A., Inc.*,
 2017 WL 679531 (N.D. Cal. Feb. 21, 2017) ...................................................................................7

*Johnson v. Lucent Techs., Inc.*,
 653 F.3d 1000 (9th Cir. 2011) .........................................................................................................6

*Johnson v. Mammoth Recreations, Inc.*,
 975 F.2d 604 (9th Cir. 1992) ..........................................................................................1, 2, 3, 5, 6

*LiMandri v. Judkins*,
 52 Cal. App. 4th 326 (1997) ............................................................................................................6

*Moore v. Kayport Package Express, Inc.*,
 885 F.2d 531 (9th Cir. 1989) ...........................................................................................................3

*Price v. Pinnacle Brands, Inc.*,
 138 F.3d 602 (5th Cir. 1998) ...........................................................................................................3

*In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*,
 2020 WL 2214152 (S.D. Cal. May 7, 2020) ...................................................................................6

*Terpin v. AT&T Mobility, LLC*,
 2020 WL 5369410 (C.D. Cal. Sept. 8, 2020). .................................................................................6

*Union Pacific R. Co. v. Nevada Power Co.*,
 950 F.2d 1429 (9th Cir. 1991) .........................................................................................................3

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
 715 F.3d 716 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S.
 373 (2015) .......................................................................................................................................3

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
 313 F. Supp. 3d 1113 (N.D. Cal. 2018) ..........................................................................................4

**Rules**

Fed. R. Civ. P. 15 ...........................................................................................................................2, 3, 6

Fed. R. Civ. P. 16 ..................................................................................................................1, 2, 3, 5, 6

ii
DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

Gibson, Dunn & Crutcher LLP

Defendant AT&T Mobility LLC ("AT&T") hereby answers Robert Ross's ("Mr. Ross" or "Plaintiff") Motion for Leave to File an Amended Complaint ("Motion" or "Mot.").[1]

## I. Introduction

Plaintiff filed this litigation nearly a year ago, raising seven claims against AT&T arising out of an alleged theft of his funds by third parties through an unlawful "SIM swap." After resolution of AT&T's motion to dismiss, the Court entered a scheduling order setting a June 4, 2020 deadline to add parties or amend the pleadings. Two-and-a-half months after that deadline passed, Plaintiff sought leave to amend to add a new alleged basis for a punitive damages and a new cause of action against AT&T, both of which Plaintiff could have raised when he filed the original complaint in October 2019, but simply failed or chose not to raise. Plaintiff also sought to add two defendants, One Touch Direct, LLC, and One Touch Direct-San Antonio, LLC ("One Touch"), which it erroneously asserts it first learned of from AT&T's initial disclosures on June 5, 2020.

While AT&T does not oppose Plaintiff's request to add One Touch, AT&T does oppose Plaintiff's belated concealment claim and new request for punitive damages. Plaintiff cannot show good cause for his extended (and virtually unexplained) delay in raising these arguments, as required by Federal Rule of Civil Procedure 16 and this Court's scheduling order. *See* Dkt. 42. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Yet that is precisely what Plaintiff asks this Court to sanction.

Because Plaintiff cannot satisfy Rule 16, his motion to amend the complaint to add these theories of recovery should be denied.

## II. AT&T Does Not Object To Amending the Complaint To Add One Touch Direct

In his initial complaint, Plaintiff erroneously and repeatedly referred to the actions of "AT&T employees" in facilitating the alleged SIM swap. Plaintiff identified "AT&T representative Cristelo

---

[1] Plaintiff filed his initial motion to file an amended complaint on August 25, 2020, along with his counsel's declaration and the proposed amended complaint (clean and redline). Dkt. 58. On August 29, 2020, Plaintiff re-filed his declaration, along with corrected versions of the proposed amended complaint that replaced those filed on August 25, 2020. Dkt. 60. AT&T's Response addresses the arguments made in Plaintiff's August 25 motion, in the Grivakes Declaration filed on both August 25 and 29, and in the latest version of the amended complaint filed on August 29.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

V." as such an AT&T employee, who supposedly made the challenged SIM swap. Compl. ¶ 34. But Cristelo V. is not an AT&T employee. Instead, as AT&T noted in its motion to dismiss, Cristelo V. "was affiliated with an AT&T contractor, One Touch Direct, that provides AT&T services." Dkt. 16 at 12 n.2.

Accordingly, contrary to Plaintiff's assertions (Mot. at 5), Plaintiff knew no later than December 6, 2019, when AT&T filed its motion to dismiss, that Cristelo V. was associated with One Touch, not AT&T. *See* Dkt. 16 at 12 n.2. Plaintiff does not explain his failure to act upon this information prior to AT&T's initial disclosures. Nonetheless, AT&T does not object to adding One Touch as a defendant.

### III. Plaintiff Has Failed To Demonstrate "Good Cause" To Add New Substantive Allegations Against AT&T to the Amended Complaint.

In seeking to amend his complaint, Plaintiff heavily focuses on the liberal standard of Rule 15, which permits leave to amend "when justice so requires." *See* Mot. at 7. But "once the district court . . . file[s] a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establish[es] a timetable for amending pleadings[,] that rule's standards control[]." *Johnson*, 975 F.2d at 607–08. Here, the Court entered a scheduling order on May 19, 2020, which established the deadline to add parties or amend the pleadings as June 4, 2020. Dkt. 42. By seeking to file an amended complaint after this deadline, Plaintiff's motion seeks to modify the scheduling order. *See Beggins v. Carpenter*, 2020 WL 4676514, at *3 (E.D. Cal. Aug. 12, 2020) ("Motions for leave to amend pleadings after the court's issuance of a pretrial scheduling order under Federal Rule of Civil Procedure 16 are deemed as motions to modify the scheduling order even when no formal request has been made."). Thus, Plaintiff must satisfy the heightened standard of Rule 16.

This Court's scheduling order, like Rule 16(b)(4) itself, provides that "a schedule may be modified only for good cause and with the judge's consent." Good cause under Rule 16 means that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." FRCP 16 Advisory Committee's Notes (2015 amendment). Whereas Rule 15's standard "focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*,

2

DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

Gibson, Dunn & Crutcher LLP

975 F.2d at 609. Further, "although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id*. (internal citations omitted); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom*. *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

Although Plaintiff's Motion uses the language of "good cause" to argue in favor of the amendment, the cases Plaintiff cites as factors considered in deciding good cause were not decided according to the strictures of Rule 16. For example, Plaintiff relies on *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602 (5th Cir. 1998), and *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) as purportedly setting out the relevant considerations for a motion for leave to amend, and structures his motion around those considerations. Mot. at 9. But both *Price* and *Moore* explicitly construe only the liberal amendment policy of Rule 15(a), *not* the more stringent "good cause" standard for amendment of a scheduling order that applies to Plaintiff's motion. *See Price*, 138 F.3d at 607–08; *Moore*, 885 F.2d at 537–38. Similarly, Plaintiff's assertion that "[a]mendments seeking to add *claims* are to be granted more freely than amendments adding *parties*" construes Rule 15, not Rule 16. *Union Pacific R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Plaintiff's focus on Rule 15 reflects his inability to meet the applicable standard under Rule 16. With respect to the relevant good cause standard, Plaintiff asserts simply that "the factual bases for these additions were only recently discovered." Mot. at 9. Similarly, he asserts summarily that the motion "is being brought within a few short weeks of the discovery of the additional facts which form the basis for the claims," which Plaintiff alleges occurred "during his ongoing investigation and discovery into the SIM swap problem." *Id.* As an initial matter, Plaintiff offers no explanation whatsoever for why he could not have learned of those particular steps at an earlier date. But the conclusory allegations in Plaintiff's Motion and accompanying declaration about the facts he allegedly has learned also do not identify any facts that were actually necessary to either a fraudulent concealment claim or a punitive damages request. To the contrary, the only new facts identified play no substantial

3

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

role in the concealment claim or the punitive damages request. Instead, those additions in the proposed amended complaint rely on allegations that were included in the original complaint.[2]

First, as to the concealment claim, Plaintiff bases this claim on factual allegations that were included in the original complaint, not on the new allegations. In particular, the concealment claim is premised on the allegations that AT&T knew that its security measures were inadequate, that its employees and agents could and would bypass those measures, that it would not be able to shield customer information, that better security measures existed that it was not using, and that SIM swap fraud was prevalent. Am. Compl. ¶¶ 180–182. Plaintiff alleges that AT&T failed to disclose these supposed facts. But in Plaintiff's original complaint, he alleged substantially the same points: that AT&T "knew or should have known that it needed to take steps to protect its customers" and that "there was a significant risk that its own employees would provide customer data," as well as that AT&T "failed to put sufficient systems and resources in place to mitigate that risk, despite its own advice to the contrary." Compl. ¶¶ 77, 84. He also alleged that AT&T "knew, or should have known, about the risk SIM swap crimes presented to its customers." *Id*. ¶ 76. In other words, the original complaint pled *the exact facts* that Plaintiff now alleges were not disclosed—it simply did not contend that those facts, which do not establish the required duty to disclose, supported a claim for concealment.

Plaintiff's new allegations do not remedy the fatal flaw that Plaintiff has not pled a duty to disclose, but instead are immaterial to the claim. Concealment requires that a defendant have intentionally concealed or suppressed a material fact, with the intent to defraud the plaintiff, that the defendant had a "duty to disclose to the plaintiff"; that the plaintiff have been "unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact"; and that the plaintiff be damaged as a result of that concealment or suppression. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1133 (N.D. Cal. 2018). The heart of Plaintiff's concealment

---

[2] Because the Grivakes Declaration does not identify any newly learned facts that were necessary for the concealment claim or the new punitive damages request, it is inadequate to support Plaintiff's motion. *See* Dkt. 60. Moreover, it repeats the same mistake as the brief by asserting that "AT&T's Disclosures were the first time [counsel] learned that AT&T had contracted with a third-party call center that effected the SIM swap on Ross' phone," despite AT&T noting this fact in its motion to dismiss. Dkt. 60 ¶ 4; Dkt. 16 at 12 n.2.

4

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

claim is the allegation that AT&T did not disclose that Plaintiff faced risk of a SIM swap due to the possibility of criminal employees and allegedly inadequate security.

Plaintiff alleges that he has now identified *particular* steps AT&T should have (but did not) take to minimize the risk of SIM swaps. Am. Compl. ¶ 100. But the particular steps that AT&T could allegedly have taken are not material to whether AT&T should have disclosed that Plaintiff was at a risk of SIM swaps. Instead, it was implicit in Plaintiff's allegations that AT&T "failed to put sufficient systems and resources in place to mitigate [customer] risk" that there were "systems and resources" that AT&T should have used. Compl. ¶ 84. Plaintiff's decision to further articulate this already baked-in notion of alternatives does not create any duty on the part of AT&T or allege a failure to disclose any material fact. Am. Compl. ¶¶ 180-184.

In short, Plaintiff alleged the material facts that underlie his concealment claim in the original complaint, and the new facts in the proposed amended complaint are not significant to the concealment claim. Plaintiff therefore does not have good cause for failing to raise this claim by the deadline in the scheduling order.

Second, as to the punitive damages request, Plaintiff contends that his allegedly newly found facts suggesting that AT&T knowingly disregarded particular methods it could have used to provide better security provide the necessary "reckless and conscious disregard" to seek punitive damages on a negligence claim. Mot. at 4. Plaintiff's mere assertion that he did "investigation and research" after the original complaint, through which he discovered a new basis for punitive damages, does not establish good cause when there is no assertion, much less evidence, that he could not have done that "investigation and research" before filing his original complaint (or, indeed, in the many months between filing and the cutoff for amendments set in this Court's scheduling order). Rule 16 focuses on Plaintiff's "diligence," *Johnson*, 975 F.2d at 609, and Plaintiff has not been diligent when he has failed to perform necessary investigation until after the deadline for amending the pleadings is past.

All Plaintiff alleges is that his belated investigation has demonstrated to him that AT&T was not "simply negligent," but "acted with reckless and conscious disregard of the risks posed to its customers." Mot. at 3. But Plaintiff alleged "reckless" conduct in his original complaint. Compl. ¶¶

5

DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

Gibson, Dunn & Crutcher LLP

172, 175. Moreover, he alleged that AT&T's conduct rose to the level to warrant punitive damages.[3] *Id.* ¶¶ 153, 194. Plaintiff does not have good cause for discovering a new *legal theory* for punitive damages that he could have raised originally.

In short, disregard of the scheduling order based on Plaintiff's lack of diligence "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15." *Johnson*, 975 F.2d at 609. Moreover, because Plaintiff's new theories are futile, *see infra* Section IV, AT&T will need to respond to those theories and that may interfere with the discovery and trial schedule. The Motion should be denied.

### IV. Plaintiff's Motion for Leave To Add a Concealment Claim and a New Basis for Punitive Damages Should Be Denied as Futile.

Plaintiff's motion should be denied for the additional reason that its proposed new claim and new basis for punitive damages would be futile. *In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, 2020 WL 2214152 (S.D. Cal. May 7, 2020) ("Where leave to amend would be futile, the district court may deny leave to amend the complaint," citing Fed. R. Civ. P. 15(a)).

As to Plaintiff's concealment claim, the Central District of California dismissed a similar claim last week because the plaintiff there failed to plead any basis for a duty to disclose the allegedly concealed facts. *Terpin v. AT&T Mobility, LLC*, 2020 WL 5369410, at *3-*4 (C.D. Cal. Sept. 8, 2020). Plaintiff relies exclusively on a California appellate decision that deals with a unique, and non-analogous, circumstance where a camp was held to have an adequate "special relationship" with *both* its camper and its staff member to allow the court to find that a duty to disclose that a staff member had an inappropriate interest in young girls was a part of the camp's duty to act with due care. *Doe v. Superior Court (First Baptist Church)*, 237 Cal. App. 4th 239, 246 (2019). The court applied a "standard of care" that would "vary depending on the facts of each case" to this unique context, drawing

---

[3] As AT&T previously outlined in its motion to dismiss, AT&T disagrees that Plaintiffs' allegations are sufficient to state a claim for punitive damages. Dkt. 16, at 23–25. Nothing in the proposed amended complaint cures the defects identified in the motion to dismiss, and the amended complaint fails to plausibly allege punitive damages for those and other reasons. Further, Plaintiff cannot contend that any new facts gave rise to an entitlement to punitive damages given that he already based a punitive damages request on substantially the same allegations in his original complaint.

6
DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

Gibson, Dunn & Crutcher LLP

on case law involving similar failures to disclose the risk of molestation or personal violence. *Id.* at 245. In contrast, in cases involving more analogous allegations of failure to disclose facts about a product or company, courts require a "fiduciary relationship" for a relationship-based duty to disclose (*LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997))—which Plaintiff cannot and does not allege. Moreover, Plaintiff cannot allege that he was unaware of any of the facts that he alleges AT&T concealed, given AT&T's explicit disclosures about the limits of its security. *See Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1011–12 (9th Cir. 2011).

As to Plaintiff's new basis for punitive damages, negligent conduct ordinarily "does not satisfy the highly culpable state of mind warranting punitive damages." *Evans v. Home Depot U.S.A., Inc.*, 2017 WL 679531, at *2 (N.D. Cal. Feb. 21, 2017). This Court previously permitted Plaintiff to seek punitive damages on his constitutional right of privacy claim. To the extent that Plaintiff must rely on his negligence claim, he lacks sufficient allegations of a higher state of culpability to claim punitive damages. Accordingly, his request for punitive damages on his negligence claim should be dismissed.[4]

## V. Conclusion

For the reasons set forth above, AT&T respectfully requests that the Court deny Plaintiff's motion to file his amended complaint and instead only grant Plaintiff leave to file an amended complaint that only adds One Touch as a defendant.

Dated: September 14, 2020

                        MARCELLUS MCRAE
                        ASHLEY E. JOHNSON
                        GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Marcellus McRae*
     Marcellus McRae
     Ashley E. Johnson

Attorneys for Defendant AT&T MOBILITY, LLC

---

[4] In the event the Court grants the motion, AT&T reserves the right to challenge Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12 on the grounds identified in this Response and any other grounds apparent from the amended complaint.

7

DEFENDANT AT&T MOBILITY LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

Gibson, Dunn & Crutcher LLP