MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

ASHLEY E. JOHNSON, admitted *pro hac vice*
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX  75201
Telephone:  214.698.3100
Facsimile:  214.571.2949

Attorneys for Defendant AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT ROSS,<br><br>                    Plaintiff,<br><br>        v.<br><br>AT&T MOBILITY LLC, ONE TOUCH DIRECT, LLC, and ONE TOUCH DIRECT-SAN ANTONIO, LLC,<br><br>                    Defendants. | CASE NO. 4:19-CV-06669 (JST)<br><br>**DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant AT&T Mobility LLC ("AT&T") hereby answers Robert Ross's ("Mr. Ross" or "Plaintiff") Complaint. Any allegation not explicitly admitted is denied. AT&T does not, by noting or admitting that the Amended Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document. Moreover, headings, captions, and footnotes contained within the Amended Complaint are not substantive allegations to which an answer is required. To the extent headings and captions are substantive allegations to which an answer is required, AT&T denies the allegations. To the extent footnotes in the Amended Complaint are deemed to be substantive allegations, then the response to the Paragraph in which the footnote is found is AT&T's response to the footnote as well. In answer to the Amended Complaint, AT&T states as follows:

## I. Response to Allegations Styled "Nature of the Action"

1.     AT&T denies the allegations in Paragraph 1 of the Amended Complaint.

2.     AT&T admits that it is a leading telecommunications provider in the United States. Except as expressly admitted, AT&T denies the allegations in Paragraph 2 of the Amended Complaint.

3.     AT&T admits that federal and state laws and regulations govern its conduct. Those laws and regulations speak for themselves. Except as expressly admitted, AT&T denies the allegations in Paragraph 3 of the Amended Complaint.

4.     AT&T admits that it has a Privacy Policy and that Paragraph 4 of the Amended Complaint purports to quote and characterize that policy. That policy speaks for itself. AT&T denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5.     AT&T denies the allegations in Paragraph 5 of the Amended Complaint.

6.     AT&T denies the allegations in Paragraph 6 of the Amended Complaint.

7.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 7 of the Amended Complaint regarding Mr. Ross's motivations for bringing this action, and on that basis denies the same. AT&T denies the remaining allegations in Paragraph 7 of the Amended Complaint.

## II. Response to Allegations Styled "The Parties"

8.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 8 of the Amended Complaint, and on that basis denies the same.

9.     AT&T admits that Mr. Ross has been an AT&T mobile customer since at least 2007. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 9 of the Amended Complaint, and on that basis denies the same.

10.     AT&T admits that it is a Delaware limited liability corporation with its principal office or place of business in Brookhaven, Georgia. AT&T denies that the web address in footnote 1 contains the information alleged in Paragraph 10 of the Amended Complaint. AT&T admits that AT&T Inc.'s Form 10-K for the fiscal year ended December 2018, which is available at https://www.sec.gov/Archives/edgar/data/732717/000119312519045608/d705958d10k.htm, includes the language quoted in Paragraph 10. AT&T admits that page 4 of this Form 10-K also states that "At December 31, 2018, we served 153 million Mobility subscribers." This document speaks for itself. AT&T further admits that AT&T Inc. reported segment operating revenues for Mobility in 2017 and 2018 that were above $71 billion. AT&T admits that it is a leading telecommunications provider in the United States. Except as expressly admitted, AT&T denies the allegations in Paragraph 10 of the Amended Complaint.

11.     AT&T admits that it provides wireless service to subscribers in the United States. The remaining allegations of Paragraph 11 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. Except as expressly admitted, AT&T denies the allegations in Paragraph 11 of the Amended Complaint.

12.     AT&T notes that Paragraph 12 of the Amended Complaint purports to characterize and quote from AT&T Inc.'s 2018 Annual Report. That Annual Report speaks for itself. AT&T admits that it is an indirect wholly-owned subsidiary of AT&T Inc. AT&T denies any remaining allegations in Paragraph 12 of the Amended Complaint.

13.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 13 of the Amended Complaint, and on that basis it denies them. AT&T admits that it contracted with One-Touch Direct to provide certain call center services for AT&T mobile phone customers. Except as expressly admitted, AT&T denies the allegations in Paragraph 13 of the Amended Complaint.

14.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint, and on that basis it denies them.

15.     AT&T admits that it contracted with One-Touch Direct to perform certain services for AT&T.   The remaining allegations in Paragraph 15 of the Amended Complaint contain legal conclusions that require no answer.  To the extent an answer is required, AT&T denies the allegations in Paragraph 15 of the Amended Complaint.

16.     AT&T admits for purposes of this action only that AT&T entered into a master services agreement with One Touch Direct. AT&T notes that the master services agreement speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T admits that it adopts security measures to protect the account security of its customers.  The remaining allegations in Paragraph 16 of the Amended Complaint contain legal conclusions that require no answer.  To the extent an answer is required, AT&T denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17.     AT&T denies that individuals affiliated with One Touch Direct or One Touch Direct – SA were de facto employees of AT&T and denies that such individuals had access to and use of AT&T's customer database.  AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 17 of the Amended Complaint, and on that basis denies them. Further, the last dependent clause starting with "were" and ending with "of AT&T" in Paragraph 17 contains legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in the last dependent clause of Paragraph 17 of the Amended Complaint.  AT&T denies any remaining allegations in Paragraph 17 of the Amended Complaint.

### III. Response to Allegations Styled "Jurisdiction and Venue"

18.     The allegations in Paragraph 18 of the Amended Complaint contain legal conclusions that require no answer. To the extent that an answer is required, AT&T admits for purposes of this action only that the Court has subject matter jurisdiction over this action. Except as expressly admitted, AT&T denies the allegations in Paragraph 18 of the Amended Complaint.

19.     The allegations in Paragraph 19 of the Amended Complaint contain legal conclusions that require no answer. To the extent that an answer is required, AT&T admits for purposes of this

1    action only that the Court has personal jurisdiction over AT&T. Except as expressly admitted, AT&T

2    denies the allegations in Paragraph 19 of the Amended Complaint.

3        20.    The allegations in Paragraph 20 of the Amended Complaint contain legal conclusions

4    that require no answer. To the extent that an answer is required, AT&T admits for purposes of this

5    action only that venue is appropriate in this district. Except as expressly admitted, AT&T denies the

6    allegations in Paragraph 20 of the Amended Complaint.

7            **IV. Response to Allegations Styled "Allegations Applicable to All Counts"**

8        21.    The allegations in Paragraph 21 of the Amended Complaint are too vague for AT&T to

9    form a belief as to the truth of the allegations and, on that basis, AT&T denies them. Further, the

10   allegations in the second sentence of Paragraph 21 contain legal conclusions that require no answer.

11   To the extent that an answer is required, AT&T denies the allegations in the second sentence of

12   Paragraph 21 of the Amended Complaint.

13       22.    AT&T lacks knowledge or information sufficient to form a belief regarding the truth of

14   the allegations of the third sentence of Paragraph 22 regarding the actions of criminal hackers and on

15   that basis denies the same. AT&T denies the remaining allegations in Paragraph 22 of the Amended

16   Complaint.

17       23.    AT&T admits that effecting a SIM change without authorization can be referred to as

18   SIM swapping. AT&T denies the remaining allegations in Paragraph 23 of the Amended Complaint.

19   **A.    Response to Allegations Styled "SIM Swapping is a Type of Identity Theft Involving the**
     **Transfer of a Mobile Phone Number"**

20

21       24.    AT&T admits that a SIM change took place on Mr. Ross's account on October 26, 2018.

22   AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in

23   Paragraph 24 of the Amended Complaint, and on that basis denies the same.

24       25.    AT&T admits that effecting a SIM change without authorization can be referred to as

25   "SIM swapping."  Except as expressly admitted, AT&T denies the allegations in Paragraph 25 of the

26   Amended Complaint.

27       26.    AT&T admits that most newer model cell phones do contain a SIM card. AT&T further

28   admits that cell phones that require a SIM card, and that do not have a SIM card, will likely not allow

for calls or text messages over a carrier network. AT&T further admits that an international mobile equipment identity number ("IMEI") can be used to identify a specific mobile device. Except as expressly admitted, AT&T denies the allegations in Paragraph 26 of the Amended Complaint.

27.     AT&T admits that SIM changes occur pursuant to its subscribers' requests, and that it allows a subscriber to transfer his or her service to a new or different mobile device. AT&T further admits that a subscriber may visit a retail store or call AT&T customer support to request a SIM change. The allegations in Paragraph 27 that AT&T has engaged in conduct "numerous times" or had "inadequate protections" are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.  The fourth sentence of Paragraph 27 of the Amended Complaint contains legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in the fourth sentence of Paragraph 27 of the Amended Complaint.  Except as expressly admitted, AT&T denies the allegations in Paragraph 27 of the Amended Complaint.

28.     AT&T admits that effecting a SIM change without authorization can be referred to as  a SIM swap. AT&T lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 28, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same. Except as expressly admitted, AT&T denies the allegations in Paragraph 28 of the Amended Complaint.

29.     AT&T admits that two-factor authentication requires a person to verify their identification through two means, and that one method to authenticate may occur at a person's request through text messaging. AT&T lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 29, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same. Except as expressly admitted, AT&T denies the allegations in Paragraph 29 of the Amended Complaint.

30.     AT&T denies the allegations in Paragraph 30 of the Amended Complaint.

31.     AT&T denies the allegations in Paragraph 31 of the Amended Complaint.

32.     AT&T denies the allegations in Paragraph 32 of the Amended Complaint.

**B.**     **Response to Allegations Styled "AT&T Facilitated Unauthorized Access to Mr. Ross' AT&T Account and Gave Control of His Account to Hackers"**

33.     AT&T denies the allegations in Paragraph 33 of the Amended Complaint.

34.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 34 of the Amended Complaint, and on that basis denies the same.

35.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 35 of the Amended Complaint, and on that basis denies the same.

36.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 36 of the Amended Complaint, and on that basis denies the same.

37.     AT&T  lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 37 of the Amended Complaint, and on that basis denies the same.

38.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 38 of the Amended Complaint, and on that basis denies the same.

39.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 39 of the Amended Complaint, and on that basis denies the same.

40.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 40 of the Amended Complaint, and on that basis denies the same.

41.     The allegations in Paragraph 41 of the Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations, and, on that basis, AT&T denies them.

42.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 42 of the Amended Complaint, and on that basis denies the same.

43.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the first, third, and fourth sentences of Paragraph 43 of the Amended Complaint, and on that basis denies the same. AT&T denies the remaining allegations in Paragraph 43 of the Amended Complaint.

44.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 44 of the Amended Complaint, and on that basis denies the same.

45.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 45 of the Amended Complaint, and on that basis denies the same.

Gibson, Dunn &
Crutcher LLP

46.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the first sentence of Paragraph 46 of the Amended Complaint, and on that basis denies the same. AT&T notes that Paragraph 46 of the Amended Complaint purports to characterize an investigation report. To the extent such investigation report can be identified, it speaks for itself. AT&T denies the remaining allegations in Paragraph 46 of the Amended Complaint.

47.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 47 of the Amended Complaint, and on that basis denies the same.

48.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 48 of the Amended Complaint, and on that basis denies the same.

49.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 49 of the Amended Complaint, and on that basis denies the same.

50.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 50 of the Amended Complaint, and on that basis denies the same.

**C.     Response to Allegations Styled "AT&T's Failure to Protect Mr. Ross's Account from Unauthorized Access Violates Federal Law"**

51.     The allegations in Paragraph 51 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related orders and regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 51 of the Amended Complaint.

52.     The allegations in Paragraph 52 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 52 of the Amended Complaint.

53.     The allegations in Paragraph 53 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 53 of the Amended Complaint.

54.     The allegations in Paragraph 54 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 54 purports to characterize an FCC order. That order speaks for itself. AT&T denies any remaining allegations in Paragraph 54 of the Amended Complaint.

55.     The allegations in Paragraph 55 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 55 purports to characterize and quote from the document cited in footnote 16. That document speaks for itself. AT&T denies any remaining allegations in Paragraph 55 of the Amended Complaint.

56.     The allegations in Paragraph 56 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 56 of the Amended Complaint.

57.     AT&T denies the allegations in Paragraph 57 of the Amended Complaint.

58.     AT&T denies the allegations in Paragraph 58 of the Amended Complaint.

59.     The allegations in Paragraph 59 of the Amended Complaint contain legal conclusions that require no answer.  Paragraph 59 purports to characterize and describe the FCA.  To the extent that an answer is required regarding these purported descriptions and characterizations of the FCA, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 59 of the Amended Complaint.

60.     The allegations in Paragraph 60 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 60 purports to characterize and quote from the document cited in footnote 20. That document speaks for itself. AT&T denies any remaining allegations in Paragraph 60 of the Amended Complaint.

61.     AT&T denies the allegations in Paragraph 61 of the Amended Complaint.

62.     The allegations in Paragraph 62 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 62 purports to characterize and quote from the documents cited in footnotes 21–25. Those documents speak for themselves. AT&T denies any remaining allegations in Paragraph 62 of the Amended Complaint.

63.     The allegations in Paragraph 63 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 63 purports to characterize and quote from the FCC order cited in footnotes 26–28. That order speaks for itself. AT&T denies any remaining allegations in Paragraph 63 of the Amended Complaint.

64.     AT&T denies the allegations in Paragraph 64 of the Amended Complaint.

65.     The allegations in Paragraph 65 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related orders and regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 65 of the Amended Complaint.

66.     AT&T denies the allegations in Paragraph 66 of the Amended Complaint.  Further, the allegations in Paragraph 66 contain legal conclusions that require no answer.

67.     AT&T denies the allegations in Paragraph 67 of the Amended Complaint.  Further, the allegations in Paragraph 67 contain legal conclusions that require no answer.

68.     The allegations in Paragraph 68 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 68 purports to characterize and quote from an FCC order. That order speaks for itself. AT&T denies any remaining allegations in Paragraph 68 of the Amended Complaint.

69.     AT&T denies the allegations in Paragraph 69 of the Amended Complaint. Further, the allegations in Paragraph 69 contain legal conclusions that require no answer.

70.     The allegations in Paragraph 70 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 70 purports to characterize and quote

Gibson, Dunn & Crutcher LLP

from an FCC order. That order speaks for itself. AT&T denies any remaining allegations in Paragraph 65 of the Amended Complaint.

71.     The allegations in Paragraph 71 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 71 purports to characterize and quote from an FCC order. That order speaks for itself. AT&T denies any remaining allegations in Paragraph 71 of the Amended Complaint.

72.     The allegations in Paragraph 72 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 72 purports to characterize and quote from an FCC order. That order speaks for itself. AT&T denies any remaining allegations in Paragraph 72 of the Amended Complaint.

73.     AT&T denies the allegations in Paragraph 73 of the Amended Complaint. Further, the allegations in Paragraph 73 contain legal conclusions that require no answer.

74.     The allegations in the first sentence of Paragraph 74 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T denies the allegations in the first sentence of Paragraph 74 of the Amended Complaint. AT&T denies the remaining allegations in Paragraph 74 of the Amended Complaint.

75.     The allegations in Paragraph 75 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T denies the allegations in Paragraph 75 of the Amended Complaint.

**D.     Response to Allegations Styled "Mr. Ross' Harm Was Caused by Defendants' Negligence"**

76.     AT&T denies the allegations in Paragraph 76 of the Amended Complaint.  Further, the allegations in Paragraph 76 contain legal conclusions that require no answer.

77.     The allegations in Paragraph 77 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 77 purports to characterize and quote from an FCC order. That order speaks for itself. AT&T denies any remaining allegations in Paragraph 77 of the Amended Complaint.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

78.     AT&T denies the allegations in the first sentence of Paragraph 78 of the Amended Complaint. The allegations in the second sentence of Paragraph 78 of the Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. The remaining allegations in Paragraph 78 purport to characterize a document associated with the FTC Chief Technologist of the Federal Trade Commission, which is cited in footnotes 38–42. That document speaks for itself. AT&T denies that the document cited in footnotes 38–42 is a report from the FTC. AT&T denies any remaining allegations in Paragraph 78 of the Amended Complaint.

79.     AT&T denies the allegations in the first sentence of Paragraph 79 of the Amended Complaint. The remaining allegations in Paragraph 79 purport to characterize a document associated with the FTC Chief Technologist of the Federal Trade Commission, which is cited in footnotes 38–42. That document speaks for itself. AT&T denies that the document cited in footnotes 38–42 is designated as a 2017 Report from the FTC. AT&T denies any remaining allegations in Paragraph 79 of the Amended Complaint.

80.     AT&T notes that the cited article, Brian Rexroad, "Secure Your Number to Reduce SIM Swap Scams," AT&T's Cyber Aware (Sep. 2017), speaks for itself. AT&T denies the remaining allegations of Paragraph 80 of the Amended Complaint.

81.     AT&T denies the allegations in Paragraph 81 of the Amended Complaint.

82.     AT&T denies the allegations in the first sentence in Paragraph 82 of the Amended Complaint. AT&T admits that "AT&T Tech Channel," which appears at https://www.youtube.com/user/ATTTechChannel, includes multiple videos carrying the label "AT&T ThreatTraq." Those videos speak for themselves. AT&T denies the remaining allegations in Paragraph 82 of the Amended Complaint.

83.     AT&T notes that Paragraph 83 of the Amended Complaint purports to quote from two videos: "Mobile Security," on YouTube (Feb. 12, 2019), *available at* https://www.youtube.com/watch?v=KSPHS89VnX0, and "AT&T Mobile Movement Campaign — Ads," on Vimeo, *available at* https://vimeo.com/224936108. The referenced videos speak for themselves. AT&T denies any remaining allegations in Paragraph 83 of the Amended Complaint.

84.     AT&T notes that Paragraph 84 of the Amended Complaint purports to quote from AT&T Tech Channel, "The Huntin' and Phishin' Episode" on YouTube (Apr. 21, 2017), *available at* https://www.youtube.com/watch?v=3g9cPCiFosk. That video speaks for itself. AT&T denies any remaining allegations in Paragraph 84 of the Amended Complaint.

85.     AT&T notes that the allegations in Paragraph 85 purport to characterize content of the YouTube video cited in Paragraph 85. That video speaks for itself. AT&T denies any remaining allegations in Paragraph 85 of the Amended Complaint.

86.     AT&T notes that Paragraph 86 of the Amended Complaint purports to quote from AT&T ThreatTraq, "The Real Threat of Insider Threats" on YouTube (May 5, 2017), *available at* https://www.youtube.com/watch?v=ZM5tuNiVsjs. That video speaks for itself. AT&T denies the remaining allegations in Paragraph 86 of the Amended Complaint.

87.     AT&T denies the allegations in the first sentence of Paragraph 87. AT&T notes that Paragraph 89 of the Amended Complaint purports to quote from AT&T ThreatTraq, "The Real Threat of Insider Threats" on YouTube (May 5, 2017), *available at* https://www.youtube.com/watch?v=ZM5tuNiVsjs. That video speaks for itself. AT&T denies the remaining allegations in Paragraph 87 of the Amended Complaint.

88.     AT&T notes that Paragraph 88 of the Amended Complaint purports to quote from AT&T ThreatTraq, "5/31/19 Account-hacking Forum OGusers Hacked" on YouTube (May 31, 2019), *available at* https://www.youtube.com/watch?time continue=234&v=cS4xV3cej3A. That video speaks for itself. AT&T denies any remaining allegations in Paragraph 88 of the Amended Complaint.

89.     AT&T denies the allegations in Paragraph 89 of the Amended Complaint.

90.     AT&T denies the allegations in Paragraph 90 of the Amended Complaint.

91.     AT&T notes that Paragraph 91 of the Amended Complaint purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 91 of the Amended Complaint.

92.     AT&T notes that Paragraph 92 of the Amended Complaint purports to quote from, and purports to characterize, an order from the FCC. That order speaks for itself, and AT&T denies any

description or characterization that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 92 of the Amended Complaint.

93.    AT&T notes that Paragraph 93 of the Amended Complaint purports to quote from, and purports to characterize, an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 93 of the Amended Complaint.

94.    AT&T notes that Paragraph 94 of the Amended Complaint purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 94 of the Complaint.

95.    AT&T notes that Paragraph 95 of the Amended Complaint purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 95 of the Complaint.

96.    AT&T notes that Paragraph 96 of the Amended Complaint purports to quote from, and purports to characterize, a Princeton study cited at footnote 66, a congressional letter cited at footnote 67, and a Twitter post cited at footnote 68 of the Amended Complaint. Those documents speak for themselves. AT&T denies any remaining allegations in Paragraph 96 of the Amended Complaint.

97.    AT&T notes that Paragraph 97 of the Amended Complaint purports to quote from, and purports to characterize, Wall Street Journal, Forbes, and Vice articles cited at footnotes 69-71 of the Amended complaint. Those articles speak for themselves. AT&T denies any remaining allegations in Paragraph 97 of the Amended Complaint.

98.    AT&T denies the allegations in the first sentence of Paragraph 98 of the Amended Complaint. AT&T notes that Paragraph 98 of the Amended Complaint purports to cite to a press release from the Communication Workers of America in footnote 73 and a report from Statista in footnote 72, each of which speaks for itself. AT&T admits that its parent corporation, AT&T, Inc., together with its subsidiaries and affiliates, employed approximately 254,000 employees in 2017. AT&T notes that Paragraph 98 of the Amended Complaint purports to quote from, and purports to characterize, a

Communication Workers of America report. That report speaks for itself. AT&T denies any remaining allegations in Paragraph 98 of the Amended Complaint.

99.    AT&T denies the allegations in the first sentence of Paragraph 99 of the Amended Complaint. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 99 of the Amended Complaint, and on that basis denies the same.

100.    AT&T denies the allegations in the first sentence of Paragraph 100 of the Amended Complaint.  With respect to the subparagraphs of Paragraph 100, AT&T responds as follows:

(a) AT&T denies the allegations of Paragraph 100(a) of the Amended Complaint.

(b) AT&T admits that it has the ability to, and sometimes does, send text messages to mobile subscribers.  AT&T lacks knowledge and information sufficient to determine the truth of the allegations in the second, third, sixth, and seventh sentences, as well as the portion of the ninth sentence beginning "With every text confirmation" and ending with "of the theft," of Paragraph 100(b) of the Amended Complaint, and on that basis it denies them. AT&T denies the allegations in the remaining portion (beginning with "as it would" and concluding with "text message") of the ninth sentence of Paragraph 100(b) of the Amended Complaint. AT&T notes that the eighth sentence of Paragraph 100(b) of the Amended Complaint purports to characterize a press release cited in footnote 75 of the Amended Complaint.  That press release speaks for itself.  AT&T denies the remaining allegations in Paragraph 100(b) of the Amended Complaint.

(c) AT&T admits that it has the ability to send emails to customers.  AT&T lacks knowledge or information sufficient to determine the truth of the hypothetical facts alleged in the third sentence of Paragraph 100(c) of the Amended Complaint, and on that basis it denies them.  AT&T denies the remaining allegations in Paragraph 100(c) of the Amended Complaint.

(d) The allegations in the first sentence of Paragraph 100(d) of the Amended Complaint are too vague for AT&T to form a belief as to the truth of those allegations and, on that basis, AT&T denies them.  AT&T denies the remaining allegations of Paragraph 100(d) of the Amended Complaint.

(e) AT&T notes that Paragraph 100(e) of the Amended Complaint purports to quote from or purports to characterize websites cited at footnotes 76-80 of the Amended Complaint. These online sources speak for themselves. AT&T admits that it developed the Watson speech recognition platform

1   and that Interactions Corporation subsequently acquired that platform. AT&T lacks knowledge or

2   information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100(e)

3   of the Amended Complaint, and on that basis it denies them.

4        (f) The allegations of Paragraph 100(f) of the Amended Complaint are too vague for AT&T to

5   form a belief as to the truth of the allegations and, on that basis, AT&T denies them.  Further, AT&T

6   lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

7   100(f) of the Amended Complaint, and on that basis it denies them.

8        Except as expressly admitted, AT&T denies any remaining allegations in Paragraph 100 of the

9   Amended Complaint.

10       101.    AT&T denies the allegations in Paragraph 101 of the Amended Complaint.

11       102.    AT&T denies the allegations in the first sentence of Paragraph 102 of the Amended

12  Complaint. The remaining allegations in Paragraph 102 purport to characterize an article by Krebs on

13  Security. That document speaks for itself. AT&T denies any remaining allegations in Paragraph 102

14  of the Amended Complaint.

15       103.    The allegations in the last sentence of Paragraph 103 of the Amended Complaint are too

16  vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies

17  them.  The remaining allegations in Paragraph 103 of the Amended Complaint quote from or purport

18  to characterize portions of ZenKey's website, the Apple app store, or the Google app store.  These

19  online sources speak for themselves.  AT&T denies any remaining allegations in Paragraph 103 of the

20  Amended Complaint.

21       104.    The allegations in the first portion (from "While ZenKey" to "financial institutions") of

22  the second sentence of Paragraph 104 of the Amended Complaint are too vague for AT&T to form a

23  belief as to the truth of the allegations and, on that basis, AT&T denies them.  AT&T denies the

24  remaining allegations in Paragraph 103 of the Amended Complaint.

25       105.    AT&T denies the allegations in Paragraph 105 of the Amended Complaint.

26

27

28

Gibson, Dunn &
Crutcher LLP

1

2

**F.      Response to Allegations Styled "Defendants are Liable for the Acts of their Employees, Representatives and Agents"**

106.    AT&T denies the allegations in Paragraph 106 of the Amended Complaint.  Further, the allegations in Paragraph 106 contain legal conclusions that require no answer.

107.    AT&T denies the allegations in Paragraph 107 of the Amended Complaint.

108.    AT&T denies the allegations in Paragraph 108 of the Amended Complaint.

109.    AT&T denies the allegations in Paragraph 109 of the Amended Complaint.

110.    The allegations in Paragraph 110 of the Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

111.    AT&T notes that Paragraph 111 of the Amended Complaint purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 111 of the Amended Complaint.

**G.      Response to Allegations Styled "AT&T's Misrepresentations and Omissions"**

112.    AT&T notes that Paragraph 112 of the Amended Complaint purports to characterize AT&T's Privacy Policy. AT&T's Privacy Policy speaks for itself. AT&T denies any remaining allegations in Paragraph 112 of the Amended Complaint.

113.    AT&T notes that Paragraph 113 of the Amended Complaint contains an excerpt from AT&T's Privacy Policy; that Privacy Policy speaks for itself. AT&T denies the remaining allegations in Paragraph 113 of the Amended Complaint.

114.    AT&T denies the allegations in Paragraph 114 of the Amended Complaint.

115.    AT&T denies the allegations in Paragraph 115 of the Amended Complaint. Further, the allegations in Paragraph 115 contain legal conclusions that require no answer.

116.    AT&T denies the allegations in Paragraph 116 of the Amended Complaint.

117.    AT&T admits that Paragraph 117 purports to quote from an article appearing on the internet. That article speaks for itself. AT&T denies any remaining allegations in Paragraph 117 of the Amended Complaint.

118.    AT&T denies the allegations in the first sentence in Paragraph 118 of the Amended Complaint. AT&T admits that Exhibit B to the Amended Complaint is a document entitled "Regional Enforcement Allied Computer Team Investigation Report."  The document speaks for itself. AT&T denies the remaining allegations in Paragraph 118 of the Amended Complaint.

119.    AT&T admits that Exhibit B to the Amended Complaint is a document entitled "Regional Enforcement Allied Computer Team Investigation Report."  The document speaks for itself. AT&T denies the remaining allegations in Paragraph 119 of the Amended Complaint.

120.    AT&T admits that it provided information to the REACT cybercrime task force.  AT&T notes that Paragraph 120 of the Amended Complaint purports to characterize Exhibit B to the Amended Complaint.  That document speaks for itself.  The second sentence of Paragraph 120 of the Amended Complaint contains a legal conclusion that requires no answer.  To the extent an answer is required, AT&T denies the allegations of the second sentence of Paragraph 120 of the Amended Complaint. Except as expressly admitted, AT&T denies the allegations in Paragraph 120 of the Amended Complaint.

121.    AT&T denies the allegations in Paragraph 121 of the Amended Complaint.

122.    AT&T denies the allegations in Paragraph 122 of the Amended Complaint.

123.    AT&T denies the allegations in Paragraph 123 of the Amended Complaint.

124.    AT&T notes that Paragraph 124 of the Amended Complaint purports to quote from AT&T's Privacy Policy; that Privacy Policy speaks for itself. AT&T denies the remaining allegations in Paragraph 124 of the Amended Complaint.

125.    AT&T denies the allegations in Paragraph 125 of the Amended Complaint.  Further, the allegations in Paragraph 125 contain legal conclusions that require no answer.

126.    AT&T notes that Paragraph 126 of the Amended Complaint purports to quote from AT&T's Privacy Policy; that Privacy Policy speaks for itself. AT&T denies any remaining allegations in Paragraph 126 of the Amended Complaint.

127.    AT&T denies the allegations in Paragraph 127 of the Amended Complaint.

128.    AT&T denies the allegations in Paragraph 128 of the Amended Complaint.

129.    AT&T denies the allegations in Paragraph 129 of the Amended Complaint.

1    130.    AT&T denies the allegations in Paragraph 130 of the Amended Complaint.

2    131.    AT&T denies the allegations in Paragraph 131 of the Amended Complaint.  Further, the

3    allegations in Paragraph 131 contain legal conclusions that require no answer.

4    132.    AT&T denies the allegations in Paragraph 132 of the Amended Complaint.

5    133.    AT&T denies the allegations in Paragraph 133 of the Amended Complaint. Further, the

6    allegations in Paragraph 133 contain legal conclusions that require no answer.

7    ### V. Response to Allegations Styled "Claims for Relief"

8    **A.    Count I – Violations of the Federal Communications Act, 47 U.S.C. § 201 *et seq.***

9    134.    AT&T repeats and incorporates by reference each and every denial, admission, and

10   averment set forth in Paragraphs 1 through 133 above as though fully set forth herein.

11   135.    AT&T denies the allegations in Paragraph 135 of the Amended Complaint.  Further, the

12   allegations in Paragraph 135 contain legal conclusions that require no answer.

13   136.    AT&T denies the allegations in Paragraph 136 of the Amended Complaint.  Further, the

14   allegations in Paragraph 136 contain legal conclusions that require no answer.

15   137.    AT&T denies the allegations in Paragraph 137 of the Amended Complaint.  Further, the

16   allegations in Paragraph 137 contain legal conclusions that require no answer.

17   138.    AT&T admits that Plaintiff purports to seek the relief described in Paragraph 138 of the

18   Amended Complaint. AT&T denies that Plaintiff is entitled to any relief and denies any remaining

19   allegations in Paragraph 138 of the Amended Complaint.

20   **B.    Count II – Violations of the California Unfair Competition Law ("UCL") under the
     Unlawful, Unfair and Fraudulent Prongs, California Business & Professions Code §
21   17200 *et seq.***

22   139.    AT&T repeats and incorporates by reference each and every denial, admission, and

23   averment set forth in Paragraphs 1 through 139 above as though fully set forth herein.

24   140.    AT&T notes that Paragraph 140 of the Amended Complaint purports to quote from

25   California's Unfair Competition Law (UCL). That law speaks for itself, and AT&T denies any

26   characterization or description that is inconsistent therewith. AT&T denies the remaining allegations

27   in Paragraph 140 of the Amended Complaint.

28

141.   AT&T denies the allegations in Paragraph 141 of the Amended Complaint.  Further, the allegations in Paragraph 141 contain legal conclusions that require no answer.

142.   AT&T denies the allegations in Paragraph 142 of the Amended Complaint.  Further, the allegations in Paragraph 142 contain legal conclusions that require no answer.

143.   AT&T denies the allegations in Paragraph 143 of the Amended Complaint.  Further, the allegations in Paragraph 143 contain legal conclusions that require no answer.

144.   AT&T denies the allegations in Paragraph 144 of the Amended Complaint.  Further, the allegations in Paragraph 144 contain legal conclusions that require no answer.

145.   AT&T denies the allegations in Paragraph 145 of the Amended Complaint. Further, the allegations in Paragraph 145 contain legal conclusions that require no answer.

146.   AT&T denies the allegations in Paragraph 146 of the Amended Complaint. Further, the allegations in Paragraph 146 contain legal conclusions that require no answer.

147.   AT&T denies the allegations in Paragraph 147 of the Amended Complaint. Further, the allegations in Paragraph 147 contain legal conclusions that require no answer.

148.   AT&T denies the allegations in Paragraph 148 of the Amended Complaint. Further, the allegations in Paragraph 148 contain legal conclusions that require no answer.

149.   AT&T denies the allegations in Paragraph 149 of the Amended Complaint. Further, the allegations in Paragraph 149 contain legal conclusions that require no answer.

150.   AT&T notes that Paragraph 150 of the Amended Complaint purports to characterize the FCA. The FCA speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 150 of the Amended Complaint.

151.   AT&T denies the allegations in Paragraph 151 of the Amended Complaint. Further, the allegations in Paragraph 151 contain legal conclusions that require no answer.

152.   AT&T denies the allegations in Paragraph 152 of the Amended Complaint. Further, the allegations in Paragraph 152 contain legal conclusions that require no answer.

153.     AT&T admits that Plaintiff purports to seek the relief described in Paragraph 153 of the Amended Complaint. AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 153 of the Amended Complaint.

**C.     Count III – Violations of the California Constitutional Right to Privacy**

154.     AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 153 above as though fully set forth herein.

155.     AT&T notes that Paragraph 155 of the Amended Complaint purports to quote from the California Constitution. The California Constitution speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 155 of the Amended Complaint.

156.     AT&T denies the allegations in Paragraph 156 of the Amended Complaint. Further, the allegations in Paragraph 156 contain legal conclusions that require no answer.

157.     AT&T denies the allegations in Paragraph 157 of the Amended Complaint. Further, the allegations in Paragraph 157 contain legal conclusions that require no answer.

158.     AT&T denies the allegations in Paragraph 158 of the Amended Complaint. Further, the allegations in Paragraph 158 contain legal conclusions that require no answer.

159.     AT&T denies the allegations in Paragraph 159 of the Amended Complaint. Further, the allegations in Paragraph 159 contain legal conclusions that require no answer.

160.     AT&T denies the allegations in Paragraph 160 of the Amended Complaint. Further, the allegations in Paragraph 160 contain legal conclusions that require no answer.

161.     AT&T denies the allegations in Paragraph 161 of the Amended Complaint. Further, the allegations in Paragraph 161 contain legal conclusions that require no answer.

162.     AT&T denies the allegations in Paragraph 162 of the Amended Complaint.  Further, Paragraph 162 of the Amended Complaint contains legal conclusions that require no answer.

163.     AT&T admits that Plaintiff purports to seek the relief described in Paragraph 163 of the Amended Complaint. AT&T denies that Plaintiff is entitled to punitive damages or any other relief and denies any remaining allegations in Paragraph 163 of the Amended Complaint.  Further, Paragraph 163 of the Amended Complaint contains legal conclusions that require no answer.

1

## D.    Count IV – Negligence

2      164.    AT&T repeats and incorporates by reference each and every denial, admission, and

3   averment set forth in Paragraphs 1 through 163 above as though fully set forth herein.

4      165.    Paragraph 165 of the Amended Complaint contains a legal conclusion to which no

5   response is required. To the extent a response is required, AT&T denies the allegations in Paragraph

6   165 of the Amended Complaint.

7      166.    The allegations in Paragraph 166 of the Amended Complaint are too vague for AT&T

8   to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

9      167.    Paragraph 167 of the Amended Complaint contains a legal conclusion to which no

10   response is required. To the extent a response is required, AT&T denies the allegations in Paragraph

11   167 of the Amended Complaint.

12      168.    Paragraph 168 of the Amended Complaint contains a legal conclusion to which no

13   response is required. To the extent a response is required, AT&T denies the allegations in Paragraph

14   168 of the Amended Complaint.

15      169.    Paragraph 169 of the Amended Complaint contains a legal conclusion to which no

16   response is required. To the extent a response is required, AT&T denies the allegations in Paragraph

17   169 of the Amended Complaint.

18      170.    AT&T denies the allegations in Paragraph 170 of the Amended Complaint. Further, the

19   allegations in Paragraph 170 contain legal conclusions that require no answer.

20      171.    AT&T lacks information or knowledge sufficient to form a belief as to the truth of the

21   allegations in Paragraph 171 of the Amended Complaint, and on that basis denies them.

22      172.    AT&T denies the allegations in Paragraph 172 of the Amended Complaint. Further, the

23   allegations in Paragraph 172 contain legal conclusions that require no answer.

24      173.    AT&T denies the allegations in Paragraph 173 of the Amended Complaint. Further, the

25   allegations in Paragraph 173 contain legal conclusions that require no answer.

26      174.    AT&T denies the allegations in Paragraph 174 of the Amended Complaint. Further, the

27   allegations in Paragraph 174 contain legal conclusions that require no answer.

28

175. AT&T denies the allegations in Paragraph 175 of the Amended Complaint. Further, the allegations in Paragraph 175 contain legal conclusions that require no answer.

176. AT&T denies the allegations in Paragraph 176 of the Amended Complaint. Further, the allegations in Paragraph 176 contain legal conclusions that require no answer.

177. AT&T denies the allegations in Paragraph 177 of the Amended Complaint. Further, the allegations in Paragraph 177 contain legal conclusions that require no answer.

178. AT&T denies the allegations in Paragraph 178 of the Amended Complaint. Further, Paragraph 178 of the Amended Complaint contains legal conclusions that require no answer.

**E.     Count V – Concealment**

179. AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 178 above as though fully set forth herein.

180. AT&T denies the allegations in Paragraph 180 of the Amended Complaint.

181. The allegations in Paragraph 181 of the Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. Moreover, AT&T lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 181 regarding the extent of Mr. Ross's awareness in connection with the referenced subjects.

182. AT&T denies the allegations in Paragraph 182 of the Amended Complaint.

183. AT&T denies the allegations in Paragraph 183 of the Amended Complaint. Further, Paragraph 183 of the Amended Complaint contains legal conclusions that require no answer.

184. AT&T denies the allegations in Paragraph 184 of the Amended Complaint.

185. AT&T denies the allegations in Paragraph 185 of the Amended Complaint. Further, Paragraph 185 of the Amended Complaint contains legal conclusions that require no answer.

186. AT&T denies the allegations in Paragraph 186 of the Amended Complaint. Further, Paragraph 186 of the Amended Complaint contains legal conclusions that require no answer.

187. AT&T denies the allegations in Paragraph 182 of the Amended Complaint. Further, the first sentence of Paragraph 187 of the Amended Complaint contains legal conclusions that require no answer.

188.   AT&T admits that Plaintiff purports to seek the relief described in Paragraph 188 of the Amended Complaint. AT&T denies that Plaintiff is entitled to punitive damages or any other relief and denies any remaining allegations in Paragraph 188 of the Amended Complaint.  Further, Paragraph 188 of the Amended Complaint contains legal conclusions that require no answer.  To the extent an answer is required, AT&T denies the allegations of Paragraph 188 of the Amended Complaint.

**F.   Count VI – Negligent Supervision and Entrustment**

189.   AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 188 above as though fully set forth herein.

190.   AT&T admits that it conducts business activities through, among other means, its employees. The remaining allegations in Paragraph 190 of the Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. Further, Paragraph 190 of the Amended Complaint contains legal conclusions that require no answer.

191.   AT&T denies the allegations of Paragraph 191 of the Amended Complaint.  Further, Paragraph 191 of the Amended Complaint contains legal conclusions that require no answer. Paragraph 191 of the Amended Complaint is also too vague for AT&T to form a belief as to the truth of the allegations in it and, on that basis, AT&T denies them.

192.   Paragraph 192 of the Amended Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, AT&T denies the allegations in Paragraph 192 of the Amended Complaint as they pertain to AT&T.  As the allegations in Paragraph 192 of the Amended Complaint pertain to One Touch Direct and One Touch Direct – SA, AT&T lacks knowledge or information sufficient to form a belief as to those allegations and, on that basis, it denies them. AT&T denies any remaining allegations in Paragraph 192 of the Amended Complaint.

193.   AT&T denies the allegations in Paragraph 193 of the Amended Complaint.

194.   AT&T denies the allegations in Paragraph 194 of the Amended Complaint.  Further, the allegations in Paragraph 194 contain legal conclusions that require no answer.

195.   AT&T denies the allegations in Paragraph 195 of the Amended Complaint. Further, the allegations in Paragraph 195 contain legal conclusions that require no answer.

196.    AT&T denies the allegations in Paragraph 196 of the Amended Complaint. Further, the allegations in Paragraph 196 contain legal conclusions that require no answer.

197.    AT&T denies the allegations in Paragraph 197 of the Amended Complaint. Further, the allegations in Paragraph 197 contain legal conclusions that require no answer.

198.    AT&T denies the allegations in Paragraph 198 of the Amended Complaint. Further, the allegations in Paragraph 198 contain legal conclusions that require no answer.

199.    AT&T denies the allegations in Paragraph 199 of the Amended Complaint.

200.    AT&T denies the allegations in Paragraph 200 of the Amended Complaint. Further, the allegations in Paragraph 200 contain legal conclusions that require no answer.

201.    AT&T denies the allegations in Paragraph 201 of the Amended Complaint. Further, the allegations in Paragraph 201 contain legal conclusions that require no answer.

**G.      Count VII – Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030**

202.    AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 201 above as though fully set forth herein.

203.    AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 203 of the Amended Complaint, and on that basis denies the same.

204.    AT&T denies the allegations in Paragraph 204 of the Amended Complaint.  Further, the allegations in Paragraph 204 contain legal conclusions that require no answer.

205.    AT&T denies the allegations in Paragraph 205 of the Amended Complaint.

206.    AT&T denies the allegations in Paragraph 206 of the Amended Complaint.

207.    AT&T denies the allegations in Paragraph 207 of the Amended Complaint.

208.    AT&T denies the allegations in Paragraph 208 of the Amended Complaint. Further, the allegations in Paragraph 208 contain legal conclusions that require no answer.

209.    AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 209 of the Amended Complaint, and on that basis denies the same.

**VI. Response to Allegations Styled "Prayer for Relief"**

210.    AT&T denies that Plaintiff is entitled to any relief, legal or equitable, from AT&T or this Court, as requested in the Amended Complaint or otherwise.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

## VII. Response to Allegations Styled "Demand for Jury Trial"

Answering the unnumbered Demand for Jury Trial, AT&T admits that Plaintiff purports to demand a jury trial in this action of all issues so triable.

## VIII. SEPARATE AND ADDITIONAL DEFENSES

By alleging the Separate and Additional Defenses set forth below, AT&T does not assume any burden of proof that would otherwise rest with Plaintiff. Nor does AT&T intend any alteration of the burden of proof and/or burden of going forward with evidence that exists with respect to any of Plaintiff's claims. Further, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever. Finally, all defenses pleaded below are based on AT&T's limited understanding of the claims being asserted by Plaintiff and AT&T's limited investigation to date. AT&T reserves the right to assert additional affirmative defenses after they are ascertained.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent it fails to allege facts sufficient to state a claim against AT&T.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff is seeking relief occurring outside any applicable statutes of limitation.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (No Breach)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part because AT&T did not breach any agreement.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Care)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred because AT&T exercised reasonable care to prevent and correct any alleged unlawful conduct.

1

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

2

### (Contract Limitations)

3   The Amended Complaint, and each purported cause of action contained therein, is barred in

4   whole or in part to the extent that damages or Plaintiff's requested remedies are precluded or,

5   alternatively, limited by the terms of the contract between AT&T and Plaintiff.

6

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

7

### (Proximate Causation)

8   The harm alleged by Plaintiff, if any, was not proximately caused by any unlawful policy,

9   custom, practice, act, omission, and/or procedure promulgated and/or tolerated by AT&T.

10

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

11

### (No Cause in Fact)

12   The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

13   because the harms alleged by Plaintiff, if any, were not caused in fact by AT&T.

14

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

15

### (Lack of Proximate Causation)

16   The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

17   because Plaintiff has not plausibly alleged, and cannot prove, that AT&T proximately caused any of

18   Plaintiff's alleged injuries. The harm Plaintiff allegedly suffered, if any, was caused by superseding

19   and intervening causes including factors, persons, or entities other than AT&T.

20

## NINTH SEPARATE AND ADDITIONAL DEFENSE

21

### (Laches)

22   The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

23   by the doctrine of laches.

24

## TENTH SEPARATE AND ADDITIONAL DEFENSE

25

### (Unclean Hands)

26   The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

27   by the doctrine of unclean hands.

28

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff is estopped by his own conduct from recovering any relief.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff waived or released any right to recover any relief.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Damages)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff suffered no damages and/or his damages were caused by his own conduct.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate Damages)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff failed to mitigate his own damages or reasonably try to mitigate his own damages, if any.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Standing)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent that Plaintiff lacks standing to bring some or all of the alleged causes of action against AT&T set forth in the Amended Complaint.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Assumption of Risk)

The Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff had actual knowledge of the risk involved with his security and investment practices and voluntarily assumed that risk.

1

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

2

**(Comparative Fault)**

3        The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

4    in whole or in part by Plaintiff's own negligence, carelessness, recklessness, or willful misconduct, or

5    the intervening negligence, recklessness, or willful misconduct of third parties, for which AT&T is not

6    liable. By reason thereof, Plaintiff's damages, if any, as against AT&T, must be reduced by the

7    proportion of fault attributable to such other parties.

8

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

9

**(Economic Loss Doctrine)**

10        The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

11    in whole or in part to the extent that it is precluded or limited by the economic loss doctrine.

12

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

13

**(Offset)**

14        The damages sought by the Amended Complaint are barred, in whole or in part, to the extent

15    that Plaintiff has received any credits, payments, or benefits arising out of or related to the claims

16    asserted in the Amended Complaint. Alternatively, Plaintiff's recovery, if any, should be offset by any

17    credits, payments, or benefits, of any type or character, received by Plaintiff.

18

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

19

**(Failure to Exhaust Internal and/or Administrative Remedies)**

20        The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

21    to the extent Plaintiff failed to properly exhaust all of his internal, contractual, administrative, and/or

22    statutorily required remedies, and such failure bars this suit in whole or in part and/or limits Plaintiff's

23    claims.

24

25

26

27

28

1    **TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

2    **(Conduct Not Willful)**

3    The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

4    because, at all material times, AT&T and its agents acted without malice and acted reasonably and with

5    a good faith belief in the lawfulness of their conduct based on all relevant facts and circumstances

6    known by them at the time they so acted. The Amended Complaint, and each purported cause of action

7    asserted against AT&T, is further barred because Plaintiff cannot establish "willful or knowing"

8    conduct, as required under some or all of Plaintiff's causes of action.

9    **TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

10   **(Accord and Satisfaction)**

11   The Amended Complaint, and each purported cause of action asserted against AT&T, is

12   barred by the doctrine of accord and satisfaction.

13   **TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

14   **(Compliance with Law)**

15   The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

16   in whole or in part, on the grounds that AT&T complied or substantially complied with all applicable

17   laws underlying the Amended Complaint, or took reasonable efforts to comply with all applicable laws.

18   **TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

19   **(Adequate Remedy at Law)**

20   The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

21   because Plaintiff has adequate remedies at law and is not entitled to any relief with respect to any and

22   all alleged violations of California Business & Professions Code Section 17200 *et seq.* that have

23   discontinued, ceased, and are not likely to recur.

24   **TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

25   **(Unjust Enrichment)**

26   The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

27   to the extent it constitutes unjust enrichment or duplicative relief of amounts seeking more than a single

28   recovery.

1

2

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Taking)

3

4

5

6

7

Plaintiff's claims for restitution under California Business & Professions Code Section 17200 *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

8

9

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Legitimate Business Purposes)

10

11

12

13

14

Plaintiffs' California Business & Professions Code Section 17200 *et seq.* claim is barred because AT&T cannot be liable for any alleged violation of the Unfair Competition Law because its actions were not unfair, fraudulent, or likely to mislead, and its conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

15

16

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Not Entitled to Equitable Relief)

17

18

19

The Amended Complaint, and each purported equitable claim or form of relief asserted against AT&T, is barred because Plaintiff has adequate remedies at law and will not suffer imminent and irreparable injury or harm as a result of any action or conduct by AT&T.

20

21

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Damages Speculative)

22

23

24

25

26

Plaintiff is barred from relief because the Amended Complaint, and each purported cause of action asserted therein, is barred in whole or in part because, even if Plaintiff's allegations were true, which AT&T denies, the damages alleged by Plaintiff in the Amended Complaint are too speculative to give rise to any of the causes of action alleged, or to permit any recovery sought, by Plaintiff in the Amended Complaint.

27

28

Gibson, Dunn & Crutcher LLP

1

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

2

### (No CPNI)

3       The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

4   in whole or in part to the extent Plaintiff failed to identify that AT&T disclosed, or failed to safeguard,

5   or allowed any improper access to, customer proprietary network information (CPNI) or any other

6   statutorily defined confidential information.

7

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

8

### (No Misrepresentation or Reliance)

9       The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

10  in whole or in part to the extent Plaintiff has not plausibly alleged any false or negligent

11  misrepresentations by AT&T, or justifiable reliance by Plaintiff.

12

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

13

### (Ratification)

14      The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

15  to the extent Plaintiff ratified AT&T's actions.

16

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

17

### (Avoidable Consequences)

18      The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

19  pursuant to the avoidable consequences doctrine. If the avoidable consequences doctrine does not

20  completely bar the Amended Complaint, and each purported cause of action asserted against AT&T,

21  then any recovery for allegedly stolen funds must be offset or reduced.

22

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

23

### (Consent)

24      The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

25  to the extent Plaintiff consented to or voluntarily participated in any alleged activity or conduct.

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

1

**THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

2

**(Acting Outside the Scope of Employment)**

3      The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

4  insofar as, if any manager, supervisor, agent, employee, or independent contractor of AT&T

5  authorized, required, or requested that a SIM swap occur illegally, or took any other impermissible

6  action (which AT&T denies), such manager, supervisor, agent, employee, or independent contractor

7  acted outside the scope of his or her employment with AT&T and/or AT&T lacked sufficient authority

8  to control the actions of such manager, supervisor, agent, employee, or independent contractor.

9

**THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

10

**(Preemption)**

11      Plaintiff is barred from litigating his claims, in whole or in part, in this court to the extent that

12  any federal legislation preempts conflicting state law.

13

**THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

14

**(Release)**

15      The Amended Complaint, and each purported cause of action asserted against AT&T, is barred

16  to the extent it has been released.

17

**THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

18

**(No Unauthorized Access)**

19      The Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, is barred

20  because AT&T did not access any computer without authorization or exceed authorized access to any

21  computer.

22

**THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

23

**(No Attorneys' Fees)**

24      Plaintiff's request for attorneys' fees is barred because the Amended Complaint fails to allege

25  facts sufficient to support an award of attorneys' fees.

26

27

28

1

## FORTIETH SEPARATE AND ADDITIONAL DEFENSE

2

### (No Punitive Damages)

3

Plaintiff's request for punitive or exemplary damages is barred because no facts have been

4

sufficiently alleged or exist sufficient to support that request under California law, including because

5

no officer, director, or managing agent of AT&T acted with fraud, malice, or oppression. Punitive

6

damages are also barred to the extent they are unconstitutional.

7

## FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

8

### (No Punitive Damages - Due Process)

9

The imposition of punitive damages in this case would violate the Due Process Clause of the

10

Fifth and Fourteenth Amendments to the United States Constitution because, as applied to this case,

11

the standards of liability for punitive damages in California are unduly vague and subjective, lack

12

sufficient procedural safeguards, and permit retroactive, random, arbitrary, excessive, disproportionate,

13

and capricious punishment that serves no legitimate governmental interest.

14

## FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

15

### (No Punitive Damages - Negligence)

16

Punitive damages in this case are barred under California law, the U.S. Constitution, and federal

17

law to the extent they are based on a theory of negligence and/or other theories not permitting an award

18

of punitive damages.

19

## FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

20

### (No Punitive and Exemplary Damages)

21

The penalties, fines, and punitive and exemplary damages sought are unconstitutional and

22

excessive under California law and the United States Constitution, including without limitation under

23

the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, and the Due

24

Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)

1

2

### FORTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because California post-verdict standards for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

### FORTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

The imposition of punitive damages in this case based on the out-of-state conduct, profits, aggregate wealth or financial status of AT&T would violate the Commerce Clause, the Due Process clause of the Fifth Amendment to the United States Constitution, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

### FORTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiff would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

### FORTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Duty to Disclose)

Plaintiff's claim(s) that AT&T concealed facts are barred, in whole or in part, because AT&T did not have a duty to disclose any alleged withheld fact.

### FORTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Allegedly Concealed Facts Already Known)

Plaintiff's concealment claim is barred, in whole or in part, because Plaintiff already knew or should have known the facts he alleged AT&T concealed.

## FORTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Allegedly Concealed Facts Not Material/No Reliance)

Plaintiff's concealment claim is barred, in whole or in part, because the allegedly concealed facts were not material and/or would not have caused Mr. Ross or a reasonable customer to take different actions.

## FIFTIETH SEPARATE AND ADDITIONAL DEFENSE

### (No Fraud)

Plaintiff's claims are barred, in whole or in part, to the extent they require a finding of fraud because AT&T did not engage in any fraudulent conduct.

## FIFTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (No Authorization)

Plaintiff's claims are barred, in whole or in part, to the extent they are based on action, inaction, or statements that were not authorized by AT&T and/or were undertaken by an individual who was not an agent or employee of AT&T.

## RESERVATION OF RIGHTS

AT&T has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. AT&T has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter. AT&T further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

WHEREFORE, AT&T prays for judgment as follows:

1.     That Plaintiff take nothing by the Amended Complaint;

2.     That the Amended Complaint be dismissed in its entirety and with prejudice;

3.     For judgment to be entered favor of AT&T and against Plaintiff on all claims contained in the Amended Complaint;

4.     For costs of suit herein and attorneys' fees as permitted by law; and

1        5.      For such other and further relief as the Court may deem proper and just.

2

3   Dated: January 12, 2021

4                             MARCELLUS MCRAE

5                             ASHLEY E. JOHNSON
GIBSON, DUNN & CRUTCHER LLP

6

7                             By:   /s/ *Ashley E. Johnson*

8                                Marcellus McRae
Ashley E. Johnson

9                         Attorneys for Defendant AT&T MOBILITY LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:19-CV-06669 (JST)