1
2
3
4
5
6
7
8

BUCHALTER
A Professional Corporation
KEVIN T. COLLINS (SBN: 185427)
ALISSA R. PLEAU-FULLER (SBN: 258907)
500 Capitol Mall, Suite 1900
Sacramento, CA 95814
Telephone: 916.945.5170
Email: kcollins@buchalter.com

Attorneys for Defendants
ONE TOUCH DIRECT, LLC, and
ONETOUCH DIRECT- SAN ANTONIO LLC
(erroneously sued herein as One Touch Direct -
San Antonio, LLC)

9

10

11

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

ROBERT ROSS,

         Plaintiff,

    vs.

AT&T MOBILITY, LLC; ONE TOUCH
DIRECT, LLC; and ONE TOUCH DIRECT-
SAN ANTONIO, LLC,

         Defendants.

Case No. 4:19-cv-6669

**DEFENDANTS ONE TOUCH DIRECT,
LLC, AND ONETOUCH DIRECT -
SAN ANTONIO LLC'S ANSWER TO
FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL**

Complaint Filed: August 29, 2020
Trial Date: November 29, 2021

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                    1

**DEFENDANTS' ANSWER TO**                            Case No. 4:19-cv-6669
**FIRST AMENDED COMPLAINT**

Defendants One Touch Direct LLC ("OTD") and OneTouch Direct – San Antonio LLC (erroneously sued herein as One Touch Direct - San Antonio, LLC) ("OTD-SA") (collectively, "Defendants"), by and through their counsel, Buchalter, A Professional Corporation, submit their Answer to Plaintiff Robert Ross's First Amended Complaint ("Amended Complaint") and state as follows:

Any allegation not explicitly admitted is denied generally and specifically.  Defendants reserve the right to supplement or modify their answer as Plaintiff elaborates on its allegations, new information is discovered, or new defenses or theories are developed.

## NATURE OF THE ACTION

1.     Defendants deny the allegations in Paragraph 1 of the Amended Complaint.

2.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 2 of the Amended Complaint and on that basis deny the allegations therein.

3.     Defendants admit that federal and state laws and regulations govern AT&T's conduct.  Those laws and regulations speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 3 of the Amended Complaint.

4.     Defendants admit that, upon information and belief, AT&T has a Privacy Policy.  That policy speaks for itself.  Defendants deny the remaining allegations in Paragraph 4 of the Amended Complaint.

5.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 5 of the Amended Complaint, and on that basis deny the same.

6.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 6 of the Amended Complaint, and on that basis deny the same.

7.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 7 of the Amended Complaint regarding Plaintiff's motivations for bringing this action, and on that basis deny the same.  Defendants deny the remaining allegations in Paragraph 7 of the Amended Complaint.

///

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                          2

DEFENDANTS' ANSWER TO                                                      Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

**THE PARTIES**

8.      Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 8 of the Amended Complaint, and on that basis deny the same.

9.      Upon information and belief, Defendants admit that Mr. Ross has been an AT&T mobile customer for a period of time, but Defendants lack knowledge or information sufficient to determine the truth of the length of time and on that basis deny the same.  Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 9 of the Amended Complaint, and on that basis deny the same.

10.      Upon information and belief, Defendants admit that AT&T is a Delaware limited liability corporation with its principal office or place of business in Brookhaven, Georgia.  Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 10 of the Amended Complaint, and on that basis deny the same.

11.      Defendants admit that AT&T provides wireless service to subscribers in the United States.  The remaining allegations of Paragraph 11 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the Federal Communications Act and related regulations speak for themselves, and deny any characterization or description that is inconsistent therewith.  Except as expressly admitted, Defendants deny the allegations in Paragraph 11 of the Amended Complaint.

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint, and on that basis deny the same.

13.      Defendants deny that OTD is a Florida corporation and admit that it is a limited liability company organized in Florida with its principal place in Tampa, Florida.  Defendants deny that OTD contracted with AT&T to provide certain call center services for AT&T mobile phone customers.  Except as expressly admitted, Defendants deny the allegations in Paragraph 13 of the Amended Complaint.

14.      Defendants deny that OTD-SA is a Florida corporation and admit that it is a Florida limited liability company with a principal place in Tampa, Florida.  Defendants admit that

BUCHALTER
A Professional Corporation
Sacramento

BN 43622723v7                                    3
DEFENDANTS' ANSWER TO                                    Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

OTD-SA is a subsidiary of OTD.  Defendants deny, upon information and belief, the remaining allegations in Paragraph 14 of the Amended Complaint.

15.     Defendants admit that OTD contracted with AT&T to perform certain services for AT&T.  The remaining allegations in Paragraph 15 of the Amended Complaint set forth legal conclusions and questions of law to which no response is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 15 of the Amended Complaint.

## JURISDICTION AND VENUE

16.     Defendants admit for purposes of this action only that OTD entered into a master services agreement with AT&T, and that the master services agreement speaks for itself, and deny any characterization or description that is inconsistent therewith.  Defendants admit that AT&T adopts security measures to protect the account security of its customers and that AT&T controlled the security measures it implemented across its entire network operation, including Defendants, as well as the data accumulated across the entire network.  The remaining allegations in Paragraph 16 of the Amended Complaint set forth legal conclusions and questions of law to which no response is required.  To the extent an answer is required, Defendants deny the remaining allegations in Paragraph 16 of the Amended Complaint.

17.     Defendants deny that individuals affiliated with Defendants were de facto employees of AT&T and deny that such individuals had access to and use of AT&T's customer database.  Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 17 of the Amended Complaint, and on that basis deny them. Further, the last dependent clause starting with "were" and ending with "of AT&T" in Paragraph 17 sets forth legal conclusions to which no response is required.  To the extent that an answer is required, Defendants deny the allegations in the last dependent clause of Paragraph 17 of the Amended Complaint.  Defendants deny any remaining allegations in Paragraph 17 of the Amended Complaint.

18.     The allegations in Paragraph 18 of the Amended Complaint set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants admit for purposes of this action only that the Court has subject matter

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

4

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

jurisdiction over this action.  Except as expressly admitted, Defendants deny the allegations in Paragraph 18 of the Amended Complaint.

19.    The allegations in Paragraph 19 of the Amended Complaint set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants admit for purposes of this action only that the Court has personal jurisdiction over Defendants.  Except as expressly admitted, Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

20.    The allegations in Paragraph 20 of the Amended Complaint set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants admit for purposes of this action only that venue is appropriate in this district.  Except as expressly admitted, Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

21.    Defendants admit that AT&T is a telecommunications carrier, which has access to mobile account information.  The remaining allegations in the Paragraph 21 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants deny the allegations in Paragraph 21 of the Amended Complaint.

22.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 22 regarding the actions of AT&T employees, representatives and agents and the criminal hackers and on that basis deny the same.  Defendants deny the remaining allegations in Paragraph 22 of the Amended Complaint.

23.    Defendants admit that the term "SIM swapping" has been used to describe the circumstance where a SIM change is effected without authorization.  Defendants deny the remaining allegations in Paragraph 23 of the Amended Complaint.

**A.    Response to Allegations Labelled "SIM Swapping is a Type of Identity Theft Involving the Transfer of a Mobile Phone Number"**

24.    Defendants admit that a SIM change took place on Mr. Ross's account on October 26, 2018.  Defendants lack knowledge or information sufficient to determine the truth of the

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                                    5
DEFENDANTS' ANSWER TO                                      Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

1   remaining allegations in Paragraph 24 of the Amended Complaint, and on that basis deny the

2   same.

3        25.     Defendants admit that the term "SIM swapping" has been used to refer to the act

4   of carrying out a SIM change without authorization.  Defendants deny the remaining allegations

5   in Paragraph 25 of the Amended Complaint.

6        26.     Defendants admit that the majority of newer model cell phones contain a SIM

7   card.  Defendants further admit that cell phones that require a SIM card, and that do not have a

8   SIM card, will likely not allow for calls or text messages over a carrier network.  Defendants

9   further admit that an international mobile equipment identity number ("IMEI") can be used to

10  identify a specific mobile device.  Except as expressly admitted, Defendants deny the allegations

11  in Paragraph 26 of the Amended Complaint.

12       27.     Defendants admit that SIM changes can occur pursuant to AT&T's subscribers'

13  requests, and that AT&T allows a subscriber to transfer his or her service to a new or different

14  mobile device.  Defendants further admit that a subscriber may visit a retail store or call AT&T

15  customer support to request a SIM change.  The allegations in Paragraph 27 that Defendants has

16  engaged in conduct "numerous times" or had "inadequate protections" are too vague for

17  Defendants to form a belief as to the truth of the allegations and, on that basis, Defendants deny

18  them.  The fourth sentence of Paragraph 27 of the Amended Complaint contains legal conclusions

19  that require no answer.  To the extent that an answer is required, Defendants deny the allegations

20  in the fourth sentence of Paragraph 27 of the Amended Complaint.  Except as expressly admitted,

21  Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

22       28.     Defendants admit that effecting a SIM change without authorization can be

23  referred to as a SIM swap.  Defendants lack sufficient information to form a belief as to the truth

24  of the remaining allegations in Paragraph 28, as they do not involve specific facts or incidents,

25  and on that basis deny the same.  Defendants lack sufficient information to form a belief as to the

26  allegations in footnote 4 to Paragraph 28, and on that basis deny the same.  Except as expressly

27  admitted, Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

28

BUCHALTER
A Professional Corporation
Sacramento

BN 43622723v7

6

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

29.     Defendants admit that two-factor authentication requires a person to verify their identification through two means, and that one method to authenticate may occur at a person's request through text messaging.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 29, which includes general references to SIM changes and criminal hacking conduct without specific facts, and on that basis deny the same. Except as expressly admitted, Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Amended Complaint.

**B.      Response to Allegations Labelled "AT&T Facilitated Unauthorized Access to Mr. Ross' AT&T Account and Gave Control of His Account to Hackers"**

33.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 33 of the Amended Complaint as to the hackers' activities, and on that basis deny the same.  Defendants deny the remaining allegations in Paragraph 33 of the Amended Complaint.

34.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 34 of the Amended Complaint, and on that basis deny the same.

35.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 35 of the Amended Complaint, and on that basis deny the same.

36.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 36 of the Amended Complaint, and on that basis deny the same.

37.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 37 of the Amended Complaint, and on that basis deny the same.

38.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 38 of the Amended Complaint, and on that basis deny the same.

39.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 39 of the Amended Complaint, and on that basis deny the same.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

7

**DEFENDANTS' ANSWER TO**
**FIRST AMENDED COMPLAINT**

Case No. 4:19-cv-6669

40.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 40 of the Amended Complaint, and on that basis deny the same.

41.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 41 of the Amended Complaint, and on that basis deny the same.

42.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 42 of the Amended Complaint, and on that basis deny the same.

43.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 43 of the Amended Complaint, and on that basis deny the same.

44.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 44 of the Amended Complaint, and on that basis deny the same.

45.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 45 of the Amended Complaint, and on that basis deny the same.

46.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in the first sentence of Paragraph 46 of the Amended Complaint, and on that basis deny the same.  Defendants note that Paragraph 46 of the Amended Complaint purports to characterize an investigation report, and the contents of such report speaks for itself.  Defendants deny the remaining allegations in Paragraph 46 of the Amended Complaint.

47.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 47 of the Amended Complaint, and on that basis deny the same.

48.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 48 of the Amended Complaint, and on that basis deny the same.

49.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 49 of the Amended Complaint, and on that basis deny the same.

50.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 50 of the Amended Complaint, and on that basis deny the same.

///

///

///

BUCHALTER
A Professional Corporation
Sacramento

BN 43622723v7

8

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

**C.     Response to Allegations Labelled "AT&T's Failure to Protect Mr. Ross's Account from Unauthorized Access Violates Federal Law"**

51.     The allegations in Paragraph 51 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the Federal Communications Act ("FCA") and related orders and regulations speak for themselves, and deny any characterization or description that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 51 of the Amended Complaint.

52.     The allegations in Paragraph 52 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCA speaks for itself, and deny any characterization or description that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 52 of the Amended Complaint.

53.     The allegations in Paragraph 53 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCA, including Section 222, speaks for itself, and deny any characterization or description that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 53 of the Amended Complaint.

54.     The allegations in Paragraph 54 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCA speaks for itself, and deny any characterization or description that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 54 of the Amended Complaint.

55.     The allegations in Paragraph 55 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCC speaks for itself, and deny any characterization or description that is inconsistent therewith.  Defendants further note that Paragraph 55 purports to characterize and quote from the document cited in footnote 16, but the document speaks for itself.  Defendants deny any remaining allegations in Paragraph 55 of the Amended Complaint.

///

///

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

9

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

56.     The allegations in Paragraph 56 set forth legal conclusions and questions of law to which no response is required.  Defendants deny any remaining allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59.     The allegations in Paragraph 59 of the Amended Complaint set forth legal conclusions and questions of law to which no response is required.  Paragraph 59 purports to characterize and describe the FCA, but the FCA speaks for itself, and Defendants deny any characterization or description that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 59 of the Amended Complaint.

60.     The allegations in Paragraph 60 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCA and related regulations speak for themselves, and deny any characterization or description that is inconsistent therewith.  As for the document cited in footnote 20, Defendants note that the document speaks for itself.  Defendants deny any remaining allegations in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

62.     The allegations in Paragraph 62 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that documents are purportedly characterized and quoted in footnote 21–25 but those documents speak for themselves.  Defendants deny any remaining allegations in Paragraph 62 of the Amended Complaint.

63.     The allegations in Paragraph 63 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCA and related regulations speak for themselves, and deny any characterization or description that is inconsistent therewith.  Further, Defendants note that Paragraph 63 allegedly characterizes and quotes from the FCC order cited in footnote 26-28, but that document speaks for itself.  Defendants deny any remaining allegations in Paragraph 63 of the Amended Complaint.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                                  10
DEFENDANTS' ANSWER TO                                Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

64.     Defendants deny the allegations in Paragraph 64 of the Amended Complaint.

65.     The allegations in Paragraph 65 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCA and related orders and regulations speak for themselves, and deny any characterization or description that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 65 of the Amended Complaint.

66.     Paragraph 66 sets forth legal conclusions and questions of law to which no response is required.  Defendants deny the allegations in Paragraph 66 of the Amended Complaint.

67.     Paragraph 67 sets forth legal conclusions and questions of law to which no response is required.  Further, Defendants deny the allegations in Paragraph 67 of the Amended Complaint.

68.     Paragraph 68 sets forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCC order discussed within Paragraph 68 speaks for itself.  Defendants deny any remaining allegations in Paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Amended Complaint.  Further, the allegations in Paragraph 69 set forth legal conclusions and questions of law to which no response is required.

70.     The allegations in Paragraph 70 set forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that Paragraph 70 purports to characterize and quote from an FCC order, but that order speaks for itself.  Defendants deny any remaining allegations in Paragraph 70 of the Amended Complaint.

71.     Paragraph 71 sets forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCC order purportedly quoted from speaks for itself.  Defendants deny any remaining allegations in Paragraph 71 of the Amended Complaint.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

11

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

72.     Paragraph 72 sets forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants note that the FCC order purportedly quoted from speaks for itself.  Defendants deny any remaining allegations in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Amended Complaint. Moreover, Paragraph 73 sets forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants deny the allegations in the first sentence of Paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Amended Complaint. Moreover, Paragraph 74 sets forth legal conclusions and questions of law to which no response is required.  To the extent that an answer is required, Defendants deny the allegations in the first sentence of Paragraph 74 of the Amended Complaint.

75.     Paragraph 75 sets forth legal conclusions and questions of law to which no response is required.  Defendants deny the allegations in Paragraph 75 of the Amended Complaint.

**D.     Response to Allegations That "Mr. Ross' Harm Was Caused by Defendants' Negligence"**

76.     Defendants deny the allegations in Paragraph 76 of the Amended Complaint. Paragraph 76 sets forth legal conclusions and questions of law to which no response is required.

77.     Defendants deny the allegations in Paragraph 77 of the Amended Complaint. Paragraph 77 sets forth legal conclusions and questions of law to which no response is required. The FCC Order speaks for itself.  Defendants deny any remaining allegations in Paragraph 77.

78.     Defendants deny the allegations in the first sentence of Paragraph 78 of the Amended Complaint.  As to the second sentence, Defendants lack information and belief to form a belief as to the truth of the allegations and, on that basis, Defendants deny them.  Paragraph 78's remaining allegations purport to characterize a document associated with an individual (identified as FTC Chief Technologist), which is cited in footnote 38–42, but that document speaks for itself,

BUCHALTER
A PROFESSIONAL CORPORATION
Sacramento

BN 43622723v7

12

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

an Defendants deny that the document cited in footnote 38-42 is an FTC report.  Defendants deny any remaining allegations in Paragraph 78 of the Amended Complaint.

79.   Defendants deny the allegations in the first sentence of Paragraph 79 of the Amended Complaint.  As to the remaining allegations, Paragraph 79's remaining allegations purport to characterize a document associated with an individual (identified as FTC Chief Technologist), which is cited in footnote 38–42, but that document speaks for itself, and Defendants deny that the document cited in footnote 38-42 is an FTC report.  Defendants deny any remaining allegations in Paragraph 79 of the Amended Complaint.

80.   Defendants alleges that the cited article, as identified in footnote 43, speaks for itself.  Defendants deny the remaining allegations of Paragraph 80 of the Amended Complaint.

81.   Defendants deny the allegations in Paragraph 81 of the Amended Complaint.

82.   Defendants deny the allegations in the first sentence in Paragraph 82 of the Amended Complaint.  Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 82 of the Amended Complaint, and on that basis deny the same.  Defendants admit that multiple videos appear at the hyperlink https://www.youtube.com/user/ATTTechChannel, and certain videos include the term "AT&T ThreatTraq" in their label.  Those videos speak for themselves.  Defendants deny the remaining allegations in Paragraph 82 and footnote 44 and 45 of the Amended Complaint.

83.   The referenced videos speak for themselves.  Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 83 of the Amended Complaint and on that basis deny the same.

84.   The referenced videos speak for themselves.  Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 84 and related footnote of the Amended Complaint and on that basis deny the same.

85.   Defendants note that the allegations in Paragraph 85 purport to characterize content of the YouTube video cited in Paragraph 85, but the video speaks for itself.  Defendants deny any remaining allegations in Paragraph 85 of the Amended Complaint.

BUCHALTER
A PROFESSIONAL CORPORATION
Sacramento

BN 43622723v7                                         13

DEFENDANTS' ANSWER TO                                         Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

86.     Defendants purports to quote from a video in Paragraph 86, which video speaks for itself.  Defendants deny the remaining allegations in Paragraph 86 and footnote of the Amended Complaint.

87.     Defendants deny the allegations in the first sentence of Paragraph 87.  Defendants alleges that Paragraph 87 of the Amended Complaint purports to quote from a video with the label "AT&T ThreatTraq," "The Real Threat of Insider Threats," but that video speaks for itself. Defendants deny the remaining allegations in Paragraph 87 and corresponding footnote of the Amended Complaint.

88.     Defendants note that Paragraph 88 of the Amended Complaint purports to quote from a video, but that video speaks for itself. Defendants deny any remaining allegations in Paragraph 88 and related footnote of the Amended Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Amended Complaint.

91.     Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 91 and related footnote of the Amended Complaint and on that basis deny the same.  Further, the purported order from the FCC speaks for itself and Defendants deny any description or characterization that is inconsistent therewith.  Defendants deny the remaining allegations in Paragraph 91 of the Amended Complaint.

92.     Defendants note that the purported FCC order speaks for itself, and Defendants deny any description or characterization that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 92 and corresponding footnote of the Amended Complaint.

93.     Defendants note that the purported FCC order speaks for itself, and Defendants deny any description or characterization that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 93 and related footnote of the Amended Complaint.

94.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 94.  Defendants note that Paragraph 94 of the Amended Complaint purports to characterize an order or Consent Decree from the FCC.  That order speaks for itself,

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                                           14
DEFENDANTS' ANSWER TO                                          Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

1   and Defendants deny any description or characterization that is inconsistent therewith.

2   Defendants deny any remaining allegations in Paragraph 94 of the Complaint.

3        95.     Paragraph 95 of the Amended Complaint purports to characterize an order from

4   the FCC, but that order speaks for itself, and Defendants deny any description or characterization

5   that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 95 of the

6   Complaint.

7        96.     Paragraph 96 of the Amended Complaint purports to quote from and to

8   characterize a Princeton study cited at footnote 66, a congressional letter cited at footnote 67, and

9   a Twitter post cited at footnote 68 of the Amended Complaint.  Those documents speak for

10  themselves.  Defendants deny any remaining allegations in Paragraph 96 of the Amended

11  Complaint.

12       97.     Paragraph 97 of the Amended Complaint purports to quote from and to

13  characterize various news articles in Wall Street Journal, Forbes, and Vice (cited at footnote 69-

14  71 of the Amended Complaint), but those articles speak for themselves. Defendants deny any

15  remaining allegations in Paragraph 97 of the Amended Complaint.

16       98.     Defendants deny the allegations in the first sentence of Paragraph 98 of the

17  Amended Complaint.  Defendants lack knowledge or information sufficient to determine the truth

18  of the allegations in the second sentence of Paragraph 98 and on that basis deny the same.

19  Paragraph 98 of the Amended Complaint purports to cite to a press release in footnote 73 and a

20  report from Statista in footnote 72, as well as a purported study by the Communication Workers

21  of America, each of which speaks for itself. Defendants deny any remaining allegations in

22  Paragraph 98 of the Amended Complaint.

23       99.     Defendants deny the allegations in the first sentence of Paragraph 99 of the

24  Amended Complaint.  Defendants lack knowledge or information sufficient to determine the truth

25  of the remaining allegations in Paragraph 99 of the Amended Complaint, and on that basis deny

26  the same.

27  ///

28  ///

BUCHALTER
A Professional Corporation
Sacramento

BN 43622723v7                                    15

DEFENDANTS' ANSWER TO                                            Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

100.    Defendants deny the allegations in the first sentence of Paragraph 100 of the Amended Complaint.  With respect to the subparagraphs of Paragraph 100, Defendants responds as follows:

(a)    Defendants deny the allegations of Paragraph 100(a) of the Amended Complaint.

(b)    Defendants admit that AT&T has the ability to, and sometimes does, send text messages to mobile subscribers.  Defendants lack knowledge and information sufficient to determine the truth of the allegations in the second through seventh sentences, as well as the portion of the ninth sentence beginning ending with "of the theft," of Paragraph 100(b) of the Amended Complaint, and on that basis, they deny them.  Defendants deny the allegations in the remaining portion (beginning with "as it would") of the ninth sentence of Paragraph 100(b) of the Amended Complaint.  Defendants note that the Paragraph 100(b) of the Amended Complaint purports to characterize a press release cited in footnote 75, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 100(b) of the Amended Complaint.

(c)    Defendants admit that AT&T has the ability to send emails to customers. Defendants lack knowledge or information sufficient to determine the truth of the hypothetical facts alleged in Paragraph 100(c) of the Amended Complaint, and on that basis, deny them. Defendants deny the remaining allegations in Paragraph 100(c) of the Amended Complaint.

(d)    Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 100(d) and on that basis deny the same.  Defendants deny the remaining allegations of Paragraph 100(d) of the Amended Complaint.

(e)    Paragraph 100(e) of the Amended Complaint purports to quote from or to characterize websites cited at footnote 76-80 of the Amended Complaint, but these online sources speak for themselves.  Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 100(e) and on that basis, deny them.

(f)    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100(f) of the Amended Complaint, and on that basis,

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

16

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

deny them.  Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 100(f) and related footnote of the Amended Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations in the first sentence of Paragraph 102 of the Amended Complaint.  The remaining allegations in Paragraph 102 purport to discuss an article at https://krebsonsecurity.com/tag/project-verify/ but that document speaks for itself.  Defendants deny any remaining allegations in Paragraph 102 of the Amended Complaint.

103.    Paragraph 103 of the Amended Complaint purports to quote from and characterize portions of ZenKey's website, the Apple app store, or the Google app store, but these online sources speak for themselves.  Defendants deny any remaining allegations in Paragraph 103 of the Amended Complaint.

104.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Amended Complaint, and on that basis deny them.

105.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Amended Complaint, and on that basis deny them.

**F.    Response to Allegations labeled "Defendants are Liable for the Acts of their Employees, Representatives and Agents"**

106.    Defendants deny the allegations in Paragraph 106 of the Amended Complaint. Moreover, Paragraph 106 sets forth legal conclusions and questions of law to which no response is required.

107.    Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Amended Complaint.

109.    Paragraph 109 sets forth legal conclusions and questions of law to which no response is required.  Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

110.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Amended Complaint as to what Mr. Ross believed

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

17

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 110 of the Amended Complaint.

111.   Paragraph 111 of the Amended Complaint alleges it characterizes an order from the FCC, but that order speaks for itself, and Defendants deny any description or characterization that is inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 111 of the Amended Complaint.

**G.   Response to Allegations Identified as "AT&T's Misrepresentations and Omissions"**

112.   AT&T's Privacy Policy speaks for itself and Defendants deny any remaining allegations in Paragraph 112 of the Amended Complaint.

113.   Paragraph 113 of the Amended Complaint purports to contain an excerpt from AT&T's Privacy Policy, but that Privacy Policy speaks for itself.  Defendants deny the remaining allegations in Paragraph 113 of the Amended Complaint.

114.   Defendants deny the allegations in Paragraph 114 of the Amended Complaint.

115.   Paragraph 115 sets forth legal conclusions and questions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 115 of the Amended Complaint.

116.   Defendants deny the allegations in Paragraph 116 of the Amended Complaint.

117.   Defendants admit that Paragraph 117 purports to include a quote from a Lieutenant John Rose from an internet article, with the article speaking for itself.  Defendants deny any remaining allegations in Paragraph 117 of the Amended Complaint.

118.   Defendants deny the allegations in the first sentence in Paragraph 118 of the Amended Complaint.  Defendants admit that Exhibit B to the Amended Complaint is a document entitled "Regional Enforcement Allied Computer Team Investigation Report," which speaks for itself. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Amended Complaint as to what AT&T "informed law enforcement" and what it "could see" and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 118 of the Amended Complaint.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

18

**DEFENDANTS' ANSWER TO**
**FIRST AMENDED COMPLAINT**

Case No. 4:19-cv-6669

119.    Defendants admit that Exhibit B to the Amended Complaint is a document entitled "Regional Enforcement Allied Computer Team Investigation Report," and that document speaks for itself.  Defendants deny the remaining allegations in Paragraph 119 of the Amended Complaint.

120.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Amended Complaint as to AT&T's statements or information provided to REACT.  Defendants note that Paragraph 120 of the Amended Complaint purports to characterize Exhibit B to the Amended Complaint, but that document speaks for itself.  The second sentence of Paragraph 120 of the Amended Complaint contains a legal conclusion that requires no answer.  To the extent an answer is required, Defendants deny the allegations of the second sentence of Paragraph 120 of the Amended Complaint.  Defendants deny the remaining allegations in Paragraph 120 of the Amended Complaint.

121.    Defendants deny the allegations in Paragraph 121 of the Amended Complaint.

122.    Defendants deny the allegations in Paragraph 122 of the Amended Complaint.

123.    Defendants deny the allegations in Paragraph 123 of the Amended Complaint.

124.    Defendants note that Paragraph 124 of the Amended Complaint purports to quote from AT&T's Privacy Policy, but that Privacy Policy speaks for itself.  Defendants deny the remaining allegations in Paragraph 124 of the Amended Complaint including the related footnote.

125.    Defendants deny the allegations in Paragraph 125 of the Amended Complaint.  Paragraph 125 further contain legal conclusions that require no answer and, if an answer is required, Defendants deny said allegations.

126.    Paragraph 126 of the Amended Complaint alleges a quote from AT&T's Privacy Policy, but that Privacy Policy speaks for itself.  Defendants deny any remaining allegations in Paragraph 126 of the Amended Complaint, including the related footnote.

127.    Defendants deny the allegations in Paragraph 127 of the Amended Complaint.

128.    Defendants deny the allegations in Paragraph 128 of the Amended Complaint.

129.    Defendants deny the allegations in Paragraph 129 of the Amended Complaint.

130.    Defendants deny the allegations in Paragraph 130 of the Amended Complaint.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7
19
DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT
Case No. 4:19-cv-6669

131.    Defendants deny the allegations in Paragraph 131 of the Amended Complaint. Moreover, the allegations in Paragraph 131 contain legal conclusions and questions of law that require no answer.

132.    Defendants deny the allegations in Paragraph 132 of the Amended Complaint. Further, as to any intention of AT&T, Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

133.    Defendants deny the allegations in Paragraph 133 of the Amended Complaint. Moreover, the allegations in Paragraph 133 contain legal conclusions to which no response is required.

## CLAIMS FOR RELIEF

### COUNT I

### Violations of The Federal Communications Act, 47 U.S.C. § 201 *et seq*.

134.    Defendants repeats and incorporates by reference each and every denial, admission, and statement set forth in Paragraphs 1 through 133 above as though fully set forth herein.

135.    Defendants deny the allegations in Paragraph 135 of the Amended Complaint. Moreover, Paragraph 135 sets forth legal conclusions and questions of law to which no response is required.

136.    Defendants deny the allegations in Paragraph 136 of the Amended Complaint. Moreover, Paragraph 136 sets forth legal conclusions and questions of law to which no response is required.

137.    Defendants deny the allegations in Paragraph 137 of the Amended Complaint. Moreover, Paragraph 137 sets forth legal conclusions and questions of law to which no response is required.

138.    Defendants admit that Plaintiff seeks the relief described in Paragraph 138 of the Amended Complaint, however, Defendants deny that Plaintiff is entitled to any relief and deny any remaining allegations in Paragraph 138 of the Amended Complaint.

///

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                    20

DEFENDANTS' ANSWER TO                                          Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

## COUNT II

**Violations of The California Unfair Competition Law ("UCL") under the Unlawful, Unfair and Fraudulent Prongs, California Business & Professions Code § 17200 *et seq.***

139.    Defendants repeats and incorporates by reference each and every denial, admission, and statement set forth in Paragraphs 1 through 138 above as though fully set forth herein.

140.    Paragraph 140 of the Amended Complaint purports to quote from California's Unfair Competition Law (UCL), but that law speaks for itself, and Defendants deny any characterization or description that is inconsistent therewith.  Defendants deny the remaining allegations in Paragraph 140 of the Amended Complaint.

141.    Defendants deny the allegations in Paragraph 141 of the Amended Complaint. Moreover, Paragraph 141 sets forth legal conclusions and questions of law to which no response is required.

142.    Defendants deny the allegations in Paragraph 142 of the Amended Complaint. Moreover, Paragraph 142 sets forth legal conclusions and questions of law to which no response is required.

143.    Defendants deny the allegations in Paragraph 143 of the Amended Complaint. Moreover, Paragraph 143 sets forth legal conclusions and questions of law to which no response is required.

144.    Defendants deny the allegations in Paragraph 144 of the Amended Complaint. Moreover, Paragraph 144 sets forth legal conclusions and questions of law to which no response is required.

145.    Defendants deny the allegations in Paragraph 145 of the Amended Complaint. Moreover, Paragraph 145 sets forth legal conclusions and questions of law to which no response is required.

146.    Defendants deny the allegations in Paragraph 146 of the Amended Complaint. Moreover, Paragraph 146 sets forth legal conclusions and questions of law to which no response is required.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

21

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT                                    Case No. 4:19-cv-6669

147.    Defendants deny the allegations in Paragraph 147 of the Amended Complaint. Moreover, Paragraph 147 sets forth legal conclusions and questions of law to which no response is required.

148.    Defendants deny the allegations in Paragraph 148 of the Amended Complaint. Moreover, Paragraph 148 sets forth legal conclusions and questions of law to which no response is required.

149.    Defendants deny the allegations in Paragraph 149 of the Amended Complaint. Moreover, Paragraph 149 sets forth legal conclusions and questions of law to which no response is required.

150.    Paragraph 150 of the Amended Complaint purports to characterize the FCA, but the FCA speaks for itself and Defendants deny any characterization or description that is inconsistent therewith.  Defendants deny the remaining allegations in Paragraph 150 of the Amended Complaint.

151.    Defendants deny the allegations in Paragraph 151 of the Amended Complaint. Moreover, Paragraph 151 sets forth legal conclusions and questions of law to which no response is required.

152.    Defendants deny the allegations in Paragraph 152 of the Amended Complaint. Moreover, Paragraph 152 sets forth legal conclusions and questions of law to which no response is required.

153.    Defendants admit that Plaintiff seeks the relief identified in Paragraph 153 of the Amended Complaint.  Defendants deny that Plaintiff is entitled to any relief and deny any remaining allegations in Paragraph 153 of the Amended Complaint.

## COUNT III

### Violations of the California Constitutional Right to Privacy

154.    Defendants repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 153 above as though fully set forth herein.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

22

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

155.     Paragraph 155 of the Amended Complaint purports to quote from the California Constitution, but the California Constitution speaks for itself, and Defendants deny any characterization or description that is inconsistent therewith.  Defendants deny the remaining allegations in Paragraph 155 of the Amended Complaint.

156.     Defendants deny the allegations in Paragraph 156 of the Amended Complaint. Defendants admit that Plaintiff purports to seek the relief described in Paragraph 156 of the Amended Complaint.  Defendants deny that Plaintiff is entitled to any relief and deny any remaining allegations in Paragraph 156 of the Amended Complaint.

157.     Defendants deny the allegations in Paragraph 157 of the Amended Complaint. Moreover, Paragraph 157 sets forth legal conclusions and questions of law to which no response is required.

158.     Defendants deny the allegations in Paragraph 158 of the Amended Complaint. Moreover, Paragraph 158 sets forth legal conclusions and questions of law to which no response is required.

159.     Defendants deny the allegations in Paragraph 159 of the Amended Complaint. Moreover, Paragraph 159 sets forth legal conclusions and questions of law to which no response is required.

160.     Defendants deny the allegations in Paragraph 160 of the Amended Complaint. Moreover, Paragraph 160 sets forth legal conclusions and questions of law to which no response is required.

161.     Defendants deny the allegations in Paragraph 161 of the Amended Complaint. Moreover, Paragraph 161 sets forth legal conclusions and questions of law to which no response is required.

162.     Defendants deny the allegations in Paragraph 162 of the Amended Complaint. Moreover, Paragraph 162 sets forth legal conclusions and questions of law to which no response is required.

163.     Defendants admit that Plaintiff seeks the relief described in Paragraph 163 of the Amended Complaint.  Defendants deny that Plaintiff is entitled to punitive damages or any other

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                                23

DEFENDANTS' ANSWER TO                                                Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

1   relief and deny any remaining allegations in Paragraph 163 of the Amended Complaint.

2   Moreover, Paragraph 163 sets forth legal conclusions and questions of law to which no response

3   is required.

4   ### <u>COUNT IV</u>

5   **Negligence**

6        164.    Defendants repeats and incorporates by reference each and every denial,

7   admission, and averment set forth in Paragraphs 1 through 163 above as though fully set forth

8   herein.

9        165.    Paragraph 165 sets forth legal conclusions and questions of law to which no

10  response is required.  To the extent a response is required, Defendants deny the allegations in

11  Paragraph 165 of the Amended Complaint.

12       166.    Paragraph 166 appears too vague for Defendants to form a belief as to the truth of

13  the allegations, and on that basis, Defendants deny them.  Moreover, Paragraph 166 sets forth

14  legal conclusions and questions of law to which no response is required.

15       167.    Paragraph 167 of the Amended Complaint sets forth legal conclusions and

16  questions of law to which no response is required.  To the extent a response is required,

17  Defendants deny the allegations in Paragraph 167 of the Amended Complaint.

18       168.    Paragraph 168 of the Amended Complaint sets forth legal conclusions and

19  questions of law to which no response is required.  To the extent a response is required,

20  Defendants deny the allegations in Paragraph 168 of the Amended Complaint.

21       169.    Paragraph 169 of the Amended Complaint sets forth legal conclusions and

22  questions of law to which no response is required.  To the extent a response is required,

23  Defendants deny the allegations in Paragraph 169 of the Amended Complaint.

24       170.    Defendants deny the allegations in Paragraph 170 of the Amended Complaint.

25  Moreover, Paragraph 170 sets forth legal conclusions and questions of law to which no response

26  is required.

27       171.    Defendants lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations in Paragraph 171 of the Amended Complaint, and on that basis deny them.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

24

**DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT**

Case No. 4:19-cv-6669

172.     Defendants deny the allegations in Paragraph 172 of the Amended Complaint. Moreover, Paragraph 172 sets forth legal conclusions and questions of law to which no response is required.

173.     Defendants deny the allegations in Paragraph 173 of the Amended Complaint. Further, the allegations in Paragraph 173 contain legal conclusions that require no answer.

174.     Defendants deny the allegations in Paragraph 174 of the Amended Complaint. Moreover, Paragraph 174 sets forth legal conclusions and questions of law to which no response is required.

175.     Defendants deny the allegations in Paragraph 175 of the Amended Complaint. Moreover, Paragraph 175 sets forth legal conclusions and questions of law to which no response is required.

176.     Defendants deny the allegations in Paragraph 176 of the Amended Complaint. Moreover, Paragraph 176 sets forth legal conclusions and questions of law to which no response is required.

177.     Defendants deny the allegations in Paragraph 177 of the Amended Complaint. Moreover, Paragraph 177 sets forth legal conclusions and questions of law to which no response is required.

178.     Defendants deny the allegations in Paragraph 178 of the Amended Complaint. Moreover, Paragraph 178 sets forth legal conclusions and questions of law to which no response is required.

## COUNT V

### Concealment

179.     Defendants repeats and incorporates by reference each and every denial, admission, and statement set forth in Paragraphs 1 through 178 above as though fully set forth herein.

180.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 180 of the Amended Complaint, and on that basis deny the same.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

25

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

181.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 181 regarding the extent of Mr. Ross's awareness in connection with the referenced subjects.  Defendants deny the remaining allegations in Paragraph 181.  Defendants deny the remaining allegations in Paragraph 181.

182.     Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 182 of the Amended Complaint, and on that basis deny the same. Defendants deny the remaining allegations in Paragraph 182.

183.     Defendants deny the allegations in Paragraph 183 of the Amended Complaint. Moreover, Paragraph 183 sets forth legal conclusions and questions of law to which no response is required.

184.     Defendants deny the allegations in Paragraph 184 of the Amended Complaint.

185.     Defendants deny the allegations in Paragraph 185 of the Amended Complaint. Moreover, Paragraph 185 sets forth legal conclusions and questions of law to which no response is required.  Defendants further lack information and belief as to what Mr. Ross relied upon or was encouraged by and, on that basis, deny any such allegations.

186.     Defendants deny the allegations in Paragraph 186 of the Amended Complaint. Paragraph 186 purports to characterize Cal. Civ. Code section 1710, but the statute speaks for itself and to the extent it is not accurately characterized or portrayed, Defendants deny the allegations.  Moreover, Paragraph 186 sets forth legal conclusions and questions of law to which no response is required.

187.     Defendants deny the allegations in Paragraph 187 of the Amended Complaint. Moreover, Paragraph 187 sets forth legal conclusions and questions of law to which no response is required.

188.     Defendants admit that Plaintiff seeks the relief described in Paragraph 188 of the Amended Complaint. Defendants lack knowledge or information sufficient to form a belief as to the allegations as to Bill O'Hern and David S. Huntley and, on that basis, they deny them. Defendants deny that Plaintiff is entitled to punitive damages or any other relief and deny any remaining allegations in Paragraph 188 of the Amended Complaint.  Moreover, Paragraph 188

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

26

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

sets forth legal conclusions and questions of law to which no response is required, but to the extent an answer is required, Defendants deny the allegations of Paragraph 188 of the Amended Complaint.  Defendants further deny any remaining allegations of Paragraph 188.

## COUNT VI

### Negligent Supervision and Entrustment

189.    Defendants repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 188 above as though fully set forth herein.

190.    Defendants admit that AT&T conducts certain business activities, among other means, through its employees. Defendants deny the remaining allegations.  Moreover, Paragraph 190 sets forth legal conclusions and questions of law to which no response is required.

191.    Defendants deny the allegations of Paragraph 191 of the Amended Complaint. Moreover, Paragraph 191 sets forth legal conclusions and questions of law to which no response is required.

192.    Paragraph 192 sets forth legal conclusions and questions of law to which no response is required, but to the extent an answer is required, Defendants deny the allegations in Paragraph 192 of the Amended Complaint as they pertain to Defendants.  As the allegations in Paragraph 192 of the Amended Complaint pertain to AT&T, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, on that basis, they deny them. Defendants deny any remaining allegations in Paragraph 192 of the Amended Complaint.

193.    Defendants deny the allegations in Paragraph 193 of the Amended Complaint.

194.    Defendants deny the allegations in Paragraph 194 of the Amended Complaint. Moreover, Paragraph 194 sets forth legal conclusions and questions of law to which no response is required.

195.    Defendants deny the allegations in Paragraph 195 of the Amended Complaint. Moreover, Paragraph 195 sets forth legal conclusions and questions of law to which no response is required.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

27

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

196.    Defendants deny the allegations in Paragraph 196 of the Amended Complaint. Moreover, Paragraph 196 sets forth legal conclusions and questions of law to which no response is required.

197.    Defendants deny the allegations in Paragraph 197 of the Amended Complaint. Moreover, Paragraph 197 sets forth legal conclusions and questions of law to which no response is required.

198.    Defendants deny the allegations in Paragraph 198 of the Amended Complaint. Moreover, Paragraph 198 sets forth legal conclusions and questions of law to which no response is required.

199.    Defendants deny the allegations in Paragraph 199 of the Amended Complaint.

200.    Defendants deny the allegations in Paragraph 200 of the Amended Complaint. Moreover, Paragraph 200 sets forth legal conclusions and questions of law to which no response is required.

201.    Defendants deny the allegations in Paragraph 201 of the Amended Complaint. Moreover, Paragraph 201 sets forth legal conclusions and questions of law to which no response is required.

## <u>COUNT VII</u>

### Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030

202.    Defendants repeats and incorporates by reference each and every denial, admission, and statement set forth in Paragraphs 1 through 201 above as though fully set forth herein.

203.    Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 203 of the Amended Complaint, and on that basis deny the same.

204.    Defendants deny the allegations in Paragraph 204 of the Amended Complaint. Moreover, Paragraph 204 sets forth legal conclusions and questions of law to which no response is required.

205.    Defendants deny the allegations in Paragraph 205 of the Amended Complaint.

206.    Defendants deny the allegations in Paragraph 206 of the Amended Complaint.

BUCHALTER
A Professional Corporation
Sacramento

BN 43622723v7

28

DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT

Case No. 4:19-cv-6669

207.    Defendants deny the allegations in Paragraph 207 of the Amended Complaint.

208.    Defendants deny the allegations in Paragraph 208 of the Amended Complaint. Moreover, Paragraph 208 sets forth legal conclusions and questions of law to which no response is required.

209.    Defendants lack knowledge or information sufficient to determine the truth of the allegations in Paragraph 209 of the Amended Complaint, and on that basis deny the same.

## Response to Allegations Titled "Prayer for Relief"

210.    Defendants deny that Plaintiff is entitled to any relief, legal or equitable, from Defendants or this Court, as requested in the Amended Complaint or otherwise.

Answering the Demand for Jury Trial, Defendants admit that Plaintiff demands a jury trial in this action of all issues that are so triable.

## SEPARATE AND ADDITIONAL DEFENSES

By alleging the Separate and Additional Defenses set forth below, Defendants do not assume any burden of proof that would otherwise rest with Plaintiff or any other party.  All defenses pleaded below are based on Defendants' limited understanding of the claims being asserted by Plaintiff's, AT&T's, and Defendants' limited investigation to date.  Defendants reserve the right to assert additional affirmative defenses after they are ascertained.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

Plaintiff's claims asserted against Defendants are barred to the extent the Amended Complaint fails to allege facts sufficient to state a claim against Defendants.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

Defendants allege that the claims alleged in the Amended Complaint are barred, in whole or in part, because Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (No Breach)

The Amended Complaint, and each purported cause of action asserted against Defendants,

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                                                29
DEFENDANTS' ANSWER TO                                                    Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

1    is barred in whole or in part because AT&T and Defendants did not breach any agreement.

2    **FOURTH SEPARATE AND ADDITIONAL DEFENSE**

3    **(Contract Limitations)**

4    Plaintiff's claims are barred in whole or in part to the extent that damages or Plaintiff's

5    requested remedies are precluded or, alternatively, limited by the terms of the contract between

6    AT&T and Plaintiff.

7    **FIFTH SEPARATE AND ADDITIONAL DEFENSE**

8    **(No Proximate Causation)**

9    The harm alleged by Plaintiff, if any, was not proximately caused by any unlawful policy,

10    custom, practice, act, omission, and/or procedure promulgated and/or tolerated by Defendants.

11    **SIXTH SEPARATE AND ADDITIONAL DEFENSE**

12    **(No Cause in Fact)**

13    Plaintiff's claims are barred because the harms alleged by Plaintiff, if any, were not

14    caused in fact by Defendants.

15    **SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

16    **(Intervening Act)**

17    Plaintiff's claims against Defendants are barred because Plaintiff has not plausibly

18    alleged, and cannot prove, that Defendants proximately caused any of Plaintiff's alleged injuries.

19    The harm Plaintiff allegedly suffered, if any, was caused by superseding and intervening causes

20    including factors, persons, or entities other than Defendants.

21    **EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

22    **(Laches)**

23    Plaintiff is barred by the doctrine of laches from pursuing the relief sought by the

24    Amended Complaint.

25    **NINTH SEPARATE AND ADDITIONAL DEFENSE**

26    **(Unclean Hands)**

27    Plaintiff is barred by the doctrine of unclean hands from pursuing the relief sought by the

28    Amended Complaint.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                          30

**DEFENDANTS' ANSWER TO**                                    Case No. 4:19-cv-6669
**FIRST AMENDED COMPLAINT**

1

## TENTH SEPARATE AND ADDITIONAL DEFENSE

2

### (Estoppel)

3       Plaintiff's claims are barred to the extent Plaintiff is estopped by his own conduct from

4   recovering any relief.

5

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

6

### (Waiver)

7       Plaintiff's claims asserted against Defendants are barred to the extent Plaintiff waived or

8   released any right to recover any relief.

9

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

10

### (Lack of Damages)

11       Plaintiff's claims against Defendants are barred in whole or in part to the extent Plaintiff

12   suffered no damages and/or his damages were caused by his own conduct.

13

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

14

### (Failure to Mitigate Damages)

15       Plaintiff's claims against Defendants are barred in whole or in part to the extent Plaintiff

16   failed to mitigate his own damages or reasonably try to mitigate his own damages, if any.

17

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

18

### (Standing)

19       Plaintiff's claims against Defendants are barred to the extent that Plaintiff lacks standing

20   to bring some or all of the alleged claims against Defendants set forth in the Amended Complaint.

21

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

22

### (Assumption of Risk)

23       Plaintiff's claims are barred to the extent Plaintiff had actual knowledge of the risk

24   involved with his security and investment practices and voluntarily assumed that risk.

25

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

26

### (Comparative Fault)

27       Plaintiff's claims against Defendants are barred in whole or in part by Plaintiff's own

28   negligence, carelessness, recklessness, or willful misconduct, or the intervening negligence,

BUCHALTER
A PROFESSIONAL CORPORATION
Sacramento

BN 43622723v7                                                 31

**DEFENDANTS' ANSWER TO**                                    Case No. 4:19-cv-6669
**FIRST AMENDED COMPLAINT**

1  recklessness, or willful misconduct of third parties, for which Defendants are not liable.  By

2  reason thereof, Plaintiff's damages, if any, as against Defendants, must be reduced by the

3  proportion of fault attributable to such other parties.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Economic Loss Doctrine)

6        Plaintiff's claims asserted against Defendants are barred in whole or in part to the extent

7  that it is precluded or limited by the economic loss doctrine.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Offset)

10        The damages sought by the Amended Complaint are barred, in whole or in part, to the

11  extent that Plaintiff has received any credits, payments, or benefits arising out of or related to the

12  claims asserted in the Amended Complaint.  Alternatively, Plaintiff's recovery, if any, should be

13  offset by any credits, payments, or benefits, of any type or character, received by Plaintiff.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Internal and/or Administrative Remedies)

16        Plaintiff's claims asserted against Defendants are barred to the extent Plaintiff failed to

17  properly exhaust all of his internal, contractual, administrative, and/or statutorily required

18  remedies, and such failure bars this suit in whole or in part and/or limits Plaintiff's claims.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Conduct Not Willful)

21        Plaintiff's claims against Defendants are barred because, at all material times, Defendants

22  and their agents acted without malice and acted reasonably and with a good faith belief in the

23  lawfulness of their conduct based on all relevant facts and circumstances known by them at the

24  time they so acted.  Moreover, Plaintiff cannot establish "willful or knowing" conduct, as

25  required under some or all of Plaintiff's causes of action.

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Adequate Remedy at Law)

28        The Amended Complaint, and each purported cause of action asserted against Defendants,

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7

32

**DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT**

Case No. 4:19-cv-6669

is barred because Plaintiff has adequate remedies at law and is not entitled to any relief with respect to any and all alleged violations of California Business & Professions Code section 17200 *et seq.* that have discontinued, ceased, and are not likely to recur.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

Plaintiff's claims asserted against Defendants are barred to the extent they constitute unjust enrichment or duplicative relief of amounts seeking more than a single recovery.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Legitimate Business Purposes)

Plaintiffs' California Business & Professions Code section 17200 *et seq*. claim is barred because Defendants cannot be liable for any alleged violation of the Unfair Competition Law because its actions were not unfair, fraudulent, or likely to mislead, and its conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Damages Speculative)

Plaintiff is barred from relief because his claims are barred in whole or in part because, even if Plaintiff's allegations were true, which Defendants deny, the damages alleged by Plaintiff in the Amended Complaint are too speculative to give rise to any of the claims alleged, or to permit any recovery sought, by Plaintiff in the Amended Complaint.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Acting Outside the Scope of Employment)

The claims against Defendants are barred insofar as, if any manager, supervisor, agent, employee, or independent contractor of Defendants authorized, required, or requested that a SIM swap occur illegally, or took any other impermissible action (which Defendants deny), such manager, supervisor, agent, employee, or independent contractor acted outside the scope of his or her employment with Defendants and/or Defendants lacked sufficient authority to control the

BUCHALTER
A PROFESSIONAL CORPORATION
Sacramento

BN 43622723v7

33

**DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT**

Case No. 4:19-cv-6669

1  actions of such manager, supervisor, agent, employee, or independent contractor.

2  ## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

3  ### (Preemption)

4  Plaintiff is barred from litigating his claims, in whole or in part, in this court to the extent

5  that any federal legislation preempts conflicting state law.

6  ## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7  ### (No Unauthorized Access)

8  The Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, is

9  barred because Defendants did not access any computer without authorization or exceed

10 authorized access to any computer.

11 ## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

12 ### (No Attorneys' Fees)

13 Plaintiff's request for attorneys' fees is barred because the Amended Complaint fails to

14 allege facts sufficient to support an award of attorneys' fees.

15 ## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

16 ### (Further Defenses)

17 Defendants have insufficient knowledge or information upon which to form a basis as to

18 whether it may have additional, as yet unstated, separate defenses available.  Defendants have not

19 knowingly or intentionally waived any applicable affirmative defenses and reserve the right to

20 raise additional affirmative defenses as they become known to it through discovery in this matter.

21 ## PRAYER FOR RELIEF

22 WHEREFORE, Defendants pray for judgment as follows:

23 1.      That Plaintiff take nothing by the Amended Complaint;

24 2.      That the Amended Complaint be dismissed in its entirety and with prejudice;

25 3.      For judgment to be entered favor of Defendants and against Plaintiff on all claims

26 contained in the Amended Complaint;

27 4.      For costs of suit herein and attorneys' fees as permitted by law; and

28 5.      For such other and further relief as the Court may deem proper and just.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43622723v7                                              34

DEFENDANTS' ANSWER TO                                    Case No. 4:19-cv-6669
FIRST AMENDED COMPLAINT

1

## JURY DEMAND

2        Defendants demand a trial by jury.

3

4    Dated:  January 29, 2021              BUCHALTER
                                           A Professional Corporation
5

6                                          By:   /s/ Alissa R. Pleau-Fuller
7                                                KEVIN T. COLLINS
                                                 ALISSA R. PLEAU-FULLER
8                                                Attorneys for Defendants
                                                 ONE TOUCH DIRECT, LLC, and ONETOUCH
9                                                DIRECT- SAN ANTONIO LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

**DEFENDANTS' ANSWER TO**                                          Case No. 4:19-cv-6669
**FIRST AMENDED COMPLAINT**