UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT ROSS,

    Plaintiff,

v.

AT&T MOBILITY, LLC, et al.,

    Defendants.

Case No. 19-cv-06669-JST (DMR)

**ORDER ON JOINT DISCOVERY LETTER**

Re: Dkt. No. 89

    Plaintiff Robert Ross alleges that Defendants AT&T Mobility, LLC ("AT&T"), One Touch Direct LLC, and One Touch Direct-San Antonio LLC negligently assisted hackers in completing a "SIM swap" of Ross's phone service, allowing the hackers to access the personal data stored on Ross's phone and gain control over Ross's financial accounts. *See* Docket No. 71. Ross now moves to compel discovery responses and document production from AT&T. [Docket No. 89 ("JDL").]

    Many of the issues raised in the JDL are either premature or reflect inadequate meet and confer efforts. For example, Ross seeks the dates that the hacker used the same phone or SIM card to conduct unauthorized SIM swaps of other AT&T customers. Ross asserts that AT&T has "steadfastly refused" to produce the requested information while AT&T represents that Ross raised the date issue recently and AT&T had not—as of the filing of the letter—yet completed its investigation of the issue. Similarly, Ross requests custodial documents relating to unauthorized SIM swaps. JDL at 2-3. Ross argues that A&T is "plainly stonewalling" on this issue while AT&T represents that it has and continues to produce responsive documents. The parties clearly need to communicate more to either resolve these disputes or to queue them up properly for adjudication. In another example, the parties disagree about the appropriate timeframe for discovery. Ross seeks certain documents and information dating back to 2013 while AT&T argues that all relevant information dates January 1, 2018 or later. *See* JDL at 2. The joint letter does not describe either

parties' final proposed compromise for this issue, in violation of Judge Ryu's standing order, paragraph 14.

For the reasons described above, the joint discovery letter is denied without prejudice. The parties shall meet and confer and attempt to narrow or resolve these issues without court intervention. The parties shall make best efforts to make reasonable compromises and timely respond to discovery requests and produce documents. The parties must file any further joint discovery letter on the current disputes by May 17, 2021. The parties shall set forward their final proposed compromise for each issue. The letter shall not incorporate any prior filings by reference.

**IT IS SO ORDERED.**

Dated: April 26, 2021

_____
Donna M. Ryu
United States Magistrate Judge